El Paso County - 171st District Court

Filed 12/1/2015 4:43:26 PM
Norma L. Favela
District Clerk
El Paso County
2015DCV3988

IN THE _____ JUDICIAL DISTRICT COURT
COUNTY COURT AT LAW_____
OF EL PASO COUNTY, TEXAS

| | |
|---|---|
| MARIA LUZ ROSAS, §<br>§<br>§<br>**Plaintiff,** §<br>§<br>vs. §<br>§<br>NICHOLAS JAMES BLOCKER §<br>And ENERGY TRANSPORTATION, INC., §<br>d/b/a ENERGY TRANSPORTATION, LLC §<br>§<br>**Defendants.** § | Cause No. : _____ |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MARIA LUZ ROSAS (hereinafter referred to as "Plaintiff") complaining of NICHOLAS JAMES BLOCKER, (hereinafter referred to as "Defendant Blocker") and ENERGY TRANSPORTATION, INC., d/b/a ENERGY TRANSPORTATION, LLC (hereinafter referred to as "Defendant Energy") and for cause of action would respectfully show the Court as follows:

### I.
### Discovery Plan
Pursuant to Rule 190, discovery in this case will be conducted in Level 2.

### II.
### Parties and Service

Plaintiff, MARIA LUZ ROSAS, is a resident of El Paso County, Texas.


EXHIBIT
A
tabbies®

Defendant NICHOLAS JAMES BLOCKER is a resident of Sarasota, Wyoming and may be served with process by serving the Chairman of Texas Transportation Commission, 125 E. 11th St., Austin, Texas, 78701.

Defendant ENERGY TRANSPORTATION, INC., d/b/a ENERGY TRANSPORTATION, LLC is a Wyoming corporation doing business in Texas and may be served with process by serving its Registered Agent, Bradley Deluca, 1221 Lamar, Suite 1000, Houston, Texas, 77010.

### III.

### Venue & Jurisdiction

Venue is proper in El Paso County, Texas, pursuant to Tex.Civ.Prac. & Rem. Code §15.002(a)(1) because El Paso County, Texas, is the county in which all or a substantial part of the events or omissions giving rise to the underlying claim occurred. Jurisdiction is proper in this Texas state Court in that Plaintiff has asserted damages within the jurisdictional limits of the Court.

### IV.
### Background and Facts

The injuries and damages suffered by Plaintiff and made the basis of this action arose out of a collision that occurred on or about December 13, 2013, on I-10 at or near Milepost 30 in El Paso, Texas. Plaintiff was traveling eastbound on I-10 in the left lane. Plaintiff had slowed/stopped for traffic ahead when Defendant BLOCKER, driving a vehicle owned or leased to Defendant ENERGY, suddenly, unexpectedly and violently stuck the rear of Plaintiff's vehicle. Defendant BLOCKER was driving while intoxicated, negligently failed to keep a proper lookout and failed to pay attention while driving, causing him to collide with the rear of Plaintiff's vehicle and thereby causing Plaintiff to sustain serious injuries more fully set out below.

2

Attached hereto as **Exhibit "G"** is the Texas Peace Officer's Crash Report, which corroborates the facts as alleged by Plaintiff herein.

## V.
## Negligence of Defendant Blocker

Plaintiff alleges that the collision and resulting damages and injuries to her were proximately caused by one or more of the following alternative theories of negligence on the part of Defendant BLOCKER in:

1. Driving while intoxicated

2. Failing to drive as a reasonable prudent driver;
3. Failing to pay attention;
4. Failing to keep a proper lookout;
5. Failing to take proper evasive action;
6. Failure to safely apply brakes to avoid a collision;
7. Failure to honk and give adequate warning of the pending danger;
8. Failure to turn to the left or right to avoid a collision;
9. Driving carelessly;
10. Driving recklessly;
11. Failure to control the vehicle to avoid injuring other drivers; and,
12. Failure to take other evasive actions.

Each of the above-alleged acts and/or omissions was other than what a reasonable and prudent person would have done under the same or similar circumstances, and was the proximate cause of damages to Plaintiff.

## VI.

## Negligence Per Se

Said incident and Plaintiff's injuries and damages were proximately caused by Defendant BLOCKER'S violations of the laws of the State of Texas and of the United States of America constituting *negligence per se*. Defendant BLOCKER was operating the vehicle in violation of the Texas Statutes and Ordinances by driving while intoxicated.

## VII.

### Gross Negligence

Plaintiff incorporates all the above paragraphs and would show the Court that Defendant BLOCKER was reckless and acted with conscious disregard to the rights of the public including the Plaintiff by operating the vehicle while intoxicated.

## VIII.

### Negligent Hiring, Training and Supervision of Defendant Energy

Defendant ENERGY had a duty to exercise due care in hiring, supervising, training and retaining employees. More particularly, Defendant had a duty to use ordinary care in hiring employees; a legal duty to protect the public including Plaintiff by inquiring into the competence and qualifications of employees; a legal duty to use ordinary care in adequately supervising their employees; and, a legal duty to use ordinary care to adequately train their employees.

Defendant ENERGY breached their duties and such breach was a direct and proximate cause of Plaintiff's injuries and damages.

Defendant ENERGY was negligent by breaching their duty to Plaintiff in one or more of the following alternative theories of negligence:

1. Failure to adequately train and supervise their driver.

2. Failure to ensure their driver did not drive while intoxicated.

3. Failure to implement safety precautions to prevent injuries such as those suffered by Plaintiffs in similar circumstances.

4. In failing to establish and enforce safety rules and regulations.

5. Failing to teach and educate their employees on the proper procedures under similar

4

circumstances.

One or more of the foregoing acts and omissions constituted negligence. For this, one or more of the foregoing acts or omissions was a proximate cause of the damages and injuries to Plaintiff.

## IX.

### Vicarious Liability of Defendant Energy

Plaintiffs would show that Defendant ENERGY is liable for the damages and injuries which were caused by the negligence of their employees, agents and representatives. Defendant ENERGY is liable for the acts or omissions of their employees and agents, including those of Defendant BLOCKER. In addition, Defendant ENERGY owed a duty of care to Plaintiff because of their right of control which arose through the course of dealing with their employees, agents or representatives. Defendant ENERGY is liable under the doctrine of respondeat superior; master/servant; principal; agent.

## X.

### Negligent Entrustment of Defendant Energy

Defendant ENERGY entrusted the vehicle involved in this incident to Defendant BLOCKER who was not properly trained to drive their vehicle and failed to assure that he followed Federal Motor Vehicle Transportation Acts, the Rules of the Road and Texas Statutes.

Defendant ENERGY entrusted the vehicle to Defendant BLOCKER knowing that he was unqualified, untrained in operating their vehicles. Defendant ENERGY placed the public and other drivers in danger. Such negligence was a proximate cause of Plaintiff's injuries and damages.

Defendant ENERGY knew or should have known that BLOCKER was a reckless driver

5

and had unsafe driving practices, and did not conduct safe hiring practices because they did not test their employees for safe driving techniques causing their employee BLOCKER to be unsafe to other drivers and that BLOCKER should not have been driving on the street and that BLOCKER was a danger to the community and driving public.

Defendant ENERGY acted with reckless disregard in the entrustment of the vehicle to Defendant BLOCKER.

## XI.

### Damages to Plaintiff

As a direct result of the occurrence, Plaintiff suffered bodily injuries. Plaintiff was immediately taken by ambulance to Del Sol Medical Center for treatment of her injuries. Plaintiff sustained injuries to her back, left arm and right knee. She was diagnosed with thoracic/lumbar sprain/strain, lumbar spondylosis, chest contusion, left knee contusion, left knee sprain/strain, muscle spasms and post-traumatic headaches. Plaintiff continued having severe pain to her left knee and after an MRI was diagnosed with a medial meniscus tear, and internal derangement that necessitated surgery on January 14, 2015. Plaintiff had to endure the surgery and rigorous physical therapy after the surgery. As a further result of the occurrence, Plaintiff has incurred expenses for medical care, nursing services, medical attention and other expenses.   These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff and the charges made and to be made were the usual and customary charges for such services.

As a direct result of the occurrence, Plaintiff has suffered pain and suffering in the past and Plaintiff will continue to suffer pain and suffering in the future.   Plaintiff has suffered mental anguish in the past and will continue to suffer mental anguish in the future.   As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to her body.   Plaintiff

has suffered damages within the jurisdictional limits of this Court.

Plaintiff was also prevented from working and has lost wages. She was also unable to perform her daily activities as a direct result of the subject accident and will continue to be unable to perform her daily activities in the future. Plaintiff has suffered physical pain and suffering in the past and will continue to suffer physical pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. Plaintiff has suffered emotional distress in the past and will continue to suffer emotional distress in the future. As a result of the injuries described above, Plaintiff has suffered and will continue to suffer impairment to her body. Plaintiff has suffered disfigurement in the past and will continue to suffer disfigurement in the future.

In all reasonable probability, Plaintiff will suffer a loss of earning capacity in the future because of the injuries sustained in the subject collision, which was proximately caused by the Defendant's negligence.

The determination of many of these elements of damage is particularly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damage, but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate her.

In compliance with the pleading requirements of *Tex.R.Civ.P.* 47(c), Plaintiff seeks monetary relief of no more than **$75,000.00** which includes damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## XII.

## REQUEST FOR DISCLOSURE

Plaintiff hereby requests that the Defendants disclose, within fifty-one (51) days of service

of this request, the information and material set forth in Rule 194.1(a)-(1) of the Texas Rules of Civil Procedure.

## XIII.

## REQUEST FOR ADMISSIONS

Pursuant to the Texas Rules of Civil Procedure 198, you are required to make a written response to these requests, attached hereto as **EXHIBITS "A & B"**, **FIFTY ONE (51) DAYS** after service:

(1) Admit the truth of any matter within the scope of discovery. (2) Admit the truth of any statements of opinion or of fact or of application of law to fact. (3) Admit the genuineness of any documents served with this request or otherwise made available for inspection or copying. (4) Admit or deny each of the attached requests for admissions. **You are also instructed as follows:**(1) Unless you state an objection or assert a privilege, you must specifically admit or deny the request or explain in detail the reasons that you cannot admit or deny the request. (2) Your response must fairly meet the substance of the request. (3) You may qualify an answer, or deny a request in part, only when good faith requires.(4) Lack of information or knowledge is not a proper response unless you state that a reasonable inquiry was made but that the information or known or easily obtainable is insufficient to enable the responding party to admit or deny. (5) An assertion that the request presents an issue for trial is not a proper response. (6) You are reminded that if you fail to timely respond, the request is considered admitted without the necessity of a court order. (7) If you deny a request for admission and the Plaintiff proves the truth of such matter you may be ordered to pay costs. (8) Your failure to respond as required by the Texas Rules of Civil Procedure to these requests within the time required may result in the

8

imposition of sanctions.

(2)

## XIV.
## INTERROGATORIES AND PRIVILEGE LOG

Please take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, Plaintiff serves and propounds the attached interrogatories, marked hereto as **Exhibit "C & D"** on Defendants. The attached interrogatories are incorporated by reference as if set forth fully at length. Defendants are hereby instructed to answer the following interrogatories separately, fully, in writing under oath as required by Rule 197.2(d) of the Texas Rules of Civil Procedure. The answers shall be served upon the undersigned counsel within fifty-one (51) days after service of the interrogatories. Further,  demand is made for supplementation of your answers to the interrogatories as required by the Texas Rules of Civil Procedure. **PRIVILEGE LOG** – Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendants identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be disclosed within FIFTY ONE (51) days after the date hereof.

## XV.
## PRODUCTION AND PRIVILEGE LOG

Please take notice that pursuant to Rule 196 of the Texas Rules of Civil Procedure, Defendants are requested to produce and or permit the undersigned attorney to inspect, copy and reproduce the items hereinafter designated in **Exhibit "E & F"** attached hereto and incorporated by reference as if set forth fully at length. You must serve a written response to the undersigned attorney within fifty-one (51) days after service of this Request for Production with regards to the items requested therein. Further, demand is made for supplementation of your Responses to the Request for Production as required by the Texas Rules of Civil Procedure. **PRIVILEGE LOG** -

9

Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendants identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be done within FIFTY ONE (51) days after date hereof.

## XVI.
## JURY DEMAND

Plaintiff respectfully requests a trial by jury of the issues presented in this case.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for monetary relief of no more than **$75,000.00,** including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Plaintiff further prays for such other relief, general and special, at law or in equity, to which Plaintiff is entitled,

Respectfully submitted,

**LAW FIRM OF DANIELA LABINOTI, P.C.**
Attorney for Plaintiff
501 N. Kansas, Suite 102
El Paso, Texas 79901
(915) 581-4600 voice
(915) 581-4605 facsimile
Daniela@labinotilaw.com


*/s/Daniela Labinoti*
**DANIELA LABINOTI**
State Bar No.: 24050900

10

## INSTRUCTIONS

Pursuant to the provisions of Tex. R. Civ. P. Rule 190.3, Plaintiff serves upon Defendants this Level 2 set of disclosure requests, written interrogatories, and requests for production, and requests that said Defendants answer the disclosure requests, interrogatories, and produce for inspection and copying (unless otherwise indicated) the documents and things set out below. Pursuant to Rule 190 and 193. you are requested to (1) number each item which will be produced pursuant to these Requests for Disclosure, Written Interrogatories, and Request for Production with a separate and distinct number or similar identifying designation and (2) to file your written response to these requests for disclosure, written interrogatories, and request for production stating, with regard to each numbered request, the identification or exhibit numbers of the specific items being answered or produced in response to each such Request for Disclosure, Written Interrogatory, or Request for Production. Documents or things which are required to be produced in response to more than one request may be listed by number in response to each request, but the document or thing itself need only be produced one time. All documents of things to be produced are to be forwarded to the undersigned attorneys attached to or together with your written response.

Plaintiff specifies after fifty-one (51) days from the date of service of these disclosure requests, written interrogatories, and requests for production in the offices of Plaintiff's attorney, Daniela Labinoti, Law Office of Daniela Labnoti, P.C., 501 N. Kansas, Suite 102, El Paso, Texas 79901, as time and place of making such inspection and copying, unless requested items are furnished to Plaintiff's attorney by mail prior to such date.

## EXHIBIT "A"

## REQUEST FOR ADMISSIONS TO DEFENDANT BLOCKER

1.  That on or about the **December 13, 2013,** the vehicle you were driving collided with Plaintiff's vehicle.

2.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, you failed to control your speed before your vehicle collided with Plaintiff's vehicle.

3.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, you failed to control your vehicle to avoid the collision with Plaintiff's vehicle.

4.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, there were no obstructions to your vision.

5.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, you were traveling at a speed that would not allow you to bring your vehicle to a complete stop without colliding with Plaintiff's vehicle.

6.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, you did not see the Plaintiff's vehicle with enough time to take sufficient action to avoid the collision.

7.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, there was not enough distance between your vehicle and the Plaintiff's vehicle to insure that your vehicle would not collide with Plaintiff's vehicle.

8.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, you did not apply the brakes on your vehicle before your vehicle collided with Plaintiff's vehicle.

9.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, you did not apply the brakes on your vehicle with enough time to insure that your vehicle would not collide with Plaintiff's vehicle.

10. That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, you did not maintain a safe distance as you approached the Plaintiff's vehicle.

11. That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, that this collision was avoidable.

12. That on the date stated in Request No. 1 and at the time of the collision made the basis of

this suit, that this collision was not the result of any sudden and unforeseen emergency.

13. That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit that Plaintiff's conduct did not contribute to this accident.

14. Plaintiff has properly named this Defendant in Plaintiff's original complaint.

15. Defendant was driving the vehicle as described in the police report, Exhibit "G", and was involved in a collision on that date while driving.

16. That, at the time of the collision, Defendant owned the vehicle involved in the collision.

17. That, on the date of the collision, Defendant did not have a valid driver's license.

18. That, on the date of the collision, Defendant's driver's license was revoked or suspended.

19. That, on the date of the collision, Defendant was violating a restriction placed on his driver's license.

20. That the condition of the road surface did not contribute to the cause of the collision.

21. That the lighting conditions did not contribute to the cause of the collision.

22. That the weather conditions did not contribute to the cause of the collision.

23. That a sudden emergency did not contribute to the cause of the collision.

24. That Defendant does not contend the collision was unavoidable.

25. That no defect or malfunction in the vehicle Defendant was driving contributed to the cause of the collision.

26. That Defendant does not have normal vision without the use of corrective lenses.

27. That Defendant was not wearing corrective lenses at the time of the collision.

28. That Defendant was under the care of a medical practitioner or other practitioner of the healing arts during the month before the collision.

29. That Defendant was not injured as a result of the collision.

30. That on the date of the collision, Defendant's vehicle struck Plaintiff's vehicle.

31. That on the date of the collision, Defendant did not maintain a proper lookout while driving his vehicle.

32. That Defendant's failure to maintain a proper lookout immediately before the collision was the proximate cause of Defendant's vehicle striking the Plaintiff's vehicle.

33. That Defendant was under the influence of drugs or alcohol when the collision occurred.

34. That Defendant had ingested drugs or alcohol within the 24 hours before the collision.

35. That Defendant had consumed alcohol within four hours before the collision.

36. That Defendant's negligence was the sole proximate cause of the collision in question.

37. That Defendant's negligence was a proximate cause of the collision in question.

38. That on the date in Request No. 1, Defendant was arrested.

39. That on the date in Request No. 1 Defendant was arrested for driving while intoxicated.

40. That on the date in Request No. 1 Defendant was cited for driving while intoxicated.

41. That Plaintiff did not contribute any negligence to the cause of the collision in question.

42. That Plaintiff received injuries to several parts of her bodies as a result of the collision.

## EXHIBIT B

## REQUEST FOR ADMISSIONS TO DEFENDANT ENERGY

1.  That on or about the **December 13, 2013**, the vehicle driven by Defendant BLOCKER collided with Plaintiff's vehicle.

2.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, ENERGY'S driver failed to control his speed before his vehicle collided Plaintiff's vehicle.

3.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, Defendant ENERGY'S driver failed to control his speed and collided with Plaintiff's vehicle.

4.  That on the date stated in Request No. 1, at the time of the collision, ENERGY'S driver did nothing to avoid the collision with Plaintiff's vehicle.

5.  That, at the time of the collision, Defendant ENERGY owned the vehicle involved in the collision.

6.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, ENERGY'S driver did not see the Plaintiff's vehicle with enough time to take sufficient action to avoid the collision.

7.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, ENERGY'S driver did not see the Plaintiff's vehicle with enough time to take sufficient action to avoid the collision.

8.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, there was not enough distance between ENERGY'S vehicle and the Plaintiff's vehicle to insure that ENERGY'S vehicle would not collide with Plaintiff's vehicle.

9.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, ENERGY'S driver did not apply the brakes on his vehicle before he vehicle collided with the Plaintiff's vehicle.

10. That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, ENERGY'S driver did not pay attention and avoid the impact with Plaintiff's vehicle.

11. Plaintiff has properly named Defendants ENERGY in Plaintiff's original complaint.

13. Defendant BLOCKER was driving the vehicle as described in the police report, Exhibit "G". and was involved in a collision on that date while driving.

14. That, at the time of the collision, Defendant ENERGY leased the vehicle from Defendant

15

BLOCKER.

15. That the condition of the road surface did not contribute to the cause of the collision.

16. That the lighting conditions did not contribute to the cause of the collision.

17. That the weather conditions did not contribute to the cause of the collision.

18. That a sudden emergency did not contribute to the cause of the collision.

19. That Defendant does not contend the collision was unavoidable.

20. That Defendant ENERGY'S driver does not have normal vision without the use of corrective lenses.

21. That Defendant BLOCKER was not wearing corrective lenses at the time of the collision.

22. That Defendant BLOCKER was under the care of a medical practitioner or other practitioner of the healing arts during the month before the collision.

23. That on the date of the collision, Defendants ENERGY'S vehicle struck Plaintiff's vehicle.

24. That on the date of the collision, Defendant ENERGY'S driver did not maintain a proper lookout while driving his vehicle.

25. That Defendant ENERGY'S driver's failure to maintain a proper lookout immediately before the collision was the proximate cause of Defendant's vehicle striking Plaintiff's vehicle.

26. That Defendant ENERGY'S driver was under the influence of drugs or alcohol when the collision occurred.

27. That Defendant ENERGY'S driver had ingested drugs or alcohol within the 24 hours before the collision.

28. That Defendant ENERGY'S driver had consumed alcohol within four hours before the collision.

29. That Defendants ENERGY'S driver's negligence was the sole proximate cause of the collision in question.

30. That the negligence of Defendants ENERGY'S driver was a proximate cause of the collision in question.

31. That on the date of the collision, Defendant ENERGY'S driver did not maintain a proper lookout while driving his vehicle.

32. That Defendant's ENERGY'S driver's failure to maintain a proper lookout immediately before

the collision was the proximate cause of Defendant's vehicle striking Plaintiff's vehicle.

33.   That Plaintiff did not contribute any negligence to the cause of the collision in question.

34.   That Plaintiff received injuries to several parts of her body as a result of the collision.

**EXHIBIT "C"**

**INTERROGATORIES PROPOUNDED ON DEFENDANT BLOCKER**

1.     State your name, address, telephone number, cell phone number, cellular provider on the date and at the time of the incident which serves as the basis of the underlying lawsuit, your social security number and date and place of birth.

2.     Describe in detail you employment status at the present time and at the time of the subject incident, job title and job description, date of commencement and/or termination of employment and salary at such time.

3.     On the date of the incident, describe in detail the vehicle you were driving.  If you will, please include information on ownership and the operating condition of the vehicle.

4.     State the name, address and phone number of any person who examined the vehicle for damages arising from this incident.

5.     Was the vehicle that you were operating at the time of the subject accident damaged? If so, describe the damage, state whether it has been repaired, who repaired it and the cost of repairs.

6.     Please state the registered owner of the subject vehicle.

7.     Did you give a statement to anyone regarding the incident and if so, indicate the name, address and telephone number of the person to whom you gave the statement, contents of the statement, and if you gave more than one statement, give the same information regarding each statement.

8.     Describe in detail the incident and each act or omission of each person in the incident. Please direct your attention to the following details in answering this Interrogatory:

      a.   Please state everything that you did, in the order in which it was done, in an attempt to avoid the subject vehicular collision. If you applied the brakes or horn at any time prior to the incident, please state as to your motor vehicle, the speed and the approximate distance in feet from the point of the incident when you so applied the brakes or horn, stating what was used. If there were any tire marks or any other marks on the road as a result of the incident, kindly describe the marks on the road as a result of the incident, kindly describe the marks in detail giving the length and location on the road surface and identify which motor vehicle cause each mark.

      b.   Please state everything you did, or failed to do, which contributed to the incident.

18

     c.    If there were any obstructions to your view at or near the scene of the incident, please describe each such obstruction in detail, giving its location with relation to the incident.

     d.    If at the time and place of the incident the visibility of the intersecting road was limited or decreased from normal in any way due to glare, design, obstacles, weather or other condition, please describe in complete detail each and every such condition and every action taken to overcome or diminish the adverse effect of each such condition.

     e.    If there were any traffic controls, speed limit signs, signals, lights or other devices located at or near the place of the incident which were in any way involved in the happening of the incident, please describe such control or device indicating the direction of traffic controlled by such device and the manner in which it was involved in the incident.

9.     State in detail any damages you claim to have sustained from the incident.

10.    Describe in detail any citation, arrest, claim or other charge that may have been issued to you as a result of the incident, including grounds for same and the result of any hearing or judgment on the same, the date of such hearing or judgment and any fine, sentence or other penalty imposed.

11.    State in detail any drug or alcohol taken or consumed by you within 72 hours of the incident and any regular drug you had taken at any time within the past year. If alcohol or drug was taken, include the time and date such alcohol was consumed, the name, address and phone number of the provider of the alcohol or drug, the exact name and brand of alcohol, the alcoholic content, type of alcohol or drug, quantity consumed and name, address and phone number of all persons who have knowledge of relevant facts concerning consumption of alcohol.

12.    Describe in detail any insurance covering or potentially covering any claim arising from the occurrence, including types of coverage, limits of coverage, name and address of insurance company, policy number and whether such policy was in effect and paid at the time of the incident. If you will do so without a request to produce, please include a copy of the insurance policy and proof of payment.

13.    Describe in detail any other arrests, convictions, accidents, incidents, license suspension or revocation or traffic citations you have been involved in. Include the dates, location, name, parties, witnesses, nature and extent of damages, hearings, lawsuits, orders, fines, penalties, judgments or convictions arising therefrom, including the details of driver's license, suspension or revocation actions, if any.

14.    Please state your driver's license number, state of issuance, expiration date, any other states you are or have been licensed to operate a motor vehicle, and driver's license number for those states.

15.    Please state the date you were first licensed to drive if your driver license was suspended or not renewed.

16.    Please state any restrictions that are placed on your ability to drive (e.g. corrective lenses).

17.    If you have been convicted of any felony or misdemeanor within the last ten (10) years, please provide the following information:

      a.    The offense(s) for which you were convicted.
      b.    The state(s) and date(s) of any such conviction(s)
      c.    A description of any sentence(s) or punishment served (this includes restitution, probation, etc.).

**PURSUANT TO TEXAS RULES OF EVIDENCE 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.**

16.    Please describe what Plaintiff did that, in your opinion, makes her negligent in the incident which serves as the basis of the underlying lawsuit.

17.    Please state who paid for the damages to the vehicle you were driving at the time of the subject vehicular collision.

18.    Please state if you received injuries as a result of the accident in question.

19.    Please list any other prior or subsequent accidents you has been involved.

20.    State the names, addresses and phone number of all persons who you will call to testify and a summary of their testimony.

21.    State the name, address and phone numbers of all persons who witnessed the accident in question.

23.    Identify the names, addresses and phone numbers of all individuals who were passengers in your vehicle at the time of the subject accident.

24.    Describe in detail the act or omission of each person whose negligence contributed to the occurrence in question.

### EXHIBIT "D"
## INTERROGATORIES PROPOUNDED ON DEFENDANT ENERGY

1.  State your driver's name, address, telephone number, cell phone number, cellular provider on the date and at the time of the incident which serves as the basis of the underlying lawsuit, your social security number and date and place of birth.

2.  Describe in detail your driver's employment status at the present time and at the time of the subject incident, job title and job description, date of commencement and/or termination of employment and salary at such time.

3.  On the date of the incident, describe in detail the vehicle your driver was driving. If you will, please include information on ownership and the operating condition of the vehicle.

4.  State the name, address and phone number of any person who examined the vehicle for damages arising from this incident.

5.  Was the vehicle that your driver was operating at the time of the subject accident damaged? If so, describe the damage, state whether it has been repaired, who repaired it and the cost of repairs.

6.  State the registered owner of the subject vehicle.

7.  Describe in detail the incident and each act or omission of each person in the incident.

    Please direct your attention to the following details in answering this Interrogatory:

    a.  Please state everything that Defendant BLOCKER did, in the order in which it was done, in an attempt to avoid the subject vehicular collision. If you applied the brakes or horn at any time prior to the incident, please state as to Defendant BLOCKER'S motor vehicle, the speed and the approximate distance in feet from the point of the incident when he applied the brakes or horn, stating what was used. If there were any tire marks or any other marks on the road as a result of the incident, kindly describe the marks on the road as a result of the incident, and describe the marks in detail giving the length and location on the road surface and identify which motor vehicle cause each mark.

    b.  Please state everything Defendant BLOCKER did, or failed to do, which contributed to the incident.

    c.  If there were any obstructions to Defendant BLOCKER'S view at or near the scene of the incident, please describe each such obstruction in detail, giving its location with relation to the incident.

    d.   If at the time and place of the incident the visibility of the intersecting road was limited or decreased from normal in any way due to glare, design, obstacles, weather or other condition, please describe in complete detail each and every such condition and every action taken to overcome or diminish the adverse effect of each such condition.

    e. If there were any traffic controls, speed limit signs, signals, lights or other devices located at or near the place of the incident which were in any way involved in the happening of the incident, please describe such control or device indicating the direction of traffic controlled by such device and the manner in which it was involved in the incident.

8.    State in detail any damages you claim to have sustained from the incident.

9.    Describe in detail any citation, arrest, claim or other charge that may have been issued to your driver as a result of the incident, including grounds for same and the result of any hearing or judgment on the same, the date of such hearing or judgment and any fine, sentence or other penalty imposed.

10.    State in detail any drug or alcohol taken or consumed by your driver within 72 hours of the incident and any regular drug your driver had taken at any time within the past year. If alcohol or drug was taken, include the time and date such alcohol was consumed, the name, address and phone number of the provider of the alcohol or drug, the exact name and brand of alcohol, the alcoholic content, type of alcohol or drug, quantity consumed and name, address and phone number of all persons who have knowledge of relevant facts concerning consumption of alcohol.

11.    Describe in detail any insurance covering or potentially covering any claim arising from the occurrence, including types of coverage, limits of coverage, name and address of insurance company, policy number and whether such policy was in effect and paid at the time of the incident. If you will do so without a request to produce, please include a copy of the insurance policy and proof of payment.

12.    Describe in detail any other arrests, convictions, accidents, incidents, license suspension or revocation or traffic citations your driver has been involved in. Include the dates, location, name, parties, witnesses, nature and extent of damages, hearings, lawsuits, orders, fines, penalties, judgments or convictions arising therefrom, including the details of driver's license, suspension or revocation actions, if any.

13.    Please state your driver's license number, state of issuance, expiration date, any other states he is or has been licensed to operate a motor vehicle, and driver's license number for those states.

14.    Please state the date your driver was first licensed to drive and if his license has ever been suspended or not renewed.

15. If your driver has been convicted of any felony or misdemeanor within the last ten (10) years, please provide the following information:

    a.    The offense(s) for which he was convicted.
    b.    The state(s) and date(s) of any such conviction(s)
    c.    A description of any sentence(s) or punishment served (this includes restitution, probation, etc.).

**PURSUANT TO TEXAS RULES OF EVIDENCE 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.**

16. Please describe what Plaintiff did that, in your opinion, makes her negligent in the incident which serves as the basis of the underlying lawsuit.

16. Please state the relationship between you and Defendant BLOCKER, indicating in your answer if he was an employee, independent contractor, etc., and state the length of time the relationship has existed.

18. Please list any other prior or subsequent accidents your driver has been involved.

19. State the names, addresses and phone number of all persons who you will call to testify and a summary of their testimony.

20. State the name, address and phone numbers of all persons who witnessed the accident in question.

22. Describe in detail the act or omission of each person whose negligence contributed to the occurrence in question.

23. Identify the names, addresses and phone numbers of all individuals who were passengers in your vehicle at the time of the subject accident.

## EXHIBIT "E"

## REQUEST FOR PRODUCTION TO DEFENDANT BLOCKER

1.    Inspection and photographing of Defendant's vehicle.

2.    The Declaration Sheet and policy of insurance insuring Defendant in this claim.

3.    Any photographs, drawing, sketches, video recordings, motion pictures, tapes, recordings, graphic depiction or other tangible evidence concerning the scene of the accident, the vehicle involved in the collision or the parties or witnesses to this case.

4.    All statements made by Plaintiff.

5.    All damages, estimates, maintenance records, and pictures of Defendant's vehicle involved in the collision made the subject of this suit.

6.    All investigation reports, accident reports, statements by witnesses (oral or recorded) concerning the accident made the subject of this suit which were generated prior to your receipt of notice from Plaintiff's attorney that Plaintiff was making a claim.

7.    Copy of your driving and accident record.

8.    Any documents showing the names, addresses and phone number of all persons with knowledge of relevant facts regarding any matter in any way related to the issues involved in this lawsuit.

9.    Any and all reports, mental impressions, opinions, notes, resumes, physical models, compilations of data, statement or other written materials of any kind from any expert witness who will testify in this case or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert. If the discoverable factual observations, test, supporting data, calculations, photographs or opinions of any such expert witness who will be called as a witness have not been recorded or reduced to tangible form, those matters are hereby requested to be reduced to tangible form and produced.

10.   Photographs and videotapes identified in your response to the Interrogatories.

11.   Narrative summaries prepared by any person identified in your response to the Interrogatories.

12.   Photographs and videotapes of any surveillance of Plaintiff.

13.   All medical records of Plaintiff received by Defendant.

14.   All incident reports for any injury suffered by Plaintiff.

24

15.  All documents where Plaintiff's signature is contained on the document.

16.  All documents obtained pursuant to any authorization signed by Plaintiff.

17.  All documents concerning any alleged criminal violation committed by Plaintiff.

18.  All photographs or videotapes taken by Defendant in response to Plaintiff's alleged injuries including, but not limited to, all videos or photographs taken by any private investigator for which Defendant has access to the photographs or videotapes.

19.  All medical records of Plaintiff received from any source.

20.  All documents concerning any of Plaintiff's previous or subsequent employers obtained by Defendant.

21.  A copy of the accident report or any incident report prepared relating to this accident.

22.  Pursuant to Texas Rules of Evidence 609, please produce all documents you have which suggests Plaintiff, Defendant, or any witness identified in this lawsuit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude.  Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

    **PURSUANT TO TEX. R. EVID. 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.**

23.  Please produce a copy of your current driver's license, if any, both front and back.

24.  Please produce a copy of your Social Security Card, if any, both front and back.

25.  If you do not have a driver's license, please produce a copy of any current identification card or document, both front and back.

26.  Please produce a true and correct copy of the registration, certificate of insurance and title certificate of the vehicle that you were driving at the time of the accident.

27.  All documents pertaining to any other motor vehicle accidents in which you have been involved in during your lifetime.

28.  Produce a copy of your cell phone statement showing incoming and outgoing calls for the month when the incident made the basis of this suit happened.

**EXHIBIT "F"**

**REQUEST FOR PRODUCTION TO DEFENDANT ENRERGY**

1. Complete personnel file of Defendant Nicholas James Blocker, including but not limited to the application for employment, disciplinary file, write ups, evaluation, incident reports, moving violations, MVR records, including employee evaluations and any worker's compensation, or worker's injury file, medical file, disciplinary and all other file subparts. For purposes of this request, "personnel file" is defined as any documents or information in your possession which relate to Plaintiff's employment with you, regardless of whether such information is maintained in different locations, files or folders.

2. Complete file of any relationship between Defendant and Defendant Nicholas James Blocker, i.e. employer/employee, leasor/leasee, or any other contractual relationship.

3. Any accident report form or incident report completed by Defendant Nicholas James Blocker in connection with the incident made the basis of this lawsuit.

4. Please provide any photos that depict the damages to the vehicle driven by Defendant Nicholas James Blocker on the day of the incident made subject of this suit.

5. Please provide any documents and/or tangible things that show the repairs and/or estimate of repairs, for the vehicle driven by Defendant Nicholas James Blocker on the day of the incident made subject of this suit.

6. Please produce all reprimands, write-ups involving Defendant Nicholas James Blocker in connection with the incident made the basis of this lawsuit.

7. Please produce any and all emails, letters, correspondence, investigation reports, statements, memos, notes, other than work product and/or attorney client communication involving the incident in question.

8. Please produce the entire medical records for the eye procedures, examination, prescription, treatment and entire medical file for the eye care/eye exams/procedures of eyes /glasses/contacts/disease/prescription for Defendant Nicholas James Blocker.

9. Please produce any communications, memos, change of status involving Defendant Nicholas James Blocker, including but not limited to his:
    a) disqualification as a driver;
    b) notice of resignation.

10. Please produce any documents and/or tangible things that show depict Defendant Nicholas James Blocker's disqualification as a driver after the incident in question.

11. Please produce any documents and/or tangible things that show depict all the assessments/evaluations of Defendant Nicholas James Blocker before the incident in question.

26

12. Please produce any documents and/or tangible things that show depict all the assessments/evaluations of Defendant Nicholas James Blocker after the incident in question.

13. Describe this Defendant. Please include information address of Defendant and net worth of Defendant.

14. Describe with particularity the relationships and agreements between the named Defendant and any other person, firm or entity with regard to the ownership, maintenance, inspection and repair of the vehicle made the subject of this suit.

15. Provide any and all documentation including videos, manuals, notebooks, pamphlets and posters, provided to or shown to Defendant Nicholas James Blocker at the time of hiring or during the course of his employment or other relationship with you relating to driver training, safety or driving while intoxicated.

16. Provide copies of any and all Employee Training Manuals or Employee Policy Manuals and all documents including internal company memoranda and e-mails evidencing the policies that apply to all individuals operating vehicles owned by your company, including but not limited to information on driving while intoxicated and overall drive safety.

17. Provide copies of any and all policies and procedures relating to any actions taken or to be taken by you when one of your vehicles is involved in an accident, including your policies or procedures for investigating such accidents.

18. Provide all documentation including videos, manuals, notebooks, pamphlets, posters and "company" or internal memoranda and e-mails given to or shown to your employees, contractors and/or drivers regarding driver safety, including but not limited to driving while intoxicated.

19. If your employees, contractors and/or drivers have received any training via courses or classes regarding safe driving practices, including but not limited to driving while intoxicated, provide all documentation showing attendance in such courses or classes by Defendant Blocker and all class or course material including videos, manuals, notebooks, pamphlets and posters received during such training.

19. Produce all working papers, notes, calculations, diagrams, photographs, models, exhibits, and other documents, including reports and factual observations, prepared or reviewed by any expert who will testify at trial.

20. Produce all photographs, videotapes, depictions, and drawings that depict or pertain in any way to the subject matter of this suit.

21. Produce all statements made by any person or their representatives relating the subject matter of this suit.

22. Produce all documents that contain impeachment or rebuttal evidence.

23. Produce all investigations, reports, or other documentation, other than privileged communications, regarding your investigation of the accident made the basis of this lawsuit.

27

# EXHIBIT G

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2010)**

Law Enforcement and TxDOT Use ONLY

☐ FATAL  ☑ CMV  ☐ SCHOOL BUS  ☐ RAILRD  ☐ MAB  ☐ SUPPLEMENT  ☐ ACTIVE SCHOOL ZONE

| Total NI/UI | 3 | Total Num. Prsns. | 4 | TxDOT Crash ID |

Mail to: Texas Department of Transportation, Crash Records, P.O. Box 149349, Austin, TX 78714. Questions? Call (512) 486-5780
Refer to Attached Code Sheet for Numbered Fields
*= These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured etc.)

Page 1 of 4

**IDENTIFICATION AND LOCATION**

* Crash Date (MM/DD/YYYY): 1 2 / 1 3 / 2 0 1 3
* Crash Time (24HRMM): 1 7 2 5
Case ID: 13-347227
Local Use:

* County Name: EL PASO
* City Name: EL PASO
☐ Outside City Limit

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☑ Yes ☐ No
Latitude (decimal degrees): 
Longitude (decimal degrees): 

**ROAD ON WHICH CRASH OCCURED**

* 1 Rdwy. Sys.: SH
* Hwy. Num.: 10
2 Rdwy. Part: 1
Block Num.: 
3 Street Prefix: E
* Street Name: MM30 I-10 EAST
4 Street Suffix: HWY

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot
☐ Toll Road/ Toll Lane
Speed Limit: 60
Const. ☐ Yes ☑ No Zone
Workers ☐ Yes ☑ No Present
Street Desc: ONE WAY, THREE LANE

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

At ☐ Yes Int. ☑ No
1 Rdwy. Sys.: LR
Hwy. Num.: 
2 Rdwy. Part: 1
Block Num.: 1200
3 Street Prefix: 
Street Name: LOMALAND
4 Street Suffix: DR

Distance from Int. or Ref. Marker: 0.50
☐ FT ☑ MI
3 Dir. from Int. or Ref. Marker: W
Reference Marker: 
Street Desc.: TWO WAY, FIVE LANE,
RRX Num.: 

**VEHICLE, DRIVER & PERSONS**

Unit Num.: 1
5 Unit Desc.: 1
☐ Parked Vehicle
☐ Hit and Run
LP State: WY
LP Num.: A1976
VIN: 1 G C H K 2 3 6 F 9 1 F 5 5 8 8 3 8

Veh. Year: 2 0 0 7
6 Veh. Color: WHI
Veh. Make: CHEVROLET
Veh. Model: C/K 2500
7 Body Style: TR
☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type: 1
DL/ID State: WY
DL/ID Num.: 105885495
9 DL Class: 98
10 CDL End.: 98
11 DL Rest.: 98
DOB (MM/DD/YYYY): 0 4 / 2 3 / 1 9 7 9

Address (Street, City, State, ZIP): 720 W. MAIN, SARATOGA, WY 82331

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver Or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec | 24 Drug Result | 26 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | BLOCKER, NICHOLAS JAMES | N | 34 | W | 1 | 1 | 2 | 97 | N | 1 | 0.146 | 96 | 97 | | 97 |

company truck

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each unit.

☑ Owner ☐ Lessee name & Address: BLOCKER, NICHOLAS JAMES 720 W. MAIN, SARATOGA, WY 82331

Proof of Fin. Resp.: ☑ Yes ☐ No ☐ Expired ☐ Exempt
26 Fin. Resp. Type: 2
Fin. Resp. Name: ALLIED PROPERTY & CASUALTY
Fin. Resp. Num.: ACP-BAPC 7553660434

Fin. Resp. Phone Num.: 866-322-3214
27 Vehicle Damage Rating 1: 1 2 F D 5
27 Vehicle Damage Rating 2:
Vehicle Inventoried: ☑ Yes ☐ No

Towed By: SUN CITY TOWING
Towed To: MUNICIPAL VEHICLE STORAGE FACILITY

Unit Num.: 2
5 Unit Desc.: 1
☐ Parked Vehicle
☐ Hit and Run
LP State: TX
LP Num.: BWW1536
VIN: 1 F T E X 1 E V 6 A F A 1 4 6 5 6

Veh. Year: 2 0 1 0
6 Veh. Color: RED
Veh. Make: FORD
Veh. Model: F-150
7 Body Style: PK
☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type: 1
DL/ID State: TX
DL/ID Num.: 00592155
9 DL Class: C
10 CDL End.: 96
11 DL Rest.: 96
DOB (MM/DD/YYYY): 0 4 / 2 3 / 1 9 6 2

Address (Street, City, State, ZIP): 9133 SWEET ACACIA, EL PASO, TX 79907

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver Or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec | 24 Drug Result | 26 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | ROSAS, MARIA LUZ | C | 51 | H | 2 | 1 | 1 | 97 | N | 96 | | 96 | 97 | | 97 |
| 2 | 2 | 3 | ROSAS, IRVIN | C | 22 | H | 1 | 1 | 1 | 97 | N | | | | | | |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each unit.

☑ Owner ☐ Lessee name & Address: ROSAS, MARIA LUZ 9133 SWEET ACACIA, EL PASO, TX 79907

Proof of Fin. Resp.: ☑ Yes ☐ No ☐ Expired ☐ Exempt
26 Fin. Resp. Type: 2
Fin. Resp. Name: FARMERS
Fin. Resp. Num.: 44165036

Fin. Resp. Phone Num.: 915-771-6151
27 Vehicle Damage Rating 1: 6 B D 5
27 Vehicle Damage Rating 2:

PUBLIC RECORD INFORMATION
ALL CASE ELEMENTS SUBJECT TO NONDISCLOSURE HAVE BEEN REMOVED IN ACCORDANCE WITH THE OPEN RECORDS ACT (5252-17a V.A.O.B.)

Towed By: SUN CITY TOWING
Towed To: TOWED TO OWNER/DRIVER'S REQUEST

Law Enforcement and TxDOT Use ONLY.
Form CR-3 01/01/2010

| Case ID | .7227 | | TxDOT Crash ID | | | | Page 2 of 4 |
|---------|-------|--|----------------|--|--|--|-------------|

**DISPOSITION OF INJURED/KILLED**

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HRMM) |
|-----------|------------|----------|----------|----------------------------|------------------------|
| 2 | 1 | SIERRA PROVIDENCE EAST | FIRE MEDICAL SERVICE | | |
| 2 | 2 | SIERRA PROVIDENCE EAST | FIRE MEDICAL SERVICE | | |
| 3 | 1 | SIERRA PROVIDENCE EAST | FIRE MEDICAL SERVICE | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**CHARGES**

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|-----------|------------|--------|-------------------------|
| 1 | 1 | DRIVING WHILE INTOXICATED BAC >= 0.15 | DIMS CASE |

**DAMAGE**

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|--------------------------------------|--------------|-----------------|
| | | |

**CMV**

| Unit Num. | ☐ 10,001+ LBS. ☐ TRANSPORTING HAZARDOUS MATERIAL ☐ 9+ CAPACITY | 28 Veh. Oper. | 29 Carrier ID Type | Carrier ID Num. |
|-----------|--|--|--|--|

| Carrier's Corp. Name | Carrier's Primary Addr. |
|----------------------|-------------------------|
| | |

| 30 Rdwy. Access | 31 Veh. Type | ☐ RGVW ☐ GVWR | HazMat Released ☐ Yes ☐ No | 32 HazMat Class Num. | 32 HazMat ID Num. | 32 HazMat Class Num. | 32 HazMat ID Num. |
|-----------------|--------------|---------------|----------------------------|----------------------|-------------------|----------------------|-------------------|

| 33 Cargo Body Style | Trailer 1 | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | Trailer 2 | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type |
|---------------------|-----------|-----------|---------------|---------------|-----------|-----------|---------------|---------------|

| Sequence Of Events | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Total Num. Axles | Total Num. Tires |
|--------------------|-----------|-----------|-----------|-----------|------------------|------------------|

**FACTORS & CONDITIONS**

| 36 Contributing factors (Investigator's Opinion) | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|--|--|--|--|--|--|--|--|--|--|--|
| Unit Num. | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 1 | 67 | 44 | | | | | | | | | |
| 2 | | | | | 1 | 3 | 97 | 4 | 1 | 1 | 17 |

**NARRATIVE AND DIAGRAM**

Investigator's Narrative Opinion of What Happened (Attach Additional Sheets If Necessary)

I-10 East MM-29 is a three lane, one way roadway running east. Unit # 1 was traveling on the inside lane when it struck Unit #2 from behind who was stopped for traffic. Unit #2 then struck Unit # 3 from Unit # 1's impact. Driver from Unit #2 claimed injuries to her head, neck and back and the passenger claimed injury to his head. Driver from Unit # 3 also claimed injuries to his head, neck and back. All injured parties were taken to Sierra Medical East to receive further medical treatment. There were no witnesses located at the scene. An incident report was also created utilizing the same case number (13-347227)

Indicate North

Field Diagram - Not to Scale

N

I-10 MM-30

Unit 2 — Unit 3

Unit 1

**INVESTIGATOR**

| Time Notified (24HRMM) | 1 7 2 6 | How Notified | DISPATCHED | Time Arrived (24HRMM) | 1 7 3 5 | Report Date (MM/DD/YYYY) | 1 2 1 3 2 0 1 3 |
|------------------------|---------|--------------|------------|----------------------|---------|--------------------------|-----------------|

| Invest. Comp. | ☒ Yes ☐ No | Investigator Name (Printed) | NEVAREZ, EMILIANO |
|---------------|------------|------------------------------|-------------------|

| ORI Num. | T X 0 7 1 0 2 0 0 | * Agency | EL PASO POLICE DEPARTMENT |
|----------|-------------------|----------|----------------------------|

PUBLIC RECORD INFORMATION - SUBJECT TO DISCLOSURE
ALL CASE ELEMENTS SUBJECT TO DISCLOSURE
HAVE BEEN REMOVED IN ACCORDANCE WITH THE
TEXAS OPEN RECORDS ACT (see Tx. Gov't...
BY:

Law Enforcement and TxDOT Use ONLY

☐ FATAL  ☑ CMV  ☐ SCHOOL BUS  ☐ RAILRO...  ☐ MAB  ☐ SUPPLEMENT  ☐ ACTIVE SCHOOL ZONE

| Total Nr. Inj. | Total Num. Prsns. | TxDOT Crash ID |
|---|---|---|
| 3 | 4 | |

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2010)**

Mail to: Texas Department of Transportation, Crash Records, P.O. Box 149349, Austin, TX 78714. Questions? Call (512) 486-5780
Refer to Attached Code Sheet for Numbered Fields
*= These fields are required on all additional sheets submitted for this crash (ex: additional vehicles, occupants, injured etc.)

Page 3 of 4

## IDENTIFICATION AND LOCATION

| * Crash Date (MM/DD/YYYY) | * Crash Time (24HRMM) | Case ID | Local Use |
|---|---|---|---|
| 12/13/2013 | 1725 | 13-347227 | |

* County Name: EL PASO   * City Name: EL PASO   ☐ Outside City Limit

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☑ Yes ☐ No

Latitude (decimal degrees): _ _ . _ _ _ _ _   Longitude (decimal degrees): _ _ _ . _ _ _ _ _

**ROAD ON WHICH CRASH OCCURED**

| * 1 Rdwy. Sys. | * Hwy. Num. | 2 Rdwy. Part | Block Num. | 3 Street Prefix | * Street Name | 4 Street Suffix |
|---|---|---|---|---|---|---|
| SH | 10 | 1 | | E | MM30 I-10 EAST | HWY |

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot   ☐ Toll Road/Toll Lane   Speed Limit 60   Const. Zone ☐ Yes ☑ No   Workers Present ☐ Yes ☑ No   Street Desc ONE WAY, THREE LANE

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

| At Int. | 1 Rdwy. Sys. | Hwy. Num. | 2 Rdwy. Part | Block Num. | 3 Street Prefix | Street Name | 4 Street Suffix |
|---|---|---|---|---|---|---|---|
| ☐ Yes ☑ No | LR | | 1 | 1200 | | LOMALAND | DR |

| Distance from Int. or Ref. Marker | 0.50 | ☐ FT ☐ MI | 3 Dir. from Int. or Ref. Marker W | Reference Marker | Street Desc TWO WAY, FIVE LANE, | RRX Num. |

## VEHICLE, DRIVER, & PERSONS

| Unit Num. | 5 Unit Desc. | ☐ Parked Vehicle | ☐ Hit and Run | LP State | LP Num. | VIN |
|---|---|---|---|---|---|---|
| 3 | 1 | | | TX | 32WCW6 | 1FTPW14V97KC93050 |

| Veh. Year | 6 Veh. Color | Veh. Make | Veh. Model | 7 Body Style | ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|
| 2007 | BLU | FORD | F-150 | PK | |

| 8 DL/ID Type | DL/ID State | DL/ID Num. | 9 DL Class | 10 CDL End. | 11 DL Rest. | DOB (MM/DD/YYYY) |
|---|---|---|---|---|---|---|
| 1 | TX | 06540515 | C | 96 | 96 | 09/25/1960 |

Address (Street, City, State, ZIP): 2129 SHREYA, EL PASO, TX 79938

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver Or Primary Person for this Unit on first line | 14 Injury Severity | Age | 16 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | PAZ, FRANCISCO | C | 53 | H | 1 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each unit.

☑ Owner ☐ Lessee   Owner/Lessee name & Address: PAZ, FRANCISCO 2129 SHREYA, EL PASO, TX 79938

Proof of Fin. Resp. ☑ Yes ☐ No   ☐ Expired ☐ Exempt   26 Fin. Resp. Type 2   Fin. Resp. Name GEICO   Fin. Resp. Num. 4279753323

Fin. Resp. Phone Num. 915-588-7837

| 27 Vehicle Damage Rating 1 | 6 | B D | 2 | 27 Vehicle Damage Rating 2 | | Vehicle Inventoried ☐ Yes ☑ No |

Towed By: _____   Towed To: _____

---

| Unit Num. | 5 Unit Desc. | ☐ Parked Vehicle | ☐ Hit and Run | LP State | LP Num. | VIN |
|---|---|---|---|---|---|---|
| | | | | | | |

| Veh. Year | 6 Veh. Color | Veh. Make | Veh. Model | 7 Body Style | ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|
| | | | | | |

| 8 DL/ID Type | DL/ID State | DL/ID Num. | 9 DL Class | 10 CDL End. | 11 DL Rest. | DOB (MM/DD/YYYY) |
|---|---|---|---|---|---|---|
| | | | | | | |

Address (Street, City, State, ZIP): _____

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver Or Primary Person for this Unit on first line | 14 Injury Severity | Age | 16 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each unit.

☐ Owner ☐ Lessee   Owner/Lessee name & Address: _____

Proof of Fin. Resp. ☐ Yes ☐ No   ☐ Expired ☐ Exempt   26 Fin. Resp. Type   Fin. Resp. Name

Fin. Resp. Phone Num.

| 27 Vehicle Damage Rating 1 | | | | 27 Vehicle Damage Rating 2 | | Vehicle Inventoried ☐ Yes ☐ No |

Towed By: _____   Towed To: _____

PUBLIC RECORD INFORMATION
ALL CASE ELEMENTS SUBJECT TO NONDISCLOSURE HAVE BEEN REMOVED IN ACCORDANCE WITH THE TEXAS OPEN RECORDS ACT (6252-17a V.A.C.S.)
BY:

Law Enforcement and TxDOT Use ONLY.
Form CR-3 01/01/2010

Case ID: .7227

TxDOT Crash ID:

Page 4 of 4

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HRMM) |
|---|---|---|---|---|---|
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |

## CMV

| Unit Num. | ☐ 10,001+ LBS. | ☐ TRANSPORTING HAZARDOUS MATERIAL | ☐ 9+ CAPACITY | 28 Veh. Oper. | 29 Carrier ID Type | Carrier ID Num. |

Carrier's Corp. Name

Carrier's Primary Addr.

| 30 Rdwy. Access | 31 Veh. Type | ☐ RGVW ☐ GVWR | HazMat Released ☐ Yes ☐ No | 32 HazMat Class Num. | 32 HazMat ID Num. | 32 HazMat Class Num. | 32 HazMat ID Num. |
|---|---|---|---|---|---|---|---|
| 33 Cargo Body Style | Trailer 1 | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | Trailer 2 | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type |

| Sequence Of Events | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Total Num. Axles | Total Num. Tires |

## FACTORS & CONDITIONS

| Unit Num. | 36 Contributing factors (Investigator's Opinion) | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 3 | | | | | 1 | 3 | 97 | 4 | 1 | 1 | 17 |

## NARRATIVE AND DIAGRAM

Investigator's Narrative Opinion of What Happened
(Attach Additional Sheets If Necessary)

Indicate North

Field Diagram - Not to Scale



N

I-10 MM-30

Unit 2    Unit 3

Unit 1

## INVESTIGATOR

| Time Notified (24HRMM) | 1 7 2 6 | How Notified | DISPATCHED | | Time Arrived (24HRMM) | 1 7 3 5 | Report Date (MM/DD/YYYY) | 1 2 1 3 2 0 1 3 |
|---|---|---|---|---|---|---|---|---|

Invest. Comp. ☒ Yes ☐ No

Investigator Name (Printed) NEVAREZ, EMILIANO

ORI Num. T X 0 7 1 0 2 0

* Agency EL PASO POLICE DEPARTMENT

ALL CASE ELEMENTS SUBJECT TO NONDISCLOSURE HAVE BEEN REMOVED IN ACCORDANCE WITH THE TEXAS OPEN RECORDS ACT

Service Region/District 17e V.A.C. 21

BY:

Area   8 6

Texas Peace Officer's Crash Report – Code Sheet

Numbered Fields on the CR-3 Refer to the Numbered Lists on this Code Sheet. Each list includes the codes that may be entered on the form and the description of each code.

## 1. Roadway System

- IH = Interstate
- US = US Highway
- SH = State Highway
- FM = Farm to Market
- RR = Ranch Road
- RM = Ranch to Market
- BI = Business Interstate
- BU = Business US
- BS = Business State
- BF = Business FM
- SL = State Loop
- TL = Toll Road

- AL = Alternate
- SP = Spur
- CR = County Road
- PR = Park Road
- PV = Private Road
- RC = Recreational Road
- LR = Local Road/Street (Street, Road, Ave., Blvd., PL, Trl., Beach, Alley, Boat Ramp, etc.)

## 2. Roadway Part

1 = Main/Proper Lane
2 = Service/Frontage Road
3 = Entrance/On Ramp
4 = Exit/Off Ramp
5 = Connector/Flyover
98 = Other (Explain in Narrative)

## 3. Street Prefix Direction from Int. or Ref. Marker

- N = North
- NE = Northeast
- E = East
- SE = Southeast
- S = South
- SW = Southwest
- W = West
- NW = Northwest

## 4. Street Suffix

- RD = Road
- ST = Street
- DR = Drive
- AVE = Avenue
- BLVD = Boulevard
- PKWY = Parkway
- LN = Lane
- FWY = Freeway
- HWY = Highway
- WAY = Way
- TRL = Trail
- LOOP = Loop

- EXPY = Expressway
- CT = Court
- CIR = Circle
- PL = Place
- PARK = Park
- CV = Cove

## 5. Unit Description

1 = Motor Vehicle
2 = Train
3 = Pedalcyclist
4 = Pedestrian
5 = Motorized Conveyance
6 = Towed/Trailer
7 = Non-Contact
98 = Other (Explain in Narrative)

## 6. Vehicle Color

- BGE = Beige
- BLK = Black
- BLU = Blue
- BRZ = Bronze
- BRO = Brown
- CAM = Camouflage
- CPR = Copper
- GLD = Gold
- GRY = Gray
- GRN = Green
- MAR = Maroon
- MUL = Multicolored

- ONG = Orange
- PNK = Pink
- PLE = Purple
- RED = Red
- SIL = Silver
- TAN = Tan
- TEA = Teal (green)
- TRQ = Turquoise (blue)
- WHI = White
- YEL = Yellow
- 98 = Other (Explain in Narrative)
- 99 = Unknown

## 7. Body Style

- P2 = Passenger Car, 2-Door
- P4 = Passenger Car, 4-Door
- PK = Pickup
- AM = Ambulance
- BU = Bus
- SB = Yellow School Bus
- FE = Farm Equipment
- FT = Fire Truck
- MC = Motorcycle
- SV = Sport Utility Vehicle

- PC = Police Car/Truck
- PM = Police Motorcycle
- TL = Trailer, Semi-Trailer, or Pole Trailer
- TR = Truck
- TT = Truck Tractor
- VN = Van
- 98 = Other (Explain in Narrative)
- 99 = Unknown

## 8. Driver License/ID Type

1 = Driver License
2 = Commercial Driver Lic.
3 = Occupational
4 = ID Card
5 = Unlicensed
98 = Other
99 = Unknown

## 9. Driver License Class

- A = Class A
- AM = Class A and M
- B = Class B
- BM = Class B and M
- C = Class C
- CM = Class C and M
- M = Class M
- 5 = Unlicensed
- 98 = Other/Out of State
- 99 = Unknown

## 10. Commercial Driver License Endorsements

- H = Hazardous Materials
- N = Tank Vehicles
- P = Passengers
- S = School Bus
- T = Double/Triple Trailer
- X = Tank Vehicle with HazMat
- 5 = Unlicensed
- 96 = None
- 98 = Other/Out of State
- 99 = Unknown

## 11. Driver License Restrictions

- A = With Corrective Lenses
- B = LOFS Age 21 or Over
- C = Daytime Only
- D = Not to Exceed 45 MPH
- E = No Expressway Driving
- F = Must Hold Valid Learner Lic. to MM/DD/YY
- G = TRC 545.424 Applies until MM/DD/YY
- H = Vehicle Not to Exceed 26,000 lbs GVWR
- I = Motorcycle Not to Exceed 250 CC
- J = Licensed Motorcycle Operator Age 21 or Over In Sight
- K = Moped

- L = Vehicle w/o Air Brakes – Applies to Vehicles Requiring CDL
- M = CDL Intrastate Commerce Only
- N = Ignition Interlock Required
- O = Occ./Essent. Need DL-No CMV-See Court Order
- P = Stated on License
- Q = LOFS 21 or Over Vehicle Above Class B
- R = LOFS 21 or Over Vehicle Above Class C
- S = Outside Rear View Mirror or Hearing Aid

- T = Automatic Transmission
- U = Applicable Prosthetic Devices
- V = Applicable Vehicle Devices
- W = Power Steering
- X = Vehicle Not to Exceed Class C
- Y = Valid TX Vision or Limb Waiver Req'd.
- Z = Valid Fed. Vision or Limb Waiver Req'd
- 5 = Unlicensed
- 96 = None
- 98 = Other/Out of State
- 99 = Unknown

## 12. Person Type

1 = Driver
2 = Passenger/Occupant
4 = Pedalcyclist
5 = Pedestrian
6 = Driver of Motorcycle Type Vehicle
6 = Passenger/Occupant on Motorcycle Type Vehicle
98 = Other (Explain in Narrative)
99 = Unknown

## 13. Seat Position

1 = Front Left
2 = Front Center
3 = Front Right
4 = Second Seat Left
5 = Second Seat Center
6 = Second Seat Right
7 = Third Seat Left
8 = Third Seat Center
9 = Third Seat Right

10 = Cargo Area
11 = Outside Vehicle
13 = Other In Vehicle
14 = Passenger in Bus
16 = Pedestrian, Pedalcyclist, or Motorized Conveyance
98 = Other (Explain in Narrative)
99 = Unknown

## 14. Injury Severity

A = Incapacitating Injury
B = Non-Incapacitating Injury
C = Possible Injury
K = Killed
N = Not Injured
U = Unknown

## 15. Ethnicity

W = White
B = Black
H = Hispanic
A = Asian
I = Amer. Indian/Alaskan Native
98 = Other
99 = Unknown

## 16. Sex

1 = Male
2 = Female
99 = Unknown

## 17. Elected

1 = No
2 = Yes
3 = Yes, Partial
97 = Not Applicable
99 = Unknown

## 18. Restraint Used

1 = Shoulder and Lap Belt
2 = Shoulder Belt Only
3 = Lap Belt Only
4 = Child Seat, Facing Forward
5 = Child Seat, Facing Rear
6 = Child Seat, Unknown

7 = Child Booster Seat
96 = None
97 = Not Applicable
98 = Other (Explain in Narrative)
99 = Unknown

## 19. Airbag

1 = Not Deployed
2 = Deployed, Front
3 = Deployed, Side
4 = Deployed, Rear
5 = Deployed, Multiple
97 = Not Applicable
99 = Unknown

## 20. Helmet Use

1 = Not Worn
2 = Worn, Damaged
3 = Worn, Not Damaged
4 = Worn, Unk. Damage
97 = Not Applicable
99 = Unknown if Worn

## 21. Solicitation

Y = Solicit
N = No Solicit

## 22. Alcohol Specimen Type

1 = Breath
2 = Blood
3 = Urine
4 = Refused
96 = None
98 = Other (Explain in Narrative)

## 23. Drug Specimen Type

1 = Blood
3 = Urine
4 = Refused
96 = None
98 = Other (Explain in Narrative)

## 24. Drug Test Result

1 = Positive
2 = Negative
97 = Not Applicable
99 = Unknown

## 25. Drug Category

1 = CNS Depressants
3 = CNS Stimulants
4 = Hallucinogens
6 = Narcotic Analgesics
7 = Inhalants
8 = Cannabis
10 = Dissociative Anesthetics
11 = Multiple Drugs (Explain in Narrative)
97 = Not Applicable
98 = Other Drugs (Explain in Narrative)
99 = Unknown

## 26. Financial Responsibility Type

1 = Liability Insurance Policy
2 = Proof of Liability Insurance
3 = Insurance Binder
4 = Surety Bond

5 = Certificate of Deposit with Comptroller
6 = Certificate of Deposit with County Judge
7 = Certificate of Self-Insurance

## 27. Vehicle Damage Rating

In most cases, enter in the format XX-ABC-Y, where
XX is the Direction of Force (1-12),
ABC is the Damage Description 2- or 3-letter code),
and Y is the Damage Severity (0-7).

In special cases, use:
VB-1 = vehicle burned, NOT due to collision
VB-7 = vehicle catches fire due to the collision
TP-0 = top damage only
VX-0 = undercarriage damage only
MC-1 = motorcycle, moped, scooter, etc.
NA = Not Applicable (Farm Tractor, etc.)

PUBLIC RECORD INFORMATION
ALL CASE ELEMENTS SUBJECT TO NONDISCLOSURE HAVE BEEN REMOVED IN ACCORDANCE WITH THE TEXAS OPEN RECORDS ACT (6252-17a V.A.C.S.)
DATE:                    BY:

Texas Peace Officer's Crash Report – Code Sheet
Numbered Fields on the CR-3 Refer to the Numbered Lists on this Code Sheet. Each list includes the codes that may be entered on the form and the description of each code.

Page 2 of 2
Law Enforcement and TxDOT Use ONLY.
Form CR-3CS  1/1/2010

**COMMERCIAL MOTOR VEHICLE**

| 28. Vehicle Operation | 29. Carrier ID Type | 30. Roadway Access | 31. Vehicle Type | 32. Hazardous Material Class Number |
|---|---|---|---|---|
| 1 = Interstate Commerce<br>2 = Intrastate Commerce<br>3 = Not in Commerce<br>4 = Government<br>5 = Personal | 1 = US DOT<br>2 = TxDOT<br>3 = ICC/MC<br>96 = None<br>98 = Other (Explain in Narrative) | 1 = Full Access Control<br>2 = Partial Access Control<br>3 = No Access Control | 1 = Passenger Car<br>2 = Light Truck<br>3 = Bus (9-15)<br>4 = Bus (>15)<br>5 = Single Unit Truck 2 Axles 6 Tires<br>6 = Single Unit Truck 3 or More Axles<br>7 = Truck Trailer<br>8 = Truck Tractor (Bobtail)<br>9 = Tractor/Semi Trailer<br>10 = Tractor/Double Trailer<br>11 = Tractor/Triple Trailer<br>98 = Other (Explain in Narrative)<br>99 = Unknown Heavy Truck | 1 = Explosives<br>2 = Gases<br>3 = Flammable Liquids<br>4 = Flammable Solids<br>5 = Oxidizers and Organic Peroxides<br>6 = Toxic Materials and Infectious Substances<br>7 = Radioactive Materials<br>8 = Corrosive Materials<br>9 = Miscellaneous Dangerous Goods |

| 33. Cargo Body Style | | 34. Trailer Type |
|---|---|---|
| 1 = Bus (9-15)<br>2 = Bus (>15)<br>3 = Van/Enclosed Box<br>4 = Cargo Tank<br>5 = Flatbed<br>6 = Dump<br>7 = Concrete Mixer | 8 = Auto Transporter<br>9 = Garbage Refuse<br>10 = Grain Chips Gravel<br>11 = Pole<br>13 = Intermodal<br>14 = Logging | 15 = Vehicle Towing Another Vehicle<br>97 = Not Applicable<br>98 = Other (Explain in Narrative) | 1 = Full Trailer<br>2 = Semi-Trailer<br>3 = Pole Trailer |

**35. Sequence of Events**

| | | |
|---|---|---|
| 1 = Non-Collision: Ran Off Road<br>2 = Non-Collision: Jackknife<br>3 = Non-Collision: Overturn Rollover<br>4 = Non-Collision: Downhill Runaway<br>5 = Non-Collision: Cargo Loss Or Shift<br>6 = Non-Collision: Explosion Or Fire<br>7 = Non-Collision: Separation of Units<br>8 = Non-Collision: Cross Median/Centerline | 9 = Non-Collision: Equipment Failure<br>10 = Non-Collision: Other<br>11 = Non-Collision: Unknown<br>12 = Collision Involving Pedestrian<br>13 = Collision Involving Motor Vehicle In Transport<br>14 = Collision Involving Parked Motor Vehicle<br>15 = Collision Involving Train<br>16 = Collision Involving Pedalcycle | 17 = Collision Involving Animal<br>18 = Collision Involving Fixed Object<br>19 = Collision With Work Zone Maintenance Equipment<br>20 = Collision With Other Movable Object<br>21 = Collision With Unknown Movable Object<br>98 = Other (Explain in Narrative) |

**FACTORS AND CONDITIONS**

**36. Factors and Conditions**

| | | |
|---|---|---|
| 1 = Animal on Road – Domestic<br>2 = Animal on Road – Wild<br>3 = Backed without Safety<br>4 = Changed Lane when Unsafe<br>5 = Disabled in Traffic Lane<br>6 = Disregard Stop and Go Signal<br>7 = Disregard Stop Sign or Light<br>8 = Disregard Turn Marks at Intersection<br>9 = Disregard Warning Sign at Construction<br>10 = Distraction in Vehicle<br>11 = Driver Inattention<br>20 = Driver Inattention<br>21 = Drove Without Headlights<br>22 = Failed to Control Speed<br>23 = Failed to Drive in Single Lane<br>24 = Failed to Give Half of Roadway<br>25 = Failed to Heed Warning Sign<br>26 = Failed to Pass to Left Safely<br>27 = Failed to Pass to Right Safely<br>28 = Failed to Signal or Gave Wrong Signal<br>29 = Failed to Stop at Proper Place<br>30 = Failed to Stop for School Bus<br>31 = Failed to Stop for Train<br>32 = Failed to Yield ROW – Emergency Vehicle | 33 = Failed to Yield ROW – Open Intersection<br>34 = Failed to Yield ROW – Private Drive<br>35 = Failed to Yield ROW – Stop Sign<br>36 = Failed to Yield ROW – To Pedestrian<br>37 = Failed to Yield ROW – Turning Left<br>38 = Failed to Yield ROW – Turn on Red<br>39 = Failed to Yield ROW – Yield Sign<br>40 = Fatigued or Asleep<br>41 = Faulty Evasive Action<br>42 = Fire in Vehicle<br>43 = Fleeing or Evading Police<br>44 = Followed Too Closely<br>45 = Had Been Drinking<br>46 = Handicapped Driver (Explain in Narrative)<br>47 = Ill (Explain in Narrative)<br>48 = Impaired Visibility (Explain in Narrative)<br>49 = Improper Start from Parked Position<br>50 = Load Not Secured<br>51 = Opened Door Into Traffic Lane<br>52 = Oversized Vehicle or Load<br>53 = Overtake and Pass Insufficient Clearance<br>54 = Parked and Failed to Set Brakes<br>55 = Parked in Traffic Lane | 56 = Parked without Lights<br>57 = Passed in No Passing Lane<br>58 = Passed on Right Shoulder<br>59 = Pedestrian FTYROW to Vehicle<br>60 = Unsafe Speed<br>61 = Speeding – (Over Limit)<br>62 = Taking Medication (Explain in Narrative)<br>63 = Turned Improperly – Cut Corner on Left<br>64 = Turned Improperly – Wide Right<br>65 = Turned Improperly – Wrong Lane<br>66 = Turned when Unsafe<br>67 = Under Influence – Alcohol<br>68 = Under Influence – Drug<br>69 = Wrong Side – Approach or Intersection<br>70 = Wrong Side – Not Passing<br>71 = Wrong Way – One Way Road<br>72 = Cell/Mobile Phone Use<br>73 = Road Rage<br>98 = Other (Explain in Narrative) |

| 37. Vehicle Defects | 38. Weather Condition | 39. Light Condition | 40. Entering Roads |
|---|---|---|---|
| 5 = Defective or No Headlamps<br>6 = Defective or No Stop Lamps<br>7 = Defective or No Tail Lamps<br>8 = Defective or No Turn Signal Lamps<br>9 = Defective or No Trailer Brakes<br>10 = Defective or No Vehicle Brakes<br>11 = Defective Steering Mechanism<br>12 = Defective or Slick Tires<br>13 = Defective Trailer Hitch<br>98 = Other (Explain in Narrative) | 1 = Clear<br>2 = Cloudy<br>3 = Rain<br>4 = Sleet/Hail<br>5 = Snow<br>6 = Fog<br>7 = Blowing Sand/Snow<br>8 = Severe Crosswinds<br>98 = Other (Explain in Narrative)<br>99 = Unknown | 1 = Daylight<br>2 = Dark, Not Lighted<br>3 = Dark, Lighted<br>4 = Dark, Unknown Lighting<br>5 = Dawn<br>6 = Dusk<br>98 = Other (Explain in Narrative)<br>99 = Unknown | 1 = Center Stripe/Divider<br>2 = Three Entering Roads – T<br>3 = Three Entering Roads – Y<br>4 = Four Entering Roads<br>5 = Five Entering Roads<br>6 = Six Entering Roads<br>7 = Traffic Circle<br>8 = Cloverleaf<br>97 = Not Applicable<br>98 = Other (Explain in Narrative) |

| 41. Roadway Type | 42. Roadway Alignment | 43. Surface Condition | 44. Traffic Control | |
|---|---|---|---|---|
| 1 = Two-Way, Not Divided<br>2 = Two-Way, Divided, Unprotected Median<br>3 = Two-Way, Divided, Protected Median<br>4 = One-Way<br>98 = Other (Explain in Narrative) | 1 = Straight, Level<br>2 = Straight, Grade<br>3 = Straight, Hillcrest<br>4 = Curve, Level<br>5 = Curve, Grade<br>6 = Curve, Hillcrest<br>98 = Other (Explain in Narrative)<br>99 = Unknown | 1 = Dry<br>2 = Wet<br>3 = Standing Water<br>4 = Snow<br>5 = Slush<br>6 = Ice<br>7 = Sand, Mud, Dirt<br>98 = Other (Explain in Narrative)<br>99 = Unknown | 1 = Inoperative (Explain in Narrative)<br>2 = None<br>3 = Officer<br>4 = Flagman<br>5 = Signal Light<br>6 = Flashing Red Light<br>7 = Flashing Yellow Light<br>8 = Stop Sign<br>9 = Yield Sign<br>10 = Warning Sign | 11 = Center Stripe/Divider<br>12 = No Passing Zone<br>13 = RR Gate/Signal<br>15 = Crosswalk<br>16 = Bike Lane<br>17 = Marked Lanes<br>18 = Signal Light With Red Light Running Camera<br>96 = None<br>98 = Other (Explain in Narrative) |

PUBLIC RECORD INFORMATION
ALL CASE ELEMENTS SUBJECT TO NONDISCLOSURE
HAVE BEEN REMOVED IN ACCORDANCE WITH
TEXAS OPEN RECORDS ACT (8252-17a V.A.C.S.)
DATE:                          BY

1300 N. EL PASO ST.
El Paso, TX 79902
(915) 832-1111
(915) 533-5835 (FAX)

9001 DYER
El Paso, TX 79904
(915) 751-1111
(915) 751-0505 (FAX)

LAW OFFICES OF

# MICHAEL J. GOPIN, PLLC

1043 N. ZARAGOSA
El Paso, TX 79907
(915) 838-1111
(915) 860-1511 (FAX)

*MICHAEL J. GOPIN
**LEE R. MONTION

*Licensed in Texas
** Licensed in Texas and
New Mexico

10516 MONTWOOD
El Paso, TX 79935
(915) 872-1111
(915) 633-8383 (FAX)

June 30, 2015

Allied/Nationwide Insurance
ATTN: Cassie Newton
One Nationwide Gateway, Dept. 5575
Des Moines, IA 50391-5575

RE:  **Claimant**        :        **Maria Luz Rosas**
     **D/O/A**           :        **o/a December 13, 2013**
     **Your Insured** :        **Energy Transportation**
     **Claim No.**     :        **7249PE022197**

Dear Ms. Newton:

My client has authorized me to offer to settle her claim for **ONE MILLION DOLLARS** **($1,000,000.00) OR POLICY LIMITS**. This is not a statement of what the case is worth, but only an offer of settlement and not to be read to the jury.

For your review, please find enclosed any and all medical records and medical bills in reference to the above-mentioned claim. Kindly direct all correspondence to:

**1043 N. Zaragosa**
**El Paso, Texas 79907**

Thanking you in advance for your prompt attention to this matter.

Very truly yours,

**MICHAEL J. GOPIN**
MJG/rm
Enclosures as stated
2440613

www.michaelgopin.com



**EXHIBIT**

**B**



El Paso County - 171st District Court

# CIVIL CASE INFORMATION SHEET

Filed 12/1/2015 4:43:26 PM
Norma L. Favela
District Clerk
El Paso County
2015DCV3988

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ COURT *(FOR CLERK USE ONLY):* _____

STYLED __MARIA LUZ ROSAS v. NICHOLAS JAMES BLOCKER AND ENERGY TRANSPORTATION, INC. D/B/A ENERGY TRANSPORTATION, LLC__
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither controls nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Daniela Labinoti<br><br>**Address:** 501 N. Kansas, Suite 102<br>City/State/Zip: El Paso, Texas 79901<br>Signature: */s/ Daniela Labinoti* | **Email:** Daniela@labinotilaw.com<br><br>**Telephone:** (915) 581-4600<br><br>Fax: (915) 581-4605<br><br>(915) 581-4605<br>State Bar No: 24050900 | **Plaintiff(s)/Petitioner(s):** MARIA LUZ ROSAS<br><br>**Defendant(s)/Respondent(s):** NICHOLAS JAMES BLOCKER AND ENERGY TRANSPORTATION, INC., D/B/A ENERGY TRANSPORTATION, LLC.<br>[Attach additional page as necessary to list all parties] | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent: _____<br><br>Non-Custodial Parent: _____<br><br>Presumed Father: _____ |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-Judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional Liability:<br><br>☒Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability List Product:<br><br>☐Other Injury or Damage: NEGLIGENCE | ☐Eminent Domain/ Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
|  |  | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
|  |  | ☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus— Pre-indictment<br>☐Other: _____ | ☐Enforce Foreign Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities of Minority<br>☐Other: | ☐Adoption/Adoption with Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: | | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*

☒ Less than $75,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief.
☐ Over $100,000 but not more than $200,000.
☐ Over $200,000 but not more than $500,000.
☐ Over $1,000,000

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **NICHOLAS JAMES BLOCKER,** who may be served with process by serving the **Chairman of Texas Transportation Commission at, 125 E. 11th ST., AUSTIN, TEXAS 78701**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Jury Demand at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **171st Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 1st day of December, 2015, by Attorney at Law DANIELA LABINOTI, 501 N. KANSAS, SUITE 102, EL PASO, TEXAS 79901 in this case numbered **2015DCV3988** on the docket of said court, and styled:

## MARIA ROSAS vs. NICHOLAS JAMES BLOCKER and ENERGY TRANSPORTATION, INC., d/b/a ENERGY TRANSPORTATION, LLC

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Jury Demand accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 4th day of December, 2015.

Attest: NORMA L. FAVELA, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____ Deputy
JoAnn Fernandez

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

*NAME OF PREPARER                     TITLE

ADDRESS

CITY                 STATE           ZIP

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of
_____, 2015, at _____ I mailed to
_____

_____
Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Original Petition and Jury Demand attached thereto.

_____

_____
TITLE

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____
_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

  The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

  This forwarding address was provided:_____


El Paso County, Texas

By:_____

Deputy District Clerk

OR

_____

Name of Authorized Person

By:_____


**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

  Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

Subscribed and sworn to be on this _____ day

of _____, _____.


_____

Notary Public, State of _____

My commission expires:_____

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **ENERGY TRANSPORTATION, INC. d/b/a ENERGY TRANSPORTATION, LLC**, who may be served with process by serving its registered agent, **BRADLEY DELUCA, 1221 LAMAR, SUITE 1000, HOUSTON, TEXAS 77010**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Jury Demand at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **171st Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 1st day of December, 2015, by Attorney at Law DANIELA LABINOTI, 501 N. KANSAS, SUITE 102, EL PASO, TEXAS 79901 in this case numbered **2015DCV3988** on the docket of said court, and styled:

### MARIA ROSAS vs. NICHOLAS JAMES BLOCKER and ENERGY TRANSPORTATION, INC., d/b/a ENERGY TRANSPORTATION, LLC

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Jury Demand accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 4th day of December, 2015.

Attest: NORMA L. FAVELA, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By_____Deputy
JoAnn Fernandez

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of _____, 2015, at _____ I mailed to

_____

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Original Petition and Jury Demand attached thereto.

| *NAME OF PREPARER | TITLE |
| --- | --- |
| ADDRESS | |
| CITY | STATE | ZIP |

_____

_____
TITLE

## RETURN OF SERVICE

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

       The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

       This forwarding address was provided:_____


El Paso County, Texas

By:_____
          Deputy District Clerk

OR

_____
     Name of Authorized Person

By:_____


## VERIFICATION BY AUTHORIZED PERSON

State of Texas

County of El Paso

       Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

Subscribed and sworn to be on this _____ day

of _____, _____.


_____

Notary Public, State of _____

My commission expires:_____

2015DCV3988

**RETURN OF SERVICE**

*in behalf of*

Delivery was completed on _12-11-2015_, delivered to _Bradley Deluca Energy Transporti Inc. ABA Energy Transportation, LLC_ as evidence by Domestic Return Receipt PS Form 3811 attached hereto. _7014 3490 0001 4657 9370_

The described documents were not delivered to the named recipient. The certified mail envelope was returned undelivered marked _____.

This forwarding address was provided: _____

El Paso County, Texas

By: _____

~~Deputy District Clerk~~

OR   SDH 3616

Name of Authorized Person

By: _Kathryn Ann Azr_



**...ION BY AUTHORIZED PERSON**

...sonally appeared _Kathryn Ann H.Z._, known to me to be the person ...of Service, and being by me first duly sworn, declared, I am ...fact and statements contained in the Return of Service and true and

Subscribed and sworn to be on this _18_ day of _December_, _2015_

Notary Public, State of _Texas_

My commission expires: _July 15, 2018_

SANDRA LOPEZ
Notary Public, State of Texas
My Commission Expires
July 15, 2018

FILED
2015 DEC 18 PM
NORMA L. FAVELA
DISTRICT

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **ENERGY TRANSPORTATION, INC. d/b/a ENERGY TRANSPORTATION, LLC,** who may be served with process by serving its registered agent, **BRADLEY DELUCA, 1221 LAMAR, SUITE 1000, HOUSTON, TEXAS 77010**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Jury Demand at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **171st Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 1st day of December, 2015, by Attorney at Law DANIELA LABINOTI, 501 N. KANSAS, SUITE 102, EL PASO, TEXAS 79901 in this case numbered **2015DCV3988** on the docket of said court, and styled:

**MARIA ROSAS vs. NICHOLAS JAMES BLOCKER and ENERGY TRANSPORTATION, INC., d/b/a ENERGY TRANSPORTATION, LLC**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Jury Demand accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 4th day of December, 2015.

Attest: NORMA L. FAVELA, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

, Deputy

JoAnn Fernandez

**ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE**
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

| *NAME OF PREPARER | TITLE | |
|---|---|---|
| ADDRESS | | |
| CITY | STATE | ZIP |

**CERTIFICATE OF DELIVERY BY MAIL**

I hereby certify that on the _____ day of _____, 2015, at _____ I mailed to _1221 LAMAR Ste 1000_ _Houston, Texas 77010_

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Original Petition and Jury Demand attached thereto.

_Kathryn Ann Paz_

_Process Server 824-846_

TITLE

2015DCV3988

### RETURN OF SERVICE

Delivery was completed on _12-11-2015_ , delivered to _Nicholas James Blacker_
_Chairman/Texas Transportation Commission_ as evidence by Domestic Return Receipt PS Form 3811
attached hereto.                    _7014 3490 0001 4657 9387_

The described documents were not delivered to the named recipient. The certified mail envelope was returned
undelivered marked _____.

This forwarding address was provided:_____

El Paso County, Texas

By:_____
~~Deputy District Clerk~~

OR

_SCH 3616_
Name of Authorized Person

By: _Kathryn Ann Aziz_



**Y AUTHORIZED PERSON**

y appeared _Kathryn Ann Aziz_ , known to me to be the person

rvice, and being by me first duly sworn, declared, "I am

and statements contained in the Return of Service and true and

Subscribed and sworn to be on this _18_ day
of _December_ , _2015_ .

_____
Notary Public, State of _Texas_

My commission expires: _July 7, 2018_

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  NICHOLAS JAMES BLOCKER, who may be served with process by serving the **Chairman of Texas Transportation Commission at, 125 E. 11th ST., AUSTIN, TEXAS 78701**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Jury Demand at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **171st Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 1st day of December, 2015, by Attorney at Law DANIELA LABINOTI, 501 N. KANSAS, SUITE 102, EL PASO, TEXAS 79901 in this case numbered **2015DCV3988** on the docket of said court, and styled:

**MARIA ROSAS vs. NICHOLAS JAMES BLOCKER and ENERGY TRANSPORTATION, INC., d/b/a ENERGY TRANSPORTATION, LLC**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Jury Demand accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 4th day of December, 2015.

Attest:  NORMA L. FAVELA, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By_____Deputy
JoAnn Fernandez

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL
I hereby certify that on the ___ day of _____ 2015, at ___ mailed to
125 E. 11th Street
Austin, Texas 78701
Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Original Petition and Jury Demand attached thereto.

| *NAME OF PREPARER | | TITLE |
|---|---|---|
| ADDRESS | | |
| CITY | STATE | ZIP |

Kathryn Ann ___
Process Server    04136716
                    TITLE

El Paso County - 171st District Court

Filed 1/4/2016 3:41:26 PM
Norma L. Favela
District Clerk
El Paso County
2015DCV3988

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS

171st JUDICIAL DISTRICT

| | | |
|---|---|---|
| MARIA ROSAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2015-DCV3988 |
| | ) | |
| NICHOLAS JAMES BLOCKER AND | ) | |
| ENERGY TRANSPORTATION, INC., | ) | |
| d/b/a ENERGY TRANSPORTATION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the Defendants NICHOLAS JAMES BLOCKER and ENERGY

TRANSPORTATION, INC., d/b/a and file this Original Answer and say:

I.

Pursuant to Texas Rule of Civil Procedure 92, Defendants would enter a general denial as

to Plaintiff's pleadings.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that they be allowed to go

hence without day and with their costs.

1234089

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P.O. Box 1977
El Paso, Texas 79999-1977
(915) 532-2000
(915) 541-1597 (fax)

By: _____
**Kurt G. Paxson**
paxson@mgmsg.com
State Bar No. 15648300

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify on this the _____ day of January, 2016, the foregoing pleading was electronically filed with the Clerk of the Court using the Texas Electronic Filing Rules, which will send notification of such filing to the following:

Daniela Labinoti
Law Firm of Daniela Labinoti, P.C.
501 N. Kansas, Suite 102
El Paso, TX 79901
daniela@labinotilaw.com

_____
**Kurt G. Paxson**

1234089

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **ENERGY TRANSPORTATION, INC., d/b/a ENERGY TRANSPORTATION, LLC**, which may be served with process by serving its registered agent, MICHAEL LANSING at, 125 W. 2nd ST, CASPER, WYOMING 82601

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's First Amended Petition and Jury Demand at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **171st Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 24th day of December, 2015, by Attorney at Law DANIELA LABINOTI, 501 N. KANSAS, SUITE 102, EL PASO, TEXAS 79901 in this case numbered **2015DCV3988** on the docket of said court, and styled:

**MARIA LUZ ROSAS vs. NICHOLAS JAMES BLOCKER, ENERGY TRANSPORTATION, INC., d/b/a ENERGY TRANSPORTATION, LLC**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's First Amended Petition and Jury Demand accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 5th day of January, 2016.

Attest: NORMA L. FAVELA, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By_____ Deputy
JoAnn Fernandez

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL
I hereby certify that on the _____ day of _____, 2016, at _____ I mailed to
_____
_____

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's First Amended Petition and Jury Demand attached thereto.

_____
\*NAME OF PREPARER                    TITLE

_____
ADDRESS

_____        _____
CITY                STATE          ZIP                    TITLE

## RETURN OF SERVICE

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

     The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

     This forwarding address was provided:_____


El Paso County, Texas

By:_____
                Deputy District Clerk

OR

_____
           Name of Authorized Person

By:_____


## VERIFICATION BY AUTHORIZED PERSON

State of Texas

County of El Paso

     Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

Subscribed and sworn to be on this _____ day

of _____, _____.


_____

Notary Public, State of _____

My commission expires:_____

El Paso County - 171st District Court

Filed 12/1/2015 4:43:26 PM
Norma L. Favela
District Clerk
El Paso County
2015DCV3988

IN THE _____ JUDICIAL DISTRICT COURT
COUNTY COURT AT LAW_____
OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| MARIA LUZ ROSAS, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Cause No. : _____ |
| | § | |
| NICHOLAS JAMES BLOCKER | § | |
| And ENERGY TRANSPORTATION, INC., | § | |
| d/b/a ENERGY TRANSPORTATION, LLC | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, MARIA LUZ ROSAS (hereinafter referred to as "Plaintiff") complaining of NICHOLAS JAMES BLOCKER, (hereinafter referred to as "Defendant Blocker") and ENERGY TRANSPORTATION, INC., d/b/a ENERGY TRANSPORTATION, LLC (hereinafter referred to as "Defendant Energy") and for cause of action would respectfully show the Court as follows:

### I.
### Discovery Plan

Pursuant to Rule 190, discovery in this case will be conducted in Level 2.

### II.
### Parties and Service

Plaintiff, MARIA LUZ ROSAS, is a resident of El Paso County, Texas.

1

Defendant NICHOLAS JAMES BLOCKER is a resident of Sarasota, Wyoming and may be served with process by serving the Chairman of Texas Transportation Commission, 125 E. 11ᵗʰ St., Austin, Texas, 78701.

Defendant ENERGY TRANSPORTATION, INC., d/b/a ENERGY TRANSPORTATION, LLC is a Wyoming corporation doing business in Texas and may be served with process by serving its Registered Agent, Bradley Deluca, 1221 Lamar, Suite 1000, Houston, Texas, 77010.

## III.

## Venue & Jurisdiction

Venue is proper in El Paso County, Texas, pursuant to Tex.Civ.Prac. & Rem. Code §15.002(a)(1) because El Paso County, Texas, is the county in which all or a substantial part of the events or omissions giving rise to the underlying claim occurred. Jurisdiction is proper in this Texas state Court in that Plaintiff has asserted damages within the jurisdictional limits of the Court.

## IV.

## Background and Facts

The injuries and damages suffered by Plaintiff and made the basis of this action arose out of a collision that occurred on or about December 13, 2013, on I-10 at or near Milepost 30 in El Paso, Texas. Plaintiff was traveling eastbound on I-10 in the left lane. Plaintiff had slowed/stopped for traffic ahead when Defendant BLOCKER, driving a vehicle owned or leased to Defendant ENERGY, suddenly, unexpectedly and violently stuck the rear of Plaintiff's vehicle. Defendant BLOCKER was driving while intoxicated, negligently failed to keep a proper lookout and failed to pay attention while driving, causing him to collide with the rear of Plaintiff's vehicle and thereby causing Plaintiff to sustain serious injuries more fully set out below.

2

Attached hereto as **Exhibit "G"** is the Texas Peace Officer's Crash Report, which corroborates the facts as alleged by Plaintiff herein.

## V.
## Negligence of Defendant Blocker

Plaintiff alleges that the collision and resulting damages and injuries to her were proximately caused by one or more of the following alternative theories of negligence on the part of Defendant BLOCKER in:

1.    Driving while intoxicated

2.    Failing to drive as a reasonable prudent driver;
3.    Failing to pay attention;
4.    Failing to keep a proper lookout;
5.    Failing to take proper evasive action;
6.    Failure to safely apply brakes to avoid a collision;
7.    Failure to honk and give adequate warning of the pending danger;
8.    Failure to turn to the left or right to avoid a collision;
9.    Driving carelessly;
10.   Driving recklessly;
11.   Failure to control the vehicle to avoid injuring other drivers; and,
12.   Failure to take other evasive actions.

Each of the above-alleged acts and/or omissions was other than what a reasonable and prudent person would have done under the same or similar circumstances, and was the proximate cause of damages to Plaintiff.

## VI.

## Negligence  Per Se

Said incident and Plaintiff's injuries and damages were proximately caused by Defendant BLOCKER'S violations of the laws of the State of Texas and of the United States of America constituting *negligence per se*. Defendant BLOCKER was operating the vehicle in violation of the Texas Statutes and Ordinances by driving while intoxicated.

3

## VII.

### <u>Gross Negligence</u>

Plaintiff incorporates all the above paragraphs and would show the Court that Defendant BLOCKER was reckless and acted with conscious disregard to the rights of the public including the Plaintiff by operating the vehicle while intoxicated.

## VIII.

### <u>Negligent Hiring, Training and Supervision of Defendant Energy</u>

Defendant ENERGY had a duty to exercise due care in hiring, supervising, training and retaining employees. More particularly, Defendant had a duty to use ordinary care in hiring employees; a legal duty to protect the public including Plaintiff by inquiring into the competence and qualifications of employees; a legal duty to use ordinary care in adequately supervising their employees; and, a legal duty to use ordinary care to adequately train their employees.

Defendant ENERGY breached their duties and such breach was a direct and proximate cause of Plaintiff's injuries and damages.

Defendant ENERGY was negligent by breaching their duty to Plaintiff in one or more of the following alternative theories of negligence:

1. Failure to adequately train and supervise their driver.

2. Failure to ensure their driver did not drive while intoxicated.

3. Failure to implement safety precautions to prevent injuries such as those suffered by Plaintiffs in similar circumstances.

4. In failing to establish and enforce safety rules and regulations.

5. Failing to teach and educate their employees on the proper procedures under similar

circumstances.

One or more of the foregoing acts and omissions constituted negligence. For this, one or more of the foregoing acts or omissions was a proximate cause of the damages and injuries to Plaintiff.

## IX.

### Vicarious Liability of Defendant Energy

Plaintiffs would show that Defendant ENERGY is liable for the damages and injuries which were caused by the negligence of their employees, agents and representatives. Defendant ENERGY is liable for the acts or omissions of their employees and agents, including those of Defendant BLOCKER. In addition, Defendant ENERGY owed a duty of care to Plaintiff because of their right of control which arose through the course of dealing with their employees, agents or representatives. Defendant ENERGY is liable under the doctrine of respondeat superior; master/servant; principal; agent.

## X.

### Negligent Entrustment of Defendant Energy

Defendant ENERGY entrusted the vehicle involved in this incident to Defendant BLOCKER who was not properly trained to drive their vehicle and failed to assure that he followed Federal Motor Vehicle Transportation Acts, the Rules of the Road and Texas Statutes.

Defendant ENERGY entrusted the vehicle to Defendant BLOCKER knowing that he was unqualified, untrained in operating their vehicles. Defendant ENERGY placed the public and other drivers in danger. Such negligence was a proximate cause of Plaintiff's injuries and damages.

Defendant ENERGY knew or should have known that BLOCKER was a reckless driver

and had unsafe driving practices, and did not conduct safe hiring practices because they did not test their employees for safe driving techniques causing their employee BLOCKER to be unsafe to other drivers and that BLOCKER should not have been driving on the street and that BLOCKER was a danger to the community and driving public.

Defendant ENERGY acted with reckless disregard in the entrustment of the vehicle to Defendant BLOCKER.

## XI.

### Damages to Plaintiff

As a direct result of the occurrence, Plaintiff suffered bodily injuries. Plaintiff was immediately taken by ambulance to Del Sol Medical Center for treatment of her injuries. Plaintiff sustained injuries to her back, left arm and right knee. She was diagnosed with thoracic/lumbar sprain/strain, lumbar spondylosis, chest contusion, left knee contusion, left knee sprain/strain, muscle spasms and post-traumatic headaches. Plaintiff continued having severe pain to her left knee and after an MRI was diagnosed with a medial meniscus tear, and internal derangement that necessitated surgery on January 14, 2015. Plaintiff had to endure the surgery and rigorous physical therapy after the surgery. As a further result of the occurrence, Plaintiff has incurred expenses for medical care, nursing services, medical attention and other expenses.  These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff and the charges made and to be made were the usual and customary charges for such services.

As a direct result of the occurrence, Plaintiff has suffered pain and suffering in the past and Plaintiff will continue to suffer pain and suffering in the future.  Plaintiff has suffered mental anguish in the past and will continue to suffer mental anguish in the future.  As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to her body.  Plaintiff

6

has suffered damages within the jurisdictional limits of this Court.

Plaintiff was also prevented from working and has lost wages. She was also unable to perform her daily activities as a direct result of the subject accident and will continue to be unable to perform her daily activities in the future. Plaintiff has suffered physical pain and suffering in the past and will continue to suffer physical pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. Plaintiff has suffered emotional distress in the past and will continue to suffer emotional distress in the future. As a result of the injuries described above, Plaintiff has suffered and will continue to suffer impairment to her body. Plaintiff has suffered disfigurement in the past and will continue to suffer disfigurement in the future.

In all reasonable probability, Plaintiff will suffer a loss of earning capacity in the future because of the injuries sustained in the subject collision, which was proximately caused by the Defendant's negligence.

The determination of many of these elements of damage is particularly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damage, but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate her.

In compliance with the pleading requirements of *Tex.R.Civ.P.* 47(c), Plaintiff seeks monetary relief of no more than **$75,000.00** which includes damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## XII.

## REQUEST FOR DISCLOSURE

Plaintiff hereby requests that the Defendants disclose, within fifty-one (51) days of service

of this request, the information and material set forth in Rule 194.1(a)-(1) of the Texas Rules of Civil Procedure.

## XIII.

## REQUEST FOR ADMISSIONS

Pursuant to the Texas Rules of Civil Procedure 198, you are required to make a written response to these requests, attached hereto as **EXHIBITS "A & B"**, **FIFTY ONE (51) DAYS** after service:

(1) Admit the truth of any matter within the scope of discovery. (2) Admit the truth of any statements of opinion or of fact or of application of law to fact. (3) Admit the genuineness of any documents served with this request or otherwise made available for inspection or copying. (4) Admit or deny each of the attached requests for admissions. **You are also instructed as follows:**(1) Unless you state an objection or assert a privilege, you must specifically admit or deny the request or explain in detail the reasons that you cannot admit or deny the request. (2) Your response must fairly meet the substance of the request. (3) You may qualify an answer, or deny a request in part, only when good faith requires.(4) Lack of information or knowledge is not a proper response unless you state that a reasonable inquiry was made but that the information or known or easily obtainable is insufficient to enable the responding party to admit or deny. (5) An assertion that the request presents an issue for trial is not a proper response. (6) You are reminded that if you fail to timely respond, the request is considered admitted without the necessity of a court order. (7) If you deny a request for admission and the Plaintiff proves the truth of such matter you may be ordered to pay costs. (8) Your failure to respond as required by the Texas Rules of Civil Procedure to these requests within the time required may result in the

8

imposition of sanctions.

(2)

## XIV.
## INTERROGATORIES AND PRIVILEGE LOG

Please take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil

Procedure, Plaintiff serves and propounds the attached interrogatories, marked hereto as **Exhibit "C & D"**

on Defendants. The attached interrogatories are incorporated by reference as if set forth fully at

length. Defendants are hereby instructed to answer the following interrogatories separately, fully, in

writing under oath as required by Rule 197.2(d) of the Texas Rules of Civil Procedure. The answers

shall be served upon the undersigned counsel within fifty-one (51) days after service of the

interrogatories. Further, demand is made for supplementation of your answers to the

interrogatories as required by the Texas Rules of Civil Procedure. **PRIVILEGE LOG** – Pursuant to

Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendants identify the information

and material withheld. Demand is hereby made that the identity of the information and material

withheld be disclosed within FIFTY ONE (51) days after the date hereof.

## XV.
## PRODUCTION AND PRIVILEGE LOG

Please take notice that pursuant to Rule 196 of the Texas Rules of Civil Procedure,

Defendants are requested to produce and or permit the undersigned attorney to inspect, copy and

reproduce the items hereinafter designated in **Exhibit "E & F"** attached hereto and incorporated by

reference as if set forth fully at length. You must serve a written response to the undersigned

attorney within fifty-one (51) days after service of this Request for Production with regards to the

items requested therein. Further, demand is made for supplementation of your Responses to the

Request for Production as required by the Texas Rules of Civil Procedure. **PRIVILEGE LOG** –

9

Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendants identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be done within FIFTY ONE (51) days after date hereof.

## XVI.
## JURY DEMAND

Plaintiff respectfully requests a trial by jury of the issues presented in this case.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for monetary relief of no more than **$75,000.00,** including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Plaintiff further prays for such other relief, general and special, at law or in equity, to which Plaintiff is entitled,

Respectfully submitted,

**LAW FIRM OF DANIELA LABINOTI, P.C.**
Attorney for Plaintiff
501 N. Kansas, Suite 102
El Paso, Texas 79901
(915) 581-4600 voice
(915) 581-4605 facsimile
Daniela@labinotilaw.com


*/s/ Daniela Labinoti*
**DANIELA LABINOTI**
State Bar No.: 24050900

10

## INSTRUCTIONS

Pursuant to the provisions of Tex. R. Civ. P. Rule 190.3, Plaintiff serves upon Defendants this Level 2 set of disclosure requests, written interrogatories, and requests for production, and requests that said Defendants answer the disclosure requests, interrogatories, and produce for inspection and copying (unless otherwise indicated) the documents and things set out below. Pursuant to Rule 190 and 193. you are requested to (1) number each item which will be produced pursuant to these Requests for Disclosure, Written Interrogatories, and Request for Production with a separate and distinct number or similar identifying designation and (2) to file your written response to these requests for disclosure, written interrogatories, and request for production stating, with regard to each numbered request, the identification or exhibit numbers of the specific items being answered or produced in response to each such Request for Disclosure, Written Interrogatory, or Request for Production. Documents or things which are required to be produced in response to more than one request may be listed by number in response to each request, but the document or thing itself need only be produced one time.  All documents of things to be produced are to be forwarded to the undersigned attorneys attached to or together with your written response.

Plaintiff specifies after fifty-one (51) days from the date of service of these disclosure requests, written interrogatories, and requests for production in the offices of Plaintiff's attorney, Daniela Labinoti, Law Office of Daniela Labnoti, P.C., 501 N. Kansas, Suite 102, El Paso, Texas 79901, as time and place of making such inspection and copying, unless requested items are furnished to Plaintiff's attorney by mail prior to such date.

## EXHIBIT "A"

## REQUEST FOR ADMISSIONS TO DEFENDANT BLOCKER

1.  That on or about the **December 13, 2013**, the vehicle you were driving collided with Plaintiff's vehicle.

2.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, you failed to control your speed before your vehicle collided with Plaintiff's vehicle.

3.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, you failed to control your vehicle to avoid the collision with Plaintiff's vehicle.

4.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, there were no obstructions to your vision.

5.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, you were traveling at a speed that would not allow you to bring your vehicle to a complete stop without colliding with Plaintiff's vehicle.

6.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, you did not see the Plaintiff's vehicle with enough time to take sufficient action to avoid the collision.

7.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, there was not enough distance between your vehicle and the Plaintiff's vehicle to insure that your vehicle would not collide with Plaintiff's vehicle.

8.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, you did not apply the brakes on your vehicle before your vehicle collided with Plaintiff's vehicle.

9.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, you did not apply the brakes on your vehicle with enough time to insure that your vehicle would not collide with Plaintiff's vehicle.

10. That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, you did not maintain a safe distance as you approached the Plaintiff's vehicle.

11. That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, that this collision was avoidable.

12. That on the date stated in Request No. 1 and at the time of the collision made the basis of

this suit, that this collision was not the result of any sudden and unforeseen emergency.

13. That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit that Plaintiff's conduct did not contribute to this accident.

14. Plaintiff has properly named this Defendant in Plaintiff's original complaint.

15. Defendant was driving the vehicle as described in the police report, Exhibit "G", and was involved in a collision on that date while driving.

16. That, at the time of the collision, Defendant owned the vehicle involved in the collision.

17. That, on the date of the collision, Defendant did not have a valid driver's license.

18. That, on the date of the collision, Defendant's driver's license was revoked or suspended.

19. That, on the date of the collision, Defendant was violating a restriction placed on his driver's license.

20. That the condition of the road surface did not contribute to the cause of the collision.

21. That the lighting conditions did not contribute to the cause of the collision.

22. That the weather conditions did not contribute to the cause of the collision.

23. That a sudden emergency did not contribute to the cause of the collision.

24. That Defendant does not contend the collision was unavoidable.

25. That no defect or malfunction in the vehicle Defendant was driving contributed to the cause of the collision.

26. That Defendant does not have normal vision without the use of corrective lenses.

27. That Defendant was not wearing corrective lenses at the time of the collision.

28. That Defendant was under the care of a medical practitioner or other practitioner of the healing arts during the month before the collision.

29. That Defendant was not injured as a result of the collision.

30. That on the date of the collision, Defendant's vehicle struck Plaintiff's vehicle.

31. That on the date of the collision, Defendant did not maintain a proper lookout while driving his vehicle.

32.  That Defendant's failure to maintain a proper lookout immediately before the collision was the proximate cause of Defendant's vehicle striking the Plaintiff's vehicle.

33.  That Defendant was under the influence of drugs or alcohol when the collision occurred.

34.  That Defendant had ingested drugs or alcohol within the 24 hours before the collision.

35.  That Defendant had consumed alcohol within four hours before the collision.

36.  That Defendant's negligence was the sole proximate cause of the collision in question.

37.  That Defendant's negligence was a proximate cause of the collision in question.

38.  That on the date in Request No. 1, Defendant was arrested.

39.  That on the date in Request No. 1 Defendant was arrested for driving while intoxicated.

40.  That on the date in Request No. 1 Defendant was cited for driving while intoxicated.

41.  That Plaintiff did not contribute any negligence to the cause of the collision in question.

42.  That Plaintiff received injuries to several parts of her bodies as a result of the collision.

## EXHIBIT B

## REQUEST FOR ADMISSIONS TO DEFENDANT ENERGY

1. That on or about the **December 13, 2013**, the vehicle driven by Defendant BLOCKER collided with Plaintiff's vehicle.

2. That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, ENERGY'S driver failed to control his speed before his vehicle collided Plaintiff's vehicle.

3. That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, Defendant ENERGY'S driver failed to control his speed and collided with Plaintiff's vehicle.

4. That on the date stated in Request No. 1, at the time of the collision, ENERGY'S driver did nothing to avoid the collision with Plaintiff's vehicle.

5. That, at the time of the collision, Defendant ENERGY owned the vehicle involved in the collision.

6. That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, ENERGY'S driver did not see the Plaintiff's vehicle with enough time to take sufficient action to avoid the collision.

7. That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, ENERGY'S driver did not see the Plaintiff's vehicle with enough time to take sufficient action to avoid the collision.

8. That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, there was not enough distance between ENERGY'S vehicle and the Plaintiff's vehicle to insure that ENERGY'S vehicle would not collide with Plaintiff's vehicle.

9. That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, ENERGY'S driver did not apply the brakes on his vehicle before he vehicle collided with the Plaintiff's vehicle.

10. That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, ENERGY'S driver did not pay attention and avoid the impact with Plaintiff's vehicle.

11. Plaintiff has properly named Defendants ENERGY in Plaintiff's original complaint.

13. Defendant BLOCKER was driving the vehicle as described in the police report, Exhibit "G". and was involved in a collision on that date while driving.

14. That, at the time of the collision, Defendant ENERGY leased the vehicle from Defendant

BLOCKER.

15. That the condition of the road surface did not contribute to the cause of the collision.

16. That the lighting conditions did not contribute to the cause of the collision.

17. That the weather conditions did not contribute to the cause of the collision.

18. That a sudden emergency did not contribute to the cause of the collision.

19. That Defendant does not contend the collision was unavoidable.

20. That Defendant ENERGY'S driver does not have normal vision without the use of corrective lenses.

21. That Defendant BLOCKER was not wearing corrective lenses at the time of the collision.

22. That Defendant BLOCKER was under the care of a medical practitioner or other practitioner of the healing arts during the month before the collision.

23. That on the date of the collision, Defendants ENERGY'S vehicle struck Plaintiff's vehicle.

24. That on the date of the collision, Defendant ENERGY'S driver did not maintain a proper lookout while driving his vehicle.

25. That Defendant ENERGY'S driver's failure to maintain a proper lookout immediately before the collision was the proximate cause of Defendant's vehicle striking Plaintiff's vehicle.

26. That Defendant ENERGY'S driver was under the influence of drugs or alcohol when the collision occurred.

27. That Defendant ENERGY'S driver had ingested drugs or alcohol within the 24 hours before the collision.

28. That Defendant ENERGY'S driver had consumed alcohol within four hours before the collision.

29. That Defendants ENERGY'S driver's negligence was the sole proximate cause of the collision in question.

30. That the negligence of Defendants ENERGY'S driver was a proximate cause of the collision in question.

31. That on the date of the collision, Defendant ENERGY'S driver did not maintain a proper lookout while driving his vehicle.

32. That Defendant's ENERGY'S driver's failure to maintain a proper lookout immediately before

the collision was the proximate cause of Defendant's vehicle striking Plaintiff's vehicle.

33.    That Plaintiff did not contribute any negligence to the cause of the collision in question.

34.    That Plaintiff received injuries to several parts of her body as a result of the collision.

## EXHIBIT "C"

## INTERROGATORIES PROPOUNDED ON DEFENDANT BLOCKER

1.   State your name, address, telephone number, cell phone number, cellular provider on the date and at the time of the incident which serves as the basis of the underlying lawsuit, your social security number and date and place of birth.

2.   Describe in detail you employment status at the present time and at the time of the subject incident, job title and job description, date of commencement and/or termination of employment and salary at such time.

3.   On the date of the incident, describe in detail the vehicle you were driving. If you will, please include information on ownership and the operating condition of the vehicle.

4.   State the name, address and phone number of any person who examined the vehicle for damages arising from this incident.

5.   Was the vehicle that you were operating at the time of the subject accident damaged? If so, describe the damage, state whether it has been repaired, who repaired it and the cost of repairs.

6.   Please state the registered owner of the subject vehicle.

7.   Did you give a statement to anyone regarding the incident and if so, indicate the name, address and telephone number of the person to whom you gave the statement, contents of the statement, and if you gave more than one statement, give the same information regarding each statement.

8.   Describe in detail the incident and each act or omission of each person in the incident. Please direct your attention to the following details in answering this Interrogatory:

     a.   Please state everything that you did, in the order in which it was done, in an attempt to avoid the subject vehicular collision. If you applied the brakes or horn at any time prior to the incident, please state as to your motor vehicle, the speed and the approximate distance in feet from the point of the incident when you so applied the brakes or horn, stating what was used. If there were any tire marks or any other marks on the road as a result of the incident, kindly describe the marks on the road as a result of the incident, kindly describe the marks in detail giving the length and location on the road surface and identify which motor vehicle cause each mark.

     b.   Please state everything you did, or failed to do, which contributed to the incident.

    c.   If there were any obstructions to your view at or near the scene of the incident, please describe each such obstruction in detail, giving its location with relation to the incident.

    d.   If at the time and place of the incident the visibility of the intersecting road was limited or decreased from normal in any way due to glare, design, obstacles, weather or other condition, please describe in complete detail each and every such condition and every action taken to overcome or diminish the adverse effect of each such condition.

    e.   If there were any traffic controls, speed limit signs, signals, lights or other devices located at or near the place of the incident which were in any way involved in the happening of the incident, please describe such control or device indicating the direction of traffic controlled by such device and the manner in which it was involved in the incident.

9.      State in detail any damages you claim to have sustained from the incident.

10.    Describe in detail any citation, arrest, claim or other charge that may have been issued to you as a result of the incident, including grounds for same and the result of any hearing or judgment on the same, the date of such hearing or judgment and any fine, sentence or other penalty imposed.

11.    State in detail any drug or alcohol taken or consumed by you within 72 hours of the incident and any regular drug you had taken at any time within the past year. If alcohol or drug was taken, include the time and date such alcohol was consumed, the name, address and phone number of the provider of the alcohol or drug, the exact name and brand of alcohol, the alcoholic content, type of alcohol or drug, quantity consumed and name, address and phone number of all persons who have knowledge of relevant facts concerning consumption of alcohol.

12.    Describe in detail any insurance covering or potentially covering any claim arising from the occurrence, including types of coverage, limits of coverage, name and address of insurance company, policy number and whether such policy was in effect and paid at the time of the incident. If you will do so without a request to produce, please include a copy of the insurance policy and proof of payment.

13.    Describe in detail any other arrests, convictions, accidents, incidents, license suspension or revocation or traffic citations you have been involved in. Include the dates, location, name, parties, witnesses, nature and extent of damages, hearings, lawsuits, orders, fines, penalties, judgments or convictions arising therefrom, including the details of driver's license, suspension or revocation actions, if any.

14.     Please state your driver's license number, state of issuance, expiration date, any other states you are or have been licensed to operate a motor vehicle, and driver's license number for those states.

15.     Please state the date you were first licensed to drive if your driver license was suspended or not renewed.

16.     Please state any restrictions that are placed on your ability to drive (e.g. corrective lenses).

17.     If you have been convicted of any felony or misdemeanor within the last ten (10) years, please provide the following information:

        a.   The offense(s) for which you were convicted.
        b.   The state(s) and date(s) of any such conviction(s)
        c.   A description of any sentence(s) or punishment served (this includes restitution, probation, etc.).

**PURSUANT TO TEXAS RULES OF EVIDENCE 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.**

16.     Please describe what Plaintiff did that, in your opinion, makes her negligent in the incident which serves as the basis of the underlying lawsuit.

17.     Please state who paid for the damages to the vehicle you were driving at the time of the subject vehicular collision.

18.     Please state if you received injuries as a result of the accident in question.

19.     Please list any other prior or subsequent accidents you has been involved.

20.     State the names, addresses and phone number of all persons who you will call to testify and a summary of their testimony.

21.     State the name, address and phone numbers of all persons who witnessed the accident in question.

23.     Identify the names, addresses and phone numbers of all individuals who were passengers in your vehicle at the time of the subject accident.

24.     Describe in detail the act or omission of each person whose negligence contributed to the occurrence in question.

## EXHIBIT "D"
## INTERROGATORIES PROPOUNDED ON DEFENDANT ENERGY

1. State your driver's name, address, telephone number, cell phone number, cellular provider on the date and at the time of the incident which serves as the basis of the underlying lawsuit, your social security number and date and place of birth.

2. Describe in detail your driver's employment status at the present time and at the time of the subject incident, job title and job description, date of commencement and/or termination of employment and salary at such time.

3. On the date of the incident, describe in detail the vehicle your driver was driving. If you will, please include information on ownership and the operating condition of the vehicle.

4. State the name, address and phone number of any person who examined the vehicle for damages arising from this incident.

5. Was the vehicle that your driver was operating at the time of the subject accident damaged? If so, describe the damage, state whether it has been repaired, who repaired it and the cost of repairs.

6. State the registered owner of the subject vehicle.

7. Describe in detail the incident and each act or omission of each person in the incident.

   Please direct your attention to the following details in answering this Interrogatory:

   a. Please state everything that Defendant BLOCKER did, in the order in which it was done, in an attempt to avoid the subject vehicular collision. If you applied the brakes or horn at any time prior to the incident, please state as to Defendant BLOCKER'S motor vehicle, the speed and the approximate distance in feet from the point of the incident when he applied the brakes or horn, stating what was used. If there were any tire marks or any other marks on the road as a result of the incident, kindly describe the marks on the road as a result of the incident, and describe the marks in detail giving the length and location on the road surface and identify which motor vehicle cause each mark.

   b. Please state everything Defendant BLOCKER did, or failed to do, which contributed to the incident.

   c. If there were any obstructions to Defendant BLOCKER'S view at or near the scene of the incident, please describe each such obstruction in detail, giving its location with relation to the incident.

21

    d.   If at the time and place of the incident the visibility of the intersecting road  was limited or decreased from normal in any way due to glare, design, obstacles, weather or other condition, please describe in complete detail each and every such condition and every action taken to overcome or diminish the adverse effect of each such condition.

    e. If there were any traffic controls, speed limit signs, signals, lights or other devices located at or near the place of the incident which were in any way involved in the happening of the incident, please describe such control or device indicating the direction of traffic controlled by such device and the manner in which it was involved in the incident.

8.    State in detail any damages you claim to have sustained from the incident.

9.    Describe in detail any citation, arrest, claim or other charge that may have been issued to  your driver as a result of the incident, including grounds for same and the result of any hearing or judgment on the same, the date of such hearing or judgment and any fine, sentence or other penalty imposed.

10.    State in detail any drug or alcohol taken or consumed by your driver within 72 hours of the incident and any regular drug your driver had taken at any time within the past year. If alcohol or drug was taken, include the time and date such alcohol was consumed, the name, address and phone number of the provider of the alcohol or drug, the exact name and brand of alcohol, the alcoholic content, type of alcohol or drug, quantity consumed and name, address and phone number of all persons who have knowledge of relevant facts concerning consumption of alcohol.

11.    Describe in detail any insurance covering or potentially covering any claim arising from  the occurrence, including types of coverage, limits of coverage, name and address of insurance company, policy number and whether such policy was in effect and paid at the time of the incident. If you will do so without a request to produce, please include a copy of the insurance policy and proof of payment.

12.    Describe in detail any other arrests, convictions, accidents, incidents, license suspension  or revocation or traffic citations your driver has been involved in.  Include the dates, location, name, parties, witnesses, nature and extent of damages, hearings, lawsuits, orders, fines, penalties, judgments or convictions arising therefrom, including the details of driver's license, suspension or revocation actions, if any.

13.    Please state your driver's license number, state of issuance, expiration date, any other states he is or has been licensed to operate a motor vehicle, and driver's license number for those states.

14.    Please state the date your driver was first licensed to drive and if his license has ever been suspended or not renewed.

15. If your driver has been convicted of any felony or misdemeanor within the last ten (10) years, please provide the following information:

    a.    The offense(s) for which he was convicted.
    b.    The state(s) and date(s) of any such conviction(s)
    c.    A description of any sentence(s) or punishment served (this includes restitution, probation, etc.).

**PURSUANT TO TEXAS RULES OF EVIDENCE 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.**

16. Please describe what Plaintiff did that, in your opinion, makes her negligent in the incident which serves as the basis of the underlying lawsuit.

16. Please state the relationship between you and Defendant BLOCKER, indicating in your answer if he was an employee, independent contractor, etc., and state the length of time the relationship has existed.

18. Please list any other prior or subsequent accidents your driver has been involved.

19. State the names, addresses and phone number of all persons who you will call to testify and a summary of their testimony.

20. State the name, address and phone numbers of all persons who witnessed the accident in question.

22. Describe in detail the act or omission of each person whose negligence contributed to the occurrence in question.

23. Identify the names, addresses and phone numbers of all individuals who were passengers in your vehicle at the time of the subject accident.

## EXHIBIT "E"

## REQUEST FOR PRODUCTION TO DEFENDANT BLOCKER

1.   Inspection and photographing of Defendant's vehicle.

2.   The Declaration Sheet and policy of insurance insuring Defendant in this claim.

3.   Any photographs, drawing, sketches, video recordings, motion pictures, tapes, recordings, graphic depiction or other tangible evidence concerning the scene of the accident, the vehicle involved in the collision or the parties or witnesses to this case.

4.   All statements made by Plaintiff.

5.   All damages, estimates, maintenance records, and pictures of Defendant's vehicle involved in the collision made the subject of this suit.

6.   All investigation reports, accident reports, statements by witnesses (oral or recorded) concerning the accident made the subject of this suit which were generated prior to your receipt of notice from Plaintiff's attorney that Plaintiff was making a claim.

7.   Copy of your driving and accident record.

8.   Any documents showing the names, addresses and phone number of all persons with knowledge of relevant facts regarding any matter in any way related to the issues involved in this lawsuit.

9.   Any and all reports, mental impressions, opinions, notes, resumes, physical models, compilations of data, statement or other written materials of any kind from any expert witness who will testify in this case or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert.  If the discoverable factual observations, test, supporting data, calculations, photographs or opinions of any such expert witness who will be called as a witness have not been recorded or reduced to tangible form, those matters are hereby requested to be reduced to tangible form and produced.

10.  Photographs and videotapes identified in your response to the Interrogatories.

11.  Narrative summaries prepared by any person identified in your response to the Interrogatories.

12.  Photographs and videotapes of any surveillance of Plaintiff.

13.  All medical records of Plaintiff received by Defendant.

14.  All incident reports for any injury suffered by Plaintiff.

24

15.     All documents where Plaintiff's signature is contained on the document.

16.     All documents obtained pursuant to any authorization signed by Plaintiff.

17.     All documents concerning any alleged criminal violation committed by Plaintiff.

18.     All photographs or videotapes taken by Defendant in response to Plaintiff's alleged injuries including, but not limited to, all videos or photographs taken by any private investigator for which Defendant has access to the photographs or videotapes.

19.     All medical records of Plaintiff received from any source.

20.     All documents concerning any of Plaintiff's previous or subsequent employers obtained by Defendant.

21.     A copy of the accident report or any incident report prepared relating to this accident.

22.     Pursuant to Texas Rules of Evidence 609, please produce all documents you have which suggests Plaintiff, Defendant, or any witness identified in this lawsuit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude.   Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

        **PURSUANT TO TEX. R. EVID. 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.**

23.     Please produce a copy of your current driver's license, if any, both front and back.

24.     Please produce a copy of your Social Security Card, if any, both front and back.

25.     If you do not have a driver's license, please produce a copy of any current identification card or document, both front and back.

26.     Please produce a true and correct copy of the registration, certificate of insurance and title certificate of the vehicle that you were driving at the time of the accident.

27.     All documents pertaining to any other motor vehicle accidents in which you have been involved in during your lifetime.

28.     Produce a copy of your cell phone statement showing incoming and outgoing calls for the month when the incident made the basis of this suit happened.

## EXHIBIT "F"

## REQUEST FOR PRODUCTION TO DEFENDANT ENRERGY

1. Complete personnel file of Defendant Nicholas James Blocker, including but not limited to the application for employment, disciplinary file, write ups, evaluation, incident reports, moving violations, MVR records, including employee evaluations and any worker's compensation, or worker's injury file, medical file, disciplinary and all other file subparts. For purposes of this request, "personnel file" is defined as any documents or information in your possession which relate to Plaintiff's employment with you, regardless of whether such information is maintained in different locations, files or folders.

2. Complete file of any relationship between Defendant and Defendant Nicholas James Blocker, i.e. employer/employee, leasor/leasee, or any other contractual relationship.

3. Any accident report form or incident report completed by Defendant Nicholas James Blocker in connection with the incident made the basis of this lawsuit.

4. Please provide any photos that depict the damages to the vehicle driven by Defendant Nicholas James Blocker on the day of the incident made subject of this suit.

5. Please provide any documents and/or tangible things that show the repairs and/or estimate of repairs, for the vehicle driven by Defendant Nicholas James Blocker on the day of the incident made subject of this suit.

6. Please produce all reprimands, write-ups involving Defendant Nicholas James Blocker in connection with the incident made the basis of this lawsuit.

7. Please produce any and all emails, letters, correspondence, investigation reports, statements, memos, notes, other than work product and/or attorney client communication involving the incident in question.

8. Please produce the entire medical records for the eye procedures, examination, prescription, treatment and entire medical file for the eye care/eye exams/procedures of eyes /glasses/contacts/disease/prescription for Defendant Nicholas James Blocker.

9. Please produce any communications, memos, change of status involving Defendant Nicholas James Blocker, including but not limited to his:
   a) disqualification as a driver;
   b) notice of resignation.

10. Please produce any documents and/or tangible things that show depict Defendant Nicholas James Blocker's disqualification as a driver after the incident in question.

11. Please produce any documents and/or tangible things that show depict all the assessments/evaluations of Defendant Nicholas James Blocker before the incident in question.

12. Please produce any documents and/or tangible things that show depict all the assessments/evaluations of Defendant Nicholas James Blocker after the incident in question.

13. Describe this Defendant. Please include information address of Defendant and net worth of Defendant.

14. Describe with particularity the relationships and agreements between the named Defendant and any other person, firm or entity with regard to the ownership, maintenance, inspection and repair of the vehicle made the subject of this suit.

15. Provide any and all documentation including videos, manuals, notebooks, pamphlets and posters, provided to or shown to Defendant Nicholas James Blocker at the time of hiring or during the course of his employment or other relationship with you relating to driver training, safety or driving while intoxicated.

16. Provide copies of any and all Employee Training Manuals or Employee Policy Manuals and all documents including internal company memoranda and e-mails evidencing the policies that apply to all individuals operating vehicles owned by your company, including but not limited to information on driving while intoxicated and overall drive safety.

17. Provide copies of any and all policies and procedures relating to any actions taken or to be taken by you when one of your vehicles is involved in an accident, including your policies or procedures for investigating such accidents.

18. Provide all documentation including videos, manuals, notebooks, pamphlets, posters and "company" or internal memoranda and e-mails given to or shown to your employees, contractors and/or drivers regarding driver safety, including but not limited to driving while intoxicated.

19. If your employees, contractors and/or drivers have received any training via courses or classes regarding safe driving practices, including but not limited to driving while intoxicated, provide all documentation showing attendance in such courses or classes by Defendant Blocker and all class or course material including videos, manuals, notebooks, pamphlets and posters received during such training.

19. Produce all working papers, notes, calculations, diagrams, photographs, models, exhibits, and other documents, including reports and factual observations, prepared or reviewed by any expert who will testify at trial.

20. Produce all photographs, videotapes, depictions, and drawings that depict or pertain in any way to the subject matter of this suit.

21. Produce all statements made by any person or their representatives relating the subject matter of this suit.

22. Produce all documents that contain impeachment or rebuttal evidence.

23. Produce all investigations, reports, or other documentation, other than privileged communications, regarding your investigation of the accident made the basis of this lawsuit.

27

# EXHIBIT G

Law Enforcement and TxDOT Use ONLY

☐ FATAL ☑ CMV ☐ SCHOOL BUS ☐ RAILRO ☐ MAB ☑ SUPPLEMENT ☐ ACTIVE SCHOOL ZONE

| Total Num. UI | 3 | Total Num. Prsns. | | TxDOT Crash ID |
|---|---|---|---|---|

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2010)**

Mail to: Texas Department of Transportation, Crash Records, P.O. Box 149349, Austin, TX 78714. Questions? Call (512) 486-5780
Refer to Attached Code Sheet for Numbered Fields
∗= These fields are required on all additional sheets submitted to crash (ex: additional vehicles, occupants, injured etc.).

Page 1 of 4

**IDENTIFICATION AND LOCATION**

| ∗Crash Date (MM/DD/YYYY) | 1 2 / 1 3 / 2 0 1 3 | ∗Crash Time (24HRMM) | 1 7 2 5 | Case ID | 13-347227 | Local Use | |
|---|---|---|---|---|---|---|---|

| ∗County Name | EL PASO | | ∗City Name | EL PASO | ☐ Outside City Limit |
|---|---|---|---|---|---|

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☑ Yes ☐ No
Latitude (decimal degrees) _ _ . _ _ _ _ Longitude (decimal degrees) _ _ _ . _ _ _ _

**ROAD ON WHICH CRASH OCCURED**

| ∗1 Rdwy. Sys. | SH | ∗Hwy. Num. | 10 | 2 Rdwy. Part | 1 | Block Num. | | 3 Street Prefix | E | ∗Street Name | MM30 I-10 EAST | 4 Street Suffix | HWY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot   ☐ Toll Road/Toll Lane   Speed Limit 60   Const. Zone ☐ Yes ☑ No   Workers Present ☐ Yes ☑ No   Street Desc. ONE WAY, THREE LANE

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

At ☐ Yes 1 Rdwy. Int. ☑ No Sys. LR   Hwy. Num.   2 Rdwy. Part 1   Block Num. 1200   3 Street Prefix   Street Name LOMALAND   4 Street Suffix DR

| Distance from Int. or Ref. Marker | 0.50 | ☐ FT ☑ MI | 3 Dir. from Int. or Ref. Marker W | Reference Marker | Street Desc. TWO WAY, FIVE LANE, | RRX Num. | |
|---|---|---|---|---|---|---|---|

**VEHICLE, DRIVER & PERSONS**

| Unit Num. | 1 | 5 Unit Desc. | 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State WY | LP Num. A1976 | VIN 1 G C H K 2 3 6 5 7 F 5 8 8 3 8 |
|---|---|---|---|---|---|---|---|---|

| Veh. Year | 2 0 0 7 | 6 Veh. Color WHI | Veh. Make CHEVROLET | Veh. Model C/K 2500 | 7 Body Style TR | ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|---|

| 8 DL/ID Type | 1 | DL/ID State WY | DL/ID Num. 105885495 | 9 DL Class 98 | 10 CDL End. 98 | 11 DL Rest. 98 | DOB (MM/DD/YYYY) 0 4 / 2 3 / 1 9 7 9 |
|---|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP) 720 W. MAIN, SARATOGA, WY 82331

| Person Num | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver Or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | BLOCKER, NICHOLAS JAMES | N | 34 | W | 1 | 1 | 1 | 2 | 97 | N | 1 | 0.146 | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each unit.

☐ Owner ☐ Lessee   Owner/Lessee name & Address   BLOCKER, NICHOLAS JAMES 720 W. MAIN, SARATOGA, WY 82331

Proof of Fin. Resp. ☑ Yes ☐ No ☐ Expired ☐ Exempt   26 Fin. Resp. Type 2   Fin. Resp. Name ALLIED PROPERTY & CASUALTY   Fin. Resp. Num. ACP-BAPC 7553660434

Fin. Resp. Phone Num. 866-322-3214   27 Vehicle Damage Rating 1 1 2 F D 5   27 Vehicle Damage Rating 2   Vehicle Inventoried ☑ Yes ☐ No

Towed By SUN CITY TOWING   Towed To MUNICIPAL VEHICLE STORAGE FACILITY

| Unit Num. | 2 | 5 Unit Desc. | 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State TX | LP Num. BWW1536 | VIN 1 F T E X 1 E V 6 A F A 1 4 6 5 6 |
|---|---|---|---|---|---|---|---|---|

| Veh. Year | 2 0 1 0 | 6 Veh. Color RED | Veh. Make FORD | Veh. Model F-150 | 7 Body Style PK | ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|---|

| 8 DL/ID Type | 1 | DL/ID State TX | DL/ID Num. 00592155 | 9 DL Class C | 10 CDL End. | 11 DL Rest. 96 | DOB (MM/DD/YYYY) 0 4 / 2 3 / 1 9 6 2 |
|---|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP) 9133 SWEET ACACIA, EL PASO, TX 79907

| Person Num | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver Or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | ROSAS, MARIA LUZ | C | 51 | H | 2 | 1 | 1 | 97 | N | | | | 96 | 97 | 97 |
| 2 | 2 | 3 | ROSAS, IRVIN | C | 22 | H | 1 | 1 | 1 | 1 | 97 | N | | | | | |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each unit.

☑ Owner ☐ Lessee   Owner/Lessee name & Address   ROSAS, MARIA LUZ 9133 SWEET ACACIA, EL PASO, TX 79907

Proof of Fin. Resp. ☑ Yes ☐ No ☐ Expired ☐ Exempt   26 Fin. Resp. Type 2   Fin. Resp. Name FARMERS   Fin. Resp. Num. 44165026

Fin. Resp. Phone Num. 915-771-6151   27 Vehicle Damage Rating 1 6 B D 5   27 Vehicle Damage Rating 2

Towed By SUN CITY TOWING   Towed To TOWED TO OWNER/DRIVER'S REQUEST

PUBLIC RECORD INFORMATION
ALL CASE ELEMENTS SUBJECT TO MOTOR/DRIVER HAVE BEEN REMOVED IN ACCORDANCE WITH OPEN RECORDS ACT (§552.172 V.A.C.S.)

Law Enforcement and TxDOT Use ONLY.
Form CR-3 01/01/2010

| Case ID | .7227 | TxDOT Crash ID | | Page 2 of 4 |

### DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HRMM) |
|---|---|---|---|---|---|
| 2 | 1 | SIERRA PROVIDENCE EAST | FIRE MEDICAL SERVICE | __/__/____ | |
| 2 | 2 | SIERRA PROVIDENCE EAST | FIRE MEDICAL SERVICE | __/__/____ | |
| 3 | 1 | SIERRA PROVIDENCE EAST | FIRE MEDICAL SERVICE | __/__/____ | |
| | | | | __/__/____ | |
| | | | | __/__/____ | |

### CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| 1 | 1 | DRIVING WHILE INTOXICATED BAC >= 0.15 | DIMS CASE |

### DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |

### CMV

| Unit Num. | ☐ 10,001+ LBS. ☐ TRANSPORTING HAZARDOUS MATERIAL | ☐ 9+ CAPACITY | 28 Veh. Oper. | 29 Carrier ID Type | Carrier ID Num. |
|---|---|---|---|---|---|

| Carrier's Corp. Name | | Carrier's Primary Addr. | | | |
|---|---|---|---|---|---|
| 30 Rdwy. Access | 31 Veh. Type | ☐ RGVW ☐ GVWR | HazMat Released ☐ Yes ☐ No | 32 HazMat Class Num. | 32 HazMat ID Num. | 32 HazMat Class Num. | 32 HazMat ID Num. |
| 33 Cargo Body Style | Trailer 1 | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | Trailer 2 | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type |

### FACTORS & CONDITIONS

| Sequence Of Events | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Total Num. Axles | Total Num. Tires |
|---|---|---|---|---|---|---|

| | 36 Contributing factors (Investigator's Opinion) | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit Num. | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 1 | 67 | 44 | | | | | | | | | |
| 2 | | | | | 1 | 3 | 97 | 4 | 1 | 1 | 17 |

### NARRATIVE AND DIAGRAM

**Investigator's Narrative Opinion of What Happened (Attach Additional Sheets If Necessary)**

Indicate North

Field Diagram - Not to Scale

I-10 East MM-29 is a three lane, one way roadway running east. Unit # 1 was traveling on the inside lane when it struck Unit #2 from behind who was stopped for traffic. Unit #2 then struck Unit # 3 from Unit # 1's impact. Driver from Unit #2 claimed injuries to her head, neck and back and the passenger claimed injury to his head. Driver from Unit # 3 also claimed injuries to his head, neck and back. All injured parties were taken to Sierra Medical East to receive further medical treatment. There were no witnesses located at the scene. An incident report was also created utilizing the same case number (13-347227).

N    I-10 MM-30

Unit 2 —— Unit 3

Unit 1

### INVESTIGATOR

| Time Notified (24HRMM) | 1 7 2 6 | How Notified | DISPATCHED | Time Arrived (24HRMM) | 1 7 3 5 | Report Date (MM/DD/YYYY) | 1 2 / 1 3 / 2 0 1 3 |
|---|---|---|---|---|---|---|---|

| Invest. Comp. | ☒ Yes ☐ No | Investigator Name (Printed) | NEVAREZ, EMILIANO | | | ID | 02648 |

| ORI Num. | T X 0 7 1 0 2 0 0 | * Agency | EL PASO POLICE DEPARTMENT | | | | 6 |

PUBLIC RECORD INFORMATION
ALL CASE ELEMENTS SUBJECT TO NONDISCLOSURE
HAVE BEEN REMOVED IN ACCORDANCE WITH THE
TEXAS OPEN RECORDS ACT (5252-17a P.C.)
BY:

Law Enforcement and TxDOT Use ONLY

☐ FATAL  ☑ CMV  ☐ SCHOOL BUS  ☐ RAILRO...  ☐ MAB  ☐ SUPPLEMENT  ☐ ACTIVE SCHOOL ZONE

| Total N... U... | | Total Num. Prsns. | | TxDOT Crash ID |
|---|---|---|---|---|
| | 3 | | 4 | |

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2010)**

Mail to: Texas Department of Transportation, Crash Records, P.O. Box 149349, Austin, TX 78714. Questions? Call (512) 486-5780
Refer to Attached Code Sheet for Numbered Fields
*= These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured etc.).

Page 3 of 4

## IDENTIFICATION AND LOCATION

* Crash Date (MM/DD/YYYY) 1 2 / 1 3 / 2 0 1 3   * Crash Time (24HRMM) 1 7 2 5   Case ID 13-347227   Local Use

* County Name EL PASO   * City Name EL PASO   ☐ Outside City Limit

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☑ Yes ☐ No   Latitude (decimal degrees)   Longitude (decimal degrees)

**ROAD ON WHICH CRASH OCCURED**

* 1 Rdwy. Sys. SH   * Hwy. Num. 10   2 Rdwy. Part 1   Block Num.   3 Street Prefix E   * Street Name MM30 I-10 EAST   4 Street Suffix HWY

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot   ☐ Toll Road/ Toll Lane   Speed Limit 60   Const. Zone ☐ Yes ☑ No   Workers Present ☐ Yes ☑ No   Street Desc ONE WAY, THREE LANE

*INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER*

At Int. ☐ Yes ☑ No   1 Rdwy. Sys. LR   Hwy. Num.   2 Rdwy. Part 1   Block Num. 1200   3 Street Prefix   Street Name LOMALAND   4 Street Suffix DR

Distance from Int. or Ref. Marker 0.50   ☐ FT ☑ MI   3 Dir. from Int. or Ref. Marker W   Reference Marker   Street Desc. TWO WAY, FIVE LANE,   RRX Num.

## VEHICLE, DRIVER, & PERSONS

Unit Num. 3   5 Unit Desc. 1   ☐ Parked Vehicle   ☐ Hit and Run   LP State TX   LP Num. 32WCW6   VIN 1 F T P W 1 4 V 9 7 K C 9 3 0 5 0

Veh. Year 2 0 0 7   6 Veh. Color BLU   Veh. Make FORD   Veh. Model F-150   7 Body Style PK   ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type 1   DL/ID State TX   DL/ID Num. 06540515   9 DL Class C   10 CDL End. 96   11 DL Rest. 96   DOB (MM/DD/YYYY) 0 9 2 5 1 9 6 0

Address (Street, City, State, ZIP) 2129 SHREYA, EL PASO, TX 79938

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver Or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | PAZ, FRANCISCO | C | 53 | H | 1 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each unit.

☑ Owner ☐ Lessee   Owner/Lessee name & Address PAZ, FRANCISCO 2129 SHREYA, EL PASO, TX 79938

Proof of Fin. Resp. ☑ Yes ☐ No   ☐ Expired ☐ Exempt   26 Fin. Resp. Type 2   Fin. Resp. Name GEICO   Fin. Resp. Num. 4279753323

Fin. Resp. Phone Num. 915-588-7837   27 Vehicle Damage Rating 1 6 - B D - 2   27 Vehicle Damage Rating 2 - -   Vehicle Inventoried ☐ Yes ☑ No

Towed By   Towed To

---

Unit Num.   5 Unit Desc.   ☐ Parked Vehicle   ☐ Hit and Run   LP State   LP Num.   VIN

Veh. Year   6 Veh. Color   Veh. Make   Veh. Model   7 Body Style   ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type   DL/ID State   DL/ID Num.   9 DL Class   10 CDL End.   11 DL Rest.   DOB (MM/DD/YYYY)

Address (Street, City, State, ZIP)

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver Or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each unit.

☐ Owner ☐ Lessee   Owner/Lessee name & Address

Proof of Fin. Resp. ☐ Yes ☐ No   ☐ Expired ☐ Exempt   26 Fin. Resp. Type   Fin. Resp. Name   Fin. Resp. Num.

Fin. Resp. Phone Num.   27 Vehicle Damage Rating 1   27 Vehicle Damage Rating 2   Vehicle Inventoried ☐ Yes ☐ No

Towed By   Towed To

PUBLIC RECORD INFORMATION
ALL CASE ELEMENTS SUBJECT TO NONDISCLOSURE
HAVE BEEN REMOVED IN ACCORDANCE WITH THE
TEXAS OPEN RECORDS ACT (6252-17a V.A.C.S.)
BY:

Law Enforcement and TxDOT Use ONLY.
Form CR-3 01/01/2010

**Case ID** .7227   **TxDOT Crash ID**   Page 4 of 4

**DISPOSITION OF INJURED/KILLED**

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HRMM) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**CHARGES**

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |

**DAMAGE**

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |

**CMV**

Unit Num.   ☐ 10,001+ LBS. ☐ TRANSPORTING HAZARDOUS MATERIAL   ☐ 9+ CAPACITY   28 Veh. Oper.   29 Carrier ID Type   Carrier ID Num.

Carrier's Corp. Name   Carrier's Primary Addr.

30 Rdwy. Access   31 Veh. Type   ☐ RGVW ☐ GVWR   HazMat Released ☐ Yes ☐ No   32 HazMat Class Num.   32 HazMat ID Num.   32 HazMat Class Num.   32 HazMat ID Num.

33 Cargo Body Style   Trailer 1   Unit Num.   ☐ RGVW ☐ GVWR   34 Trlr. Type   Trailer 2   Unit Num.   ☐ RGVW ☐ GVWR   34 Trlr. Type

Sequence Of Events   35 Seq. 1   35 Seq. 2   35 Seq. 3   35 Seq. 4   Total Num. Axles   Total Num. Tires

**FACTORS & CONDITIONS**

| 36 Contributing factors (Investigator's Opinion) | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Unit Num. | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 3 | | | | | 1 | 3 | 97 | 4 | 1 | 1 | 17 |

**NARRATIVE AND DIAGRAM**

Investigator's Narrative Opinion of What Happened (Attach Additional Sheets If Necessary)

Indicate North

Field Diagram - Not to Scale



N

I-10 MM-30

Unit 1   Unit 2   Unit 3

**INVESTIGATION**

Time Notified (24HRMM) 1 7 2 6   How Notified DISPATCHED

Invest. Comp. ☑ Yes ☐ No   Investigator Name (Printed) NEVAREZ, EMILIANO

ORI Num. T X 0 7 1 0 2 0 0   * Agency EL PASO POLICE DEPARTMENT

Time Arrived (24HRMM) 1 7 3 5   Report Date 1 2 1 3 2 0 1 3

Service Region/Area 1 8 6 1

ALL CASE ELEMENTS SUBJECT TO NON-DISCLOSURE HAVE BEEN REMOVED IN ACCORDANCE WITH THE TEXAS OPEN RECORDS ACT

**Texas Peace Officer's Crash Report – Code Sheet**
Numbered Fields on the CR-3 Refer to the Numbered Lists on this Code Sheet. Each list includes the codes that may be entered on the form and the description of each code.

**1. Roadway System**
- IH = Interstate
- US = US Highway
- SH = State Highway
- FM = Farm to Market
- RR = Ranch Road
- RM = Ranch to Market
- BI = Business Interstate
- BU = Business US
- BS = Business State
- BF = Business FM
- SL = State Loop
- TL = Toll Road
- AL = Alternate
- SP = Spur
- CR = County Road
- PR = Park Road
- PV = Private Road
- RC = Recreational Road
- LR = Local Road/Street (Street, Road, Ave., Blvd., PL, Trl., Beach, Alley, Boat Ramp, etc.)

**2. Roadway Part**
- 1 = Main/Proper Lane
- 2 = Service/Frontage Road
- 3 = Entrance/On Ramp
- 4 = Exit/Off Ramp
- 5 = Connector/Flyover
- 98 = Other (Explain in Narrative)

**3. Street Prefix.**
**Direction from Int. or Ref. Marker**
- N = North
- NE = Northeast
- E = East
- SE = Southeast
- S = South
- SW = Southwest
- W = West
- NW = Northwest

**4. Street Suffix**
- RD = Road
- ST = Street
- DR = Drive
- AVE = Avenue
- BLVD = Boulevard
- PKWY = Parkway
- LN = Lane
- FWY = Freeway
- HWY = Highway
- WAY = Way
- TRL = Trail
- LOOP = Loop
- EXPY = Expressway
- CT = Court
- CIR = Circle
- PL = Place
- PARK = Park
- CV = Cove

**6. Unit Description**
- 1 = Motor Vehicle
- 2 = Train
- 3 = Pedalcyclist
- 4 = Pedestrian
- 5 = Motorized Conveyance
- 6 = Towed/Trailer
- 7 = Non-Contact
- 98 = Other (Explain in Narrative)

**6. Vehicle Color**
- BGE = Beige
- BLK = Black
- BLU = Blue
- BRZ = Bronze
- BRO = Brown
- CAM = Camouflage
- CPR = Copper
- GLD = Gold
- GRY = Gray
- GRN = Green
- MAR = Maroon
- MUL = Multicolored
- ONG = Orange
- PNK = Pink
- PLE = Purple
- RED = Red
- SIL = Silver
- TAN = Tan
- TEA = Teal (green)
- TRQ = Turquoise (blue)
- WHI = White
- YEL = Yellow
- 98 = Other (Explain in Narrative)
- 99 = Unknown

**7. Body Style**
- P2 = Passenger Car, 2-Door
- P4 = Passenger Car, 4-Door
- PK = Pickup
- AM = Ambulance
- BU = Bus
- SB = Yellow School Bus
- FE = Farm Equipment
- FT = Fire Truck
- MC = Motorcycle
- SV = Sport Utility Vehicle
- PC = Police Car/Truck
- PM = Police Motorcycle
- TL = Trailer, Semi-Trailer, or Pole Trailer
- TR = Truck
- TT = Truck Tractor
- VN = Van
- 98 = Other (Explain in Narrative)
- 99 = Unknown

**8. Driver License/ID Type**
- 1 = Driver License
- 2 = Commercial Driver Lic.
- 3 = Occupational
- 4 = ID Card
- 5 = Unlicensed
- 98 = Other
- 99 = Unknown

**9. Driver License Class**
- A = Class A
- AM = Class A and M
- B = Class B
- BM = Class B and M
- C = Class C
- CM = Class C and M
- M = Class M
- 5 = Unlicensed
- 98 = Other/Out of State
- 99 = Unknown

**10. Commercial Driver License Endorsements**
- H = Hazardous Materials
- N = Tank Vehicles
- P = Passengers
- S = School Bus
- T = Double/Triple Trailer
- X = Tank Vehicle with HazMat
- 5 = Unlicensed
- 98 = None
- 99 = Unknown

**11. Driver License Restrictions**
- A = With Corrective Lenses
- B = LOFS Age 21 or Over
- C = Daytime Only
- D = Not to Exceed 45 MPH
- E = No Expressway Driving
- F = Must Hold Valid Learner Lic. to MM/DD/YY
- G = TRC 545.424 Applies until MM/DD/YY
- H = Vehicle Not to Exceed 26,000 lbs GVWR
- I = Vehicle Not to Exceed 250 CC
- J = Licensed Motorcycle Operator Age 21 or Over In Sight
- K = Moped
- L = Vehicle w/o Air Brakes – Applies to Vehicles Requiring CDL
- M = CDL Intrastate Commerce Only
- N = Ignition Interlock Required
- O = Occ./Essent. Need DL-No CMV- See Court Order
- P = Stated on License
- Q = LOFS 21 or Over Vehicle Above Class B
- R = LOFS 21 or Over Vehicle Above Class C
- S = Outside Rear View Mirror or Hearing Aid
- T = Automatic Transmission
- U = Applicable Prosthetic Devices
- V = Applicable Vehicle Devices
- W = Power Steering
- X = Vehicle Not to Exceed Class C
- Y = Valid TX Vision or Limb Waiver Req'd.
- Z = Valid Fed. Vision or Limb Waiver Req'd.
- 5 = Unlicensed
- 98 = None
- 99 = Other/Out of State
- 99 = Unknown

**12. Person Type**
- 1 = Driver
- 2 = Passenger/Occupant
- 3 = Pedalcyclist
- 4 = Pedestrian
- 5 = Driver of Motorcycle Type Vehicle
- 6 = Passenger/Occupant on Motorcycle Type Vehicle
- 98 = Other (Explain in Narrative)
- 99 = Unknown

**13. Seat Position**
- 1 = Front Left
- 2 = Front Center
- 3 = Front Right
- 4 = Second Seat Left
- 5 = Second Seat Center
- 6 = Second Seat Right
- 7 = Third Seat Left
- 8 = Third Seat Center
- 9 = Third Seat Right
- 10 = Cargo Area
- 11 = Outside Vehicle
- 13 = Other in Vehicle
- 14 = Passenger in Bus
- 16 = Pedestrian, Pedalcyclist, or Motorized Conveyance
- 98 = Other (Explain in Narrative)
- 99 = Unknown

**14. Injury Severity**
- A = Incapacitating Injury
- B = Non-Incapacitating Injury
- C = Possible Injury
- K = Killed
- N = Not Injured
- 99 = Unknown

**15. Ethnicity**
- W = White
- B = Black
- H = Hispanic
- A = Asian
- I = Amer. Indian/ Alaskan Native
- 98 = Other
- 99 = Unknown

**16. Sex**
- 1 = Male
- 2 = Female
- 99 = Unknown

**17. Elected**
- 1 = No
- 2 = Yes
- 3 = Yes, Partial
- 97 = Not Applicable
- 99 = Unknown

**18. Restraint Used**
- 1 = Shoulder and Lap Belt
- 2 = Shoulder Belt Only
- 3 = Lap Belt Only
- 4 = Child Seat, Facing Forward
- 5 = Child Seat, Facing Rear
- 6 = Child Seat, Unknown
- 7 = Child Booster Seat
- 96 = None
- 97 = Not Applicable
- 98 = Other (Explain in Narrative)
- 99 = Unknown

**19. Airbag**
- 1 = Not Deployed
- 2 = Deployed, Front
- 3 = Deployed, Side
- 4 = Deployed, Rear
- 5 = Deployed, Multiple
- 97 = Not Applicable
- 99 = Unknown

**20. Helmet Use**
- 1 = Not Worn
- 2 = Worn, Damaged
- 3 = Worn, Not Damaged
- 4 = Worn, Unk. Damage
- 97 = Not Applicable
- 98 = Unknown if Worn

**21. Solicitation**
- Y = Solicit
- N = No Solicit

**22. Alcohol Specimen Type**
- 1 = Breath
- 2 = Blood
- 3 = Urine
- 4 = Refused
- 96 = None
- 98 = Other (Explain in Narrative)

**23. Drug Specimen Type**
- 2 = Blood
- 3 = Urine
- 4 = Refused
- 96 = None
- 98 = Other (Explain in Narrative)

**24. Drug Test Result**
- 1 = Positive
- 2 = Negative
- 97 = Not Applicable
- 99 = Unknown

**25. Drug Category**
- 2 = CNS Depressants
- 3 = CNS Stimulants
- 4 = Hallucinogens
- 6 = Narcotic Analgesics
- 7 = Inhalants
- 8 = Cannabis
- 10 = Dissociative Anesthetics
- 11 = Multiple Drugs (Explain in Narrative)
- 97 = Not Applicable
- 98 = Other Drugs (Explain in Narrative)
- 99 = Unknown

**26. Financial Responsibility Type**
- 1 = Liability Insurance Policy
- 2 = Proof of Liability Insurance
- 3 = Insurance Binder
- 4 = Surety Bond
- 5 = Certificate of Deposit with Comptroller
- 6 = Certificate of Deposit with County Judge
- 7 = Certificate of Self-Insurance

**27. Vehicle Damage Rating**
In most cases, enter in the format XX-ABC-Y, where
XX is the Direction of Force (1-12),
ABC is the Damage Description 2- or 3-letter code),
and Y is the Damage Severity (0-7).

In special cases, use:
- VB-1 = vehicle burned, NOT due to collision
- VB-7 = vehicle catches fire due to the collision
- TP-0 = too damage only
- VX-0 = undercarriage damage only
- MC-1 = motorcycle, moped, scooter, etc.
- NA = Not Applicable (Farm Tractor, etc.)

PUBLIC RECORD INFORMATION
ALL CASE ELEMENTS HAVE BEEN REMOVED IN ACCORDANCE WITH THE TEXAS OPEN RECORDS ACT (6252-17a V.A.C.S.)
DATE: _____
BY: _____

Numbered Fields on the CR-3 Refer to the Numbered Lists on this Code Sheet. Each list includes the codes that may be entered on the form and the description of each code.

**COMMERCIAL MOTOR VEHICLE**

| 28. Vehicle Operation | 29. Carrier ID Type | 30. Roadway Access | 31. Vehicle Type | 32. Hazardous Material Class Number |
|---|---|---|---|---|
| 1 = Interstate Commerce | 1 = US DOT | 1 = Full Access Control | 1 = Passenger Car | 1 = Explosives |
| 2 = Intrastate Commerce | 2 = TxDOT | 2 = Partial Access Control | 2 = Light Truck | 2 = Gases |
| 3 = Not In Commerce | 3 = ICC/MC | 3 = No Access Control | 3 = Bus (9-15) | 3 = Flammable Liquids |
| 4 = Government | 95 = None | | 4 = Bus (>15) | 4 = Flammable Solids |
| 5 = Personal | 98 = Other (Explain in Narrative) | | 5 = Single Unit Truck 2 Axles 6 Tires | 5 = Oxidizers and Organic Peroxides |
| | | | 6 = Single Unit Truck 3 or More Axles | 6 = Toxic Materials and Infectious Substances |
| | | | 7 = Truck Trailer | 7 = Radioactive Materials |
| | | | 8 = Truck Tractor (Bobtail) | 8 = Corrosive Materials |
| | | | 9 = Tractor/Semi Trailer | 9 = Miscellaneous Dangerous Goods |
| | | | 10 = Tractor/Double Trailer | |
| | | | 11 = Tractor/Triple Trailer | |
| | | | 98 = Other (Explain in Narrative) | |
| | | | 99 = Unknown Heavy Truck | |

| 33. Cargo Body Style | | 34. Trailer Type |
|---|---|---|
| 1 = Bus (9-15) | 8 = Auto Transporter | 1 = Full Trailer |
| 2 = Bus (>15) | 9 = Garbage Refuse | 2 = Semi Trailer |
| 3 = Van/Enclosed Box | 10 = Grain Chips Gravel | 3 = Pole Trailer |
| 4 = Cargo Tank | 11 = Pole | |
| 5 = Flatbed | 13 = Intermodal | |
| 6 = Dump | 14 = Logging | |
| 7 = Concrete Mixer | 15 = Vehicle Towing Another Vehicle | |
| | 97 = Not Applicable | |
| | 98 = Other (Explain in Narrative) | |

**35. Sequence of Events**

| | | |
|---|---|---|
| 1 = Non-Collision: Ran Off Road | 9 = Non-Collision: Equipment Failure | 17 = Collision Involving Animal |
| 2 = Non-Collision: Jackknife | 10 = Non-Collision: Other | 18 = Collision Involving Fixed Object |
| 3 = Non-Collision: Overturn Rollover | 11 = Non-Collision: Unknown | 19 = Collision With Work Zone Maintenance Equipment |
| 4 = Non-Collision: Downhill Runaway | 12 = Collision Involving Pedestrian | 20 = Collision With Other Movable Object |
| 5 = Non-Collision: Cargo Loss Or Shift | 13 = Collision Involving Motor Vehicle in Transport | 21 = Collision With Unknown Movable Object |
| 6 = Non-Collision: Explosion Or Fire | 14 = Collision Involving Parked Motor Vehicle | 98 = Other (Explain in Narrative) |
| 7 = Non-Collision: Separation of Units | 15 = Collision Involving Train | |
| 8 = Non-Collision: Cross Median/Centerline | 16 = Collision Involving Pedalcycle | |

**FACTORS AND CONDITIONS**

**36. Factors and Conditions**

| | | |
|---|---|---|
| 1 = Animal on Road - Domestic | 33 = Failed to Yield ROW - Open Intersection | 56 = Parked without Lights |
| 2 = Animal on Road - Wild | 34 = Failed to Yield ROW - Private Drive | 57 = Passed in No Passing Lane |
| 3 = Backed without Safety | 35 = Failed to Yield ROW - Stop Sign | 58 = Passed on Right Shoulder |
| 4 = Changed Lane when Unsafe | 36 = Failed to Yield ROW - To Pedestrian | 59 = Pedestrian FTYROW to Vehicle |
| 14 = Disabled in Traffic Lane | 37 = Failed to Yield ROW - Turning Left | 60 = Unsafe Speed |
| 15 = Disregard Stop and Go Signal | 38 = Failed to Yield ROW - Turn on Red | 61 = Speeding - (Over Limit) |
| 16 = Disregard Stop Sign or Light | 39 = Failed to Yield ROW - Yield Sign | 62 = Taking Medication (Explain in Narrative) |
| 17 = Disregard Turn Marks at Intersection | 40 = Fatigued or Asleep | 63 = Turned Improperly - Cut Corner on Left |
| 18 = Disregard Warning Sign at Construction | 41 = Faulty Evasive Action | 64 = Turned Improperly - Wide Right |
| 19 = Distraction in Vehicle | 42 = Fire in Vehicle | 65 = Turned Improperly - Wrong Lane |
| 20 = Driver Inattention | 43 = Fleeing or Evading Police | 66 = Turned when Unsafe |
| 21 = Drove Without Headlights | 44 = Followed Too Closely | 67 = Under Influence - Alcohol |
| 22 = Failed to Control Speed | 45 = Had Been Drinking | 68 = Under Influence - Drug |
| 23 = Failed to Drive in Single Lane | 46 = Handicapped Driver (Explain in Narrative) | 69 = Wrong Side - Approach or Intersection |
| 24 = Failed to Give Half of Roadway | 47 = Ill (Explain in Narrative) | 70 = Wrong Side - Not Passing |
| 25 = Failed to Heed Warning Sign | 48 = Impaired Visibility (Explain in Narrative) | 71 = Wrong Way - One Way Road |
| 26 = Failed to Pass to Left Safely | 49 = Improper Start from Parked Position | 72 = Cell/Mobile Phone Use |
| 27 = Failed to Pass to Right Safely | 50 = Load Not Secured | 73 = Road Rage |
| 28 = Failed to Signal or Gave Wrong Signal | 51 = Opened Door Into Traffic Lane | 98 = Other (Explain in Narrative) |
| 29 = Failed to Stop at Proper Place | 52 = Oversized Vehicle or Load | |
| 30 = Failed to Stop for School Bus | 53 = Overtake and Pass Insufficient Clearance | |
| 31 = Failed to Stop for Train | 54 = Parked and Failed to Set Brakes | |
| 32 = Failed to Yield ROW - Emergency Vehicle | 55 = Parked in Traffic Lane | |

| 37. Vehicle Defects | 38. Weather Condition | 39. Light Condition | 40. Entering Roads |
|---|---|---|---|
| 5 = Defective or No Headlamps | 1 = Clear | 1 = Daylight | 2 = Three Entering Roads - T |
| 6 = Defective or No Stop Lamps | 2 = Cloudy | 2 = Dark, Not Lighted | 3 = Three Entering Roads - Y |
| 7 = Defective or No Tail Lamps | 3 = Rain | 3 = Dark, Lighted | 4 = Four Entering Roads |
| 8 = Defective or No Turn Signal Lamps | 4 = Sleet/Hail | 4 = Dark, Unknown Lighting | 5 = Five Entering Roads |
| 9 = Defective or No Trailer Brakes | 5 = Snow | 5 = Dawn | 6 = Six Entering Roads |
| 10 = Defective or No Vehicle Brakes | 6 = Fog | 6 = Dusk | 7 = Traffic Circle |
| 11 = Defective Steering Mechanism | 7 = Blowing Sand/Snow | 98 = Other (Explain in Narrative) | 8 = Cloverleaf |
| 12 = Defective or Slick Tires | 8 = Severe Crosswinds | 99 = Unknown | 97 = Not Applicable |
| 13 = Defective Trailer Hitch | 98 = Other (Explain in Narrative) | | 98 = Other (Explain in Narrative) |
| 98 = Other (Explain in Narrative) | 99 = Unknown | | |

| 41. Roadway Type | 42. Roadway Alignment | 43. Surface Condition | 44. Traffic Control | |
|---|---|---|---|---|
| 1 = Two-Way, Not Divided | 1 = Straight, Level | 1 = Dry | 1 = Inoperative (Explain in Narrative) | 11 = Center Stripe/Divider |
| 2 = Two-Way, Divided, Unprotected Median | 2 = Straight, Grade | 2 = Wet | 3 = Officer | 12 = No Passing Zone |
| 3 = Two-Way, Divided, Protected Median | 3 = Straight, Hillcrest | 3 = Standing Water | 4 = Flagman | 13 = RR Gate/Signal |
| 4 = One-Way | 4 = Curve, Level | 4 = Snow | 5 = Signal Light | 15 = Crosswalk |
| 98 = Other (Explain in Narrative) | 5 = Curve, Grade | 5 = Slush | 6 = Flashing Red Light | 16 = Bike Lane |
| | 6 = Curve, Hillcrest | 6 = Ice | 7 = Flashing Yellow Light | 17 = Marked Lanes |
| | 98 = Other (Explain in Narrative) | 7 = Sand, Mud, Dirt | 8 = Stop Sign | 18 = Signal Light With Red Light Running Camera |
| | 99 = Unknown | 98 = Other (Explain in Narrative) | 9 = Yield Sign | 98 = None |
| | | 99 = Unknown | 10 = Warning Sign | 98 = Other (Explain in Narrative) |

PUBLIC RECORD INFORMATION
ALL CASE ELEMENTS SUBJECT TO NONDISCLOSURE
HAVE BEEN REMOVED IN ACCORDANCE WITH THE
TEXAS OPEN RECORDS ACT (6252-17a V.A.C.S.)
DATE:

El Paso County - 171st District Court

Filed 12/24/2015 2:42:35 PM
Norma L. Favela
District Clerk
El Paso County
2015DCV3988

IN THE 171ˢᵗ JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| MARIA LUZ ROSAS, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Cause No. : 2015DCV3988 |
| | § | |
| NICHOLAS JAMES BLOCKER | § | |
| And ENERGY TRANSPORTATION, INC., | § | |
| d/b/a ENERGY TRANSPORTATION, LLC | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, MARIA LUZ ROSAS (hereinafter referred to as "Plaintiff") complaining of NICHOLAS JAMES BLOCKER, (hereinafter referred to as "Defendant Blocker") and ENERGY TRANSPORTATION, INC., previously misidentified as ENERGY TRANSPORTATION, INC., d/b/a ENERGY TRANSPORTATION, LLC (hereinafter referred to as "Defendant Energy") and for cause of action would respectfully show the Court as follows:

**I.**
**Discovery Plan**
Pursuant to Rule 190, discovery in this case will be conducted in Level 2.

**II.**
**Parties and Service**

Plaintiff, MARIA LUZ ROSAS, is a resident of El Paso County, Texas.

1

Defendant NICHOLAS JAMES BLOCKER is a resident of Sarasota, Wyoming and may be served with process by serving the Chairman of Texas Transportation Commission, 125 E. 11th St., Austin, Texas, 78701.

Defendant ENERGY TRANSPORTATION, INC. is a Wyoming corporation doing business in Texas and may be served with process by serving via certified mail, return receipt requested its Registered Agent, Michael Lansing, 125 W. 2nd St, Casper, Wyoming, 82601.

## III.

## Venue & Jurisdiction

Venue is proper in El Paso County, Texas, pursuant to Tex.Civ.Prac. & Rem. Code §15.002(a)(1) because El Paso County, Texas, is the county in which all or a substantial part of the events or omissions giving rise to the underlying claim occurred. Jurisdiction is proper in this Texas state Court in that Plaintiff has asserted damages within the jurisdictional limits of the Court.

## IV.

## Background and Facts

The injuries and damages suffered by Plaintiff and made the basis of this action arose out of a collision that occurred on or about December 13, 2013, on I-10 at or near Milepost 30 in El Paso, Texas. Plaintiff was traveling eastbound on I-10 in the left lane. Plaintiff had slowed/stopped for traffic ahead when Defendant BLOCKER, driving a vehicle owned or leased to Defendant ENERGY, suddenly, unexpectedly and violently stuck the rear of Plaintiff's vehicle. Defendant BLOCKER was driving while intoxicated, negligently failed to keep a proper lookout and failed to pay attention while driving, causing him to collide with the rear of Plaintiff's vehicle and thereby causing Plaintiff to sustain serious injuries more fully set out below.

2

Attached hereto as **Exhibit "G"** is the Texas Peace Officer's Crash Report, which corroborates the facts as alleged by Plaintiff herein.

## V.
## Negligence of Defendant Blocker

Plaintiff alleges that the collision and resulting damages and injuries to her were proximately caused by one or more of the following alternative theories of negligence on the part of Defendant BLOCKER in:

1.  Driving while intoxicated

2.  Failing to drive as a reasonable prudent driver;
3.  Failing to pay attention;
4.  Failing to keep a proper lookout;
5.  Failing to take proper evasive action;
6.  Failure to safely apply brakes to avoid a collision;
7.  Failure to honk and give adequate warning of the pending danger;
8.  Failure to turn to the left or right to avoid a collision;
9.  Driving carelessly;
10. Driving recklessly;
11. Failure to control the vehicle to avoid injuring other drivers; and,
12. Failure to take other evasive actions.

Each of the above-alleged acts and/or omissions was other than what a reasonable and prudent person would have done under the same or similar circumstances, and was the proximate cause of damages to Plaintiff.

## VI.

## Negligence  Per Se

Said incident and Plaintiff's injuries and damages were proximately caused by Defendant BLOCKER'S violations of the laws of the State of Texas and of the United States of America constituting *negligence per se*. Defendant BLOCKER was operating the vehicle in violation of the Texas Statutes and Ordinances by driving while intoxicated.

## VII.

### <u>Gross Negligence</u>

Plaintiff incorporates all the above paragraphs and would show the Court that Defendant BLOCKER was reckless and acted with conscious disregard to the rights of the public including the Plaintiff by operating the vehicle while intoxicated.

## VIII.

### <u>Negligent Hiring, Training and Supervision of Defendant Energy</u>

Defendant ENERGY had a duty to exercise due care in hiring, supervising, training and retaining employees. More particularly, Defendant had a duty to use ordinary care in hiring employees; a legal duty to protect the public including Plaintiff by inquiring into the competence and qualifications of employees; a legal duty to use ordinary care in adequately supervising their employees; and, a legal duty to use ordinary care to adequately train their employees.

Defendant ENERGY breached their duties and such breach was a direct and proximate cause of Plaintiff's injuries and damages.

Defendant ENERGY was negligent by breaching their duty to Plaintiff in one or more of the following alternative theories of negligence:

1. Failure to adequately train and supervise their driver.

2. Failure to ensure their driver did not drive while intoxicated.

3. Failure to implement safety precautions to prevent injuries such as those suffered by Plaintiffs in similar circumstances.

4. In failing to establish and enforce safety rules and regulations.

5. Failing to teach and educate their employees on the proper procedures under similar

4

circumstances.

One or more of the foregoing acts and omissions constituted negligence. For this. one or more of the foregoing acts or omissions was a proximate cause of the damages and injuries to Plaintiff.

## IX.

### Vicarious Liability of Defendant Energy

Plaintiffs would show that Defendant ENERGY is liable for the damages and injuries which were caused by the negligence of their employees, agents and representatives. Defendant ENERGY is liable for the acts or omissions of their employees and agents. including those of Defendant BLOCKER. In addition, Defendant ENERGY owed a duty of care to Plaintiff because of their right of control which arose through the course of dealing with their employees, agents or representatives. Defendant ENERGY is liable under the doctrine of respondeat superior; master/servant; principal; agent.

## X.

### Negligent Entrustment of Defendant Energy

Defendant ENERGY entrusted the vehicle involved in this incident to Defendant BLOCKER who was not properly trained to drive their vehicle and failed to assure that he followed Federal Motor Vehicle Transportation Acts, the Rules of the Road and Texas Statutes.

Defendant ENERGY entrusted the vehicle to Defendant BLOCKER knowing that he was unqualified, untrained in operating their vehicles. Defendant ENERGY placed the public and other drivers in danger. Such negligence was a proximate cause of Plaintiff's injuries and damages.

Defendant ENERGY knew or should have known that BLOCKER was a reckless driver

5

and had unsafe driving practices, and did not conduct safe hiring practices because they did not test their employees for safe driving techniques causing their employee BLOCKER to be unsafe to other drivers and that BLOCKER should not have been driving on the street and that BLOCKER was a danger to the community and driving public.

Defendant ENERGY acted with reckless disregard in the entrustment of the vehicle to Defendant BLOCKER.

## XI.

### Damages to Plaintiff

As a direct result of the occurrence, Plaintiff suffered bodily injuries. Plaintiff was immediately taken by ambulance to Del Sol Medical Center for treatment of her injuries. Plaintiff sustained injuries to her back, left arm and right knee. She was diagnosed with thoracic/lumbar sprain/strain, lumbar spondylosis, chest contusion, left knee contusion, left knee sprain/strain, muscle spasms and post-traumatic headaches. Plaintiff continued having severe pain to her left knee and after an MRI was diagnosed with a medial meniscus tear, and internal derangement that necessitated surgery on January 14, 2015. Plaintiff had to endure the surgery and rigorous physical therapy after the surgery. As a further result of the occurrence, Plaintiff has incurred expenses for medical care, nursing services, medical attention and other expenses.  These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff and the charges made and to be made were the usual and customary charges for such services.

As a direct result of the occurrence, Plaintiff has suffered pain and suffering in the past and Plaintiff will continue to suffer pain and suffering in the future.  Plaintiff has suffered mental anguish in the past and will continue to suffer mental anguish in the future.  As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to her body.  Plaintiff

has suffered damages within the jurisdictional limits of this Court.

Plaintiff was also prevented from working and has lost wages. She was also unable to perform her daily activities as a direct result of the subject accident and will continue to be unable to perform her daily activities in the future. Plaintiff has suffered physical pain and suffering in the past and will continue to suffer physical pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. Plaintiff has suffered emotional distress in the past and will continue to suffer emotional distress in the future. As a result of the injuries described above, Plaintiff has suffered and will continue to suffer impairment to her body. Plaintiff has suffered disfigurement in the past and will continue to suffer disfigurement in the future.

In all reasonable probability, Plaintiff will suffer a loss of earning capacity in the future because of the injuries sustained in the subject collision, which was proximately caused by the Defendant's negligence.

The determination of many of these elements of damage is particularly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damage, but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate her.

In compliance with the pleading requirements of *Tex.R.Civ.P.* 47(c), Plaintiff seeks monetary relief of no more than **$75,000.00** which includes damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## XII.

## REQUEST FOR DISCLOSURE

Plaintiff hereby requests that the Defendants disclose, within fifty-one (51) days of service

of this request, the information and material set forth in Rule 194.1(a)-(1) of the Texas Rules of Civil Procedure.

## XIII.

## REQUEST FOR ADMISSIONS

Pursuant to the Texas Rules of Civil Procedure 198, you are required to make a written response to these requests, attached hereto as **EXHIBITS "A & B", FIFTY ONE (51) DAYS** after service:

(1) Admit the truth of any matter within the scope of discovery. (2) Admit the truth of any statements of opinion or of fact or of application of law to fact. (3) Admit the genuineness of any documents served with this request or otherwise made available for inspection or copying. (4) Admit or deny each of the attached requests for admissions. **You are also instructed as follows:**(1) Unless you state an objection or assert a privilege, you must specifically admit or deny the request or explain in detail the reasons that you cannot admit or deny the request. (2) Your response must fairly meet the substance of the request. (3) You may qualify an answer, or deny a request in part, only when good faith requires.(4) Lack of information or knowledge is not a proper response unless you state that a reasonable inquiry was made but that the information or known or easily obtainable is insufficient to enable the responding party to admit or deny. (5) An assertion that the request presents an issue for trial is not a proper response. (6) You are reminded that if you fail to timely respond, the request is considered admitted without the necessity of a court order. (7) If you deny a request for admission and the Plaintiff proves the truth of such matter you may be ordered to pay costs. (8) Your failure to respond as required by the Texas Rules of Civil Procedure to these requests within the time required may result in the

8

imposition of sanctions.

## XIV.
## INTERROGATORIES AND PRIVILEGE LOG

Please take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, Plaintiff serves and propounds the attached interrogatories, marked hereto as **Exhibit "C & D"** on Defendants. The attached interrogatories are incorporated by reference as if set forth fully at length. Defendants are hereby instructed to answer the following interrogatories separately, fully, in writing under oath as required by Rule 197.2(d) of the Texas Rules of Civil Procedure. The answers shall be served upon the undersigned counsel within fifty-one (51) days after service of the interrogatories. Further, demand is made for supplementation of your answers to the interrogatories as required by the Texas Rules of Civil Procedure. **PRIVILEGE LOG** – Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendants identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be disclosed within FIFTY ONE (51) days after the date hereof.

## XV.
## PRODUCTION AND PRIVILEGE LOG

Please take notice that pursuant to Rule 196 of the Texas Rules of Civil Procedure, Defendants are requested to produce and or permit the undersigned attorney to inspect, copy and reproduce the items hereinafter designated in **Exhibit "E & F"** attached hereto and incorporated by reference as if set forth fully at length. You must serve a written response to the undersigned attorney within fifty-one (51) days after service of this Request for Production with regards to the items requested therein. Further, demand is made for supplementation of your Responses to the Request for Production as required by the Texas Rules of Civil Procedure. **PRIVILEGE LOG**

Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendants identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be done within FIFTY ONE (51) days after date hereof.

**XVI.**
**JURY DEMAND**

Plaintiff respectfully requests a trial by jury of the issues presented in this case.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for monetary relief of no more than **$75,000.00,** including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Plaintiff further prays for such other relief, general and special, at law or in equity, to which Plaintiff is entitled,

Respectfully submitted,

**LAW FIRM OF DANIELA LABINOTI, P.C.**
Attorney for Plaintiff
501 N. Kansas, Suite 102
El Paso, Texas 79901
(915) 581-4600 voice
(915) 581-4605 facsimile
Daniela@labinotilaw.com

*/s/Daniela Labinoti*
**DANIELA LABINOTI**
State Bar No.: 24050900

10

## INSTRUCTIONS

Pursuant to the provisions of Tex. R. Civ. P. Rule 190.3, Plaintiff serves upon Defendants this Level 2 set of disclosure requests, written interrogatories, and requests for production, and requests that said Defendants answer the disclosure requests, interrogatories, and produce for inspection and copying (unless otherwise indicated) the documents and things set out below. Pursuant to Rule 190 and 193. you are requested to (1) number each item which will be produced pursuant to these Requests for Disclosure, Written Interrogatories, and Request for Production with a separate and distinct number or similar identifying designation and (2) to file your written response to these requests for disclosure, written interrogatories, and request for production stating, with regard to each numbered request, the identification or exhibit numbers of the specific items being answered or produced in response to each such Request for Disclosure, Written Interrogatory, or Request for Production. Documents or things which are required to be produced in response to more than one request may be listed by number in response to each request, but the document or thing itself need only be produced one time. All documents of things to be produced are to be forwarded to the undersigned attorneys attached to or together with your written response.

Plaintiff specifies after fifty-one (51) days from the date of service of these disclosure requests, written interrogatories, and requests for production in the offices of Plaintiff's attorney, Daniela Labinoti, Law Office of Daniela Labnoti, P.C., 501 N. Kansas, Suite 102, El Paso, Texas 79901, as time and place of making such inspection and copying, unless requested items are furnished to Plaintiff's attorney by mail prior to such date.

11

## EXHIBIT "A"

## REQUEST FOR ADMISSIONS TO DEFENDANT BLOCKER

1.    That on or about the **December 13, 2013**, the vehicle you were driving collided with Plaintiff's vehicle.

2.    That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, you failed to control your speed before your vehicle collided with Plaintiff's vehicle.

3.    That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, you failed to control your vehicle to avoid the collision with Plaintiff's vehicle.

4.    That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, there were no obstructions to your vision.

5.    That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, you were traveling at a speed that would not allow you to bring your vehicle to a complete stop without colliding with Plaintiff's vehicle.

6.    That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, you did not see the Plaintiff's vehicle with enough time to take sufficient action to avoid the collision.

7.    That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, there was not enough distance between your vehicle and the Plaintiff's vehicle to insure that your vehicle would not collide with Plaintiff's vehicle.

8.    That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, you did not apply the brakes on your vehicle before your vehicle collided with Plaintiff's vehicle.

9.    That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, you did not apply the brakes on your vehicle with enough time to insure that your vehicle would not collide with Plaintiff's vehicle.

10.   That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, you did not maintain a safe distance as you approached the Plaintiff's vehicle.

11.   That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, that this collision was avoidable.

12.   That on the date stated in Request No. 1 and at the time of the collision made the basis of

this suit, that this collision was not the result of any sudden and unforeseen emergency.

13. That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit that Plaintiff's conduct did not contribute to this accident.

14. Plaintiff has properly named this Defendant in Plaintiff's original complaint.

15. Defendant was driving the vehicle as described in the police report, Exhibit "G", and was involved in a collision on that date while driving.

16. That, at the time of the collision, Defendant owned the vehicle involved in the collision.

17. That, on the date of the collision, Defendant did not have a valid driver's license.

18. That, on the date of the collision, Defendant's driver's license was revoked or suspended.

19. That, on the date of the collision, Defendant was violating a restriction placed on his driver's license.

20. That the condition of the road surface did not contribute to the cause of the collision.

21. That the lighting conditions did not contribute to the cause of the collision.

22. That the weather conditions did not contribute to the cause of the collision.

23. That a sudden emergency did not contribute to the cause of the collision.

24. That Defendant does not contend the collision was unavoidable.

25. That no defect or malfunction in the vehicle Defendant was driving contributed to the cause of the collision.

26. That Defendant does not have normal vision without the use of corrective lenses.

27. That Defendant was not wearing corrective lenses at the time of the collision.

28. That Defendant was under the care of a medical practitioner or other practitioner of the healing arts during the month before the collision.

29. That Defendant was not injured as a result of the collision.

30. That on the date of the collision, Defendant's vehicle struck Plaintiff's vehicle.

31. That on the date of the collision, Defendant did not maintain a proper lookout while driving his vehicle.

32. That Defendant's failure to maintain a proper lookout immediately before the collision was the proximate cause of Defendant's vehicle striking the Plaintiff's vehicle.

33. That Defendant was under the influence of drugs or alcohol when the collision occurred.

34. That Defendant had ingested drugs or alcohol within the 24 hours before the collision.

35. That Defendant had consumed alcohol within four hours before the collision.

36. That Defendant's negligence was the sole proximate cause of the collision in question.

37. That Defendant's negligence was a proximate cause of the collision in question.

38. That on the date in Request No. 1, Defendant was arrested.

39. That on the date in Request No. 1 Defendant was arrested for driving while intoxicated.

40. That on the date in Request No. 1 Defendant was cited for driving while intoxicated.

41. That Plaintiff did not contribute any negligence to the cause of the collision in question.

42. That Plaintiff received injuries to several parts of her bodies as a result of the collision.

**EXHIBIT B**

**REQUEST FOR ADMISSIONS TO DEFENDANT ENERGY**

1.  That on or about the **December 13, 2013,** the vehicle driven by Defendant BLOCKER collided with Plaintiff's vehicle.

2.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, ENERGY'S driver failed to control his speed before his vehicle collided Plaintiff's vehicle.

3.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, Defendant ENERGY'S driver failed to control his speed and collided with Plaintiff's vehicle.

4.  That on the date stated in Request No. 1, at the time of the collision, ENERGY'S driver did nothing to avoid the collision with Plaintiff's vehicle.

5.  That, at the time of the collision, Defendant ENERGY owned the vehicle involved in the collision.

6.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, ENERGY'S driver did not see the Plaintiff's vehicle with enough time to take sufficient action to avoid the collision.

7.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, ENERGY'S driver did not see the Plaintiff's vehicle with enough time to take sufficient action to avoid the collision.

8.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, there was not enough distance between ENERGY'S vehicle and the Plaintiff's vehicle to insure that ENERGY'S vehicle would not collide with Plaintiff's vehicle.

9.  That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, ENERGY'S driver did not apply the brakes on his vehicle before he vehicle collided with the Plaintiff's vehicle.

10. That on the date stated in Request No. 1 and at the time of the collision made the basis of this suit, ENERGY'S driver did not pay attention and avoid the impact with Plaintiff's vehicle.

11. Plaintiff has properly named Defendants ENERGY in Plaintiff's original complaint.

13. Defendant BLOCKER was driving the vehicle as described in the police report, Exhibit "G". and was involved in a collision on that date while driving.

14. That, at the time of the collision, Defendant ENERGY leased the vehicle from Defendant

15

BLOCKER.

15. That the condition of the road surface did not contribute to the cause of the collision.

16. That the lighting conditions did not contribute to the cause of the collision.

17. That the weather conditions did not contribute to the cause of the collision.

18. That a sudden emergency did not contribute to the cause of the collision.

19. That Defendant does not contend the collision was unavoidable.

20. That Defendant ENERGY'S driver does not have normal vision without the use of corrective lenses.

21. That Defendant BLOCKER was not wearing corrective lenses at the time of the collision.

22. That Defendant BLOCKER was under the care of a medical practitioner or other practitioner of the healing arts during the month before the collision.

23. That on the date of the collision, Defendants ENERGY'S vehicle struck Plaintiff's vehicle.

24. That on the date of the collision, Defendant ENERGY'S driver did not maintain a proper lookout while driving his vehicle.

25. That Defendant ENERGY'S driver's failure to maintain a proper lookout immediately before the collision was the proximate cause of Defendant's vehicle striking Plaintiff's vehicle.

26. That Defendant ENERGY'S driver was under the influence of drugs or alcohol when the collision occurred.

27. That Defendant ENERGY'S driver had ingested drugs or alcohol within the 24 hours before the collision.

28. That Defendant ENERGY'S driver had consumed alcohol within four hours before the collision.

29. That Defendants ENERGY'S driver's negligence was the sole proximate cause of the collision in question.

30. That the negligence of Defendants ENERGY'S driver was a proximate cause of the collision in question.

31. That on the date of the collision, Defendant ENERGY'S driver did not maintain a proper lookout while driving his vehicle.

32. That Defendant's ENERGY'S driver's failure to maintain a proper lookout immediately before

the collision was the proximate cause of Defendant's vehicle striking Plaintiff's vehicle.

33.    That Plaintiff did not contribute any negligence to the cause of the collision in question.

34.    That Plaintiff received injuries to several parts of her body as a result of the collision.

## EXHIBIT "C"

## INTERROGATORIES PROPOUNDED ON DEFENDANT BLOCKER

1.      State your name, address, telephone number, cell phone number, cellular provider on the date and at the time of the incident which serves as the basis of the underlying lawsuit, your social security number and date and place of birth.

2.      Describe in detail you employment status at the present time and at the time of the subject incident, job title and job description, date of commencement and/or termination of employment and salary at such time.

3.      On the date of the incident, describe in detail the vehicle you were driving.  If you will. please include information on ownership and the operating condition of the vehicle.

4.      State the name, address and phone number of any person who examined the vehicle for damages arising from this incident.

5.      Was the vehicle that you were operating at the time of the subject accident damaged? If so, describe the damage, state whether it has been repaired, who repaired it and the cost of repairs.

6.      Please state the registered owner of the subject vehicle.

7.      Did you give a statement to anyone regarding the incident and if so, indicate the name, address and telephone number of the person to whom you gave the statement, contents of the statement, and if you gave more than one statement, give the same information regarding each statement.

8.      Describe in detail the incident and each act or omission of each person in the incident. Please direct your attention to the following details in answering this Interrogatory:

      a.   Please state everything that you did, in the order in which it was done, in an attempt to avoid the subject vehicular collision. If you applied the brakes or horn at any time prior to the incident, please state as to your motor vehicle, the speed and the approximate distance in fect from the point of the incident when you so applied the brakes or horn, stating what was used. If there were any tire marks or any other marks on the road as a result of the incident, kindly describe the marks on the road as a result of the incident, kindly describe the marks in detail giving the length and location on the road surface and identify which motor vehicle cause each mark.

      b.   Please state everything you did, or failed to do, which contributed to the incident.

18

c.   If there were any obstructions to your view at or near the scene of the incident, please describe each such obstruction in detail, giving its location with relation to the incident.

d.   If at the time and place of the incident the visibility of the intersecting road was limited or decreased from normal in any way due to glare, design, obstacles, weather or other condition, please describe in complete detail each and every such condition and every action taken to overcome or diminish the adverse effect of each such condition.

e.   If there were any traffic controls, speed limit signs, signals, lights or other devices located at or near the place of the incident which were in any way involved in the happening of the incident, please describe such control or device indicating the direction of traffic controlled by such device and the manner in which it was involved in the incident.

9.   State in detail any damages you claim to have sustained from the incident.

10.   Describe in detail any citation, arrest, claim or other charge that may have been issued to you as a result of the incident, including grounds for same and the result of any hearing or judgment on the same, the date of such hearing or judgment and any fine, sentence or other penalty imposed.

11.   State in detail any drug or alcohol taken or consumed by you within 72 hours of the incident and any regular drug you had taken at any time within the past year. If alcohol or drug was taken, include the time and date such alcohol was consumed, the name, address and phone number of the provider of the alcohol or drug, the exact name and brand of alcohol, the alcoholic content, type of alcohol or drug, quantity consumed and name, address and phone number of all persons who have knowledge of relevant facts concerning consumption of alcohol.

12.   Describe in detail any insurance covering or potentially covering any claim arising from the occurrence, including types of coverage, limits of coverage, name and address of insurance company, policy number and whether such policy was in effect and paid at the time of the incident. If you will do so without a request to produce, please include a copy of the insurance policy and proof of payment.

13.   Describe in detail any other arrests, convictions, accidents, incidents, license suspension or revocation or traffic citations you have been involved in.  Include the dates, location, name, parties, witnesses, nature and extent of damages, hearings, lawsuits, orders, fines, penalties, judgments or convictions arising therefrom, including the details of driver's license, suspension or revocation actions, if any.

19

14.     Please state your driver's license number, state of issuance, expiration date, any other states you are or have been licensed to operate a motor vehicle, and driver's license number for those states.

15.     Please state the date you were first licensed to drive if your driver license was suspended or not renewed.

16.     Please state any restrictions that are placed on your ability to drive (e.g. corrective lenses).

17.     If you have been convicted of any felony or misdemeanor within the last ten (10) years, please provide the following information:

      a.   The offense(s) for which you were convicted.
      b.   The state(s) and date(s) of any such conviction(s)
      c.   A description of any sentence(s) or punishment served (this includes restitution, probation, etc.).

**PURSUANT TO TEXAS RULES OF EVIDENCE 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.**

16.     Please describe what Plaintiff did that, in your opinion, makes her negligent in the incident which serves as the basis of the underlying lawsuit.

17.     Please state who paid for the damages to the vehicle you were driving at the time of the subject vehicular collision.

18.     Please state if you received injuries as a result of the accident in question.

19.     Please list any other prior or subsequent accidents you has been involved.

20.     State the names, addresses and phone number of all persons who you will call to testify and a summary of their testimony.

21.     State the name, address and phone numbers of all persons who witnessed the accident in question.

23.     Identify the names, addresses and phone numbers of all individuals who were passengers in your vehicle at the time of the subject accident.

24.     Describe in detail the act or omission of each person whose negligence contributed to the occurrence in question.

20

## EXHIBIT "D"
## INTERROGATORIES PROPOUNDED ON DEFENDANT ENERGY

1.    State your driver's name, address, telephone number, cell phone number, cellular provider on the date and at the time of the incident which serves as the basis of the underlying lawsuit, your social security number and date and place of birth.

2.    Describe in detail your driver's employment status at the present time and at the time of the subject incident, job title and job description, date of commencement and/or termination of employment and salary at such time.

3.    On the date of the incident, describe in detail the vehicle your driver was driving.  If you will, please include information on ownership and the operating condition of the vehicle.

4 .   State the name, address and phone number of any person who examined the vehicle for damages arising from this incident.

5.    Was the vehicle that your driver was operating at the time of the subject accident damaged? If so, describe the damage, state whether it has been repaired, who repaired it and the cost of repairs.

6.    State the registered owner of the subject vehicle.

7.    Describe in detail the incident and each act or omission of each person in the incident.

      Please direct your attention to the following details in answering this Interrogatory:

      a.    Please state everything that Defendant BLOCKER  did, in the order in which it was done, in an attempt to avoid the subject vehicular collision. If you applied the brakes or horn at any time prior to the incident, please state as to Defendant BLOCKER'S motor vehicle, the speed and the approximate distance in feet from the point of the incident when he applied the brakes or horn, stating what was used. If there were any tire marks or any other marks on the road as a result of the incident, kindly describe the marks on the road as a result of the incident, and describe the marks in detail giving the length and location on the road surface and identify which motor vehicle cause each mark.

      b.    Please state everything Defendant BLOCKER did, or failed to do, which contributed to the incident.

      c.    If there were any obstructions to Defendant BLOCKER'S view at or near the scene of the incident, please describe each such obstruction in detail, giving its location with relation to the incident.

21

     d.  If at the time and place of the incident the visibility of the intersecting road was limited or decreased from normal in any way due to glare, design, obstacles, weather or other condition, please describe in complete detail each and every such condition and every action taken to overcome or diminish the adverse effect of each such condition.

     e. If there were any traffic controls, speed limit signs, signals, lights or other devices located at or near the place of the incident which were in any way involved in the happening of the incident, please describe such control or device indicating the direction of traffic controlled by such device and the manner in which it was involved in the incident.

8.    State in detail any damages you claim to have sustained from the incident.

9.    Describe in detail any citation, arrest, claim or other charge that may have been issued to your driver as a result of the incident, including grounds for same and the result of any hearing or judgment on the same, the date of such hearing or judgment and any fine, sentence or other penalty imposed.

10.    State in detail any drug or alcohol taken or consumed by your driver within 72 hours of the incident and any regular drug your driver had taken at any time within the past year. If alcohol or drug was taken, include the time and date such alcohol was consumed, the name, address and phone number of the provider of the alcohol or drug, the exact name and brand of alcohol, the alcoholic content, type of alcohol or drug, quantity consumed and name, address and phone number of all persons who have knowledge of relevant facts concerning consumption of alcohol.

11.    Describe in detail any insurance covering or potentially covering any claim arising from the occurrence, including types of coverage, limits of coverage, name and address of insurance company, policy number and whether such policy was in effect and paid at the time of the incident. If you will do so without a request to produce, please include a copy of the insurance policy and proof of payment.

12.    Describe in detail any other arrests, convictions, accidents, incidents, license suspension or revocation or traffic citations your driver has been involved in. Include the dates, location, name, parties, witnesses, nature and extent of damages, hearings, lawsuits, orders, fines, penalties, judgments or convictions arising therefrom, including the details of driver's license, suspension or revocation actions, if any.

13.    Please state your driver's license number, state of issuance, expiration date, any other states he is or has been licensed to operate a motor vehicle, and driver's license number for those states.

14.    Please state the date your driver was first licensed to drive and if his license has ever been suspended or not renewed.

22

15.   If your driver has been convicted of any felony or misdemeanor within the last ten (10) years, please provide the following information:

    a.   The offense(s) for which he was convicted.
    b.   The state(s) and date(s) of any such conviction(s)
    c.   A description of any sentence(s) or punishment served (this includes restitution, probation, etc.).

**PURSUANT TO TEXAS RULES OF EVIDENCE 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.**

16.   Please describe what Plaintiff did that, in your opinion, makes her negligent in the incident which serves as the basis of the underlying lawsuit.

16.   Please state the relationship between you and Defendant BLOCKER, indicating in your answer if he was an employee, independent contractor, etc., and state the length of time the relationship has existed.

18.   Please list any other prior or subsequent accidents your driver has been involved.

19.   State the names, addresses and phone number of all persons who you will call to testify and a summary of their testimony.

20.   State the name, address and phone numbers of all persons who witnessed the accident in question.

22.   Describe in detail the act or omission of each person whose negligence contributed to the occurrence in question.

23.   Identify the names, addresses and phone numbers of all individuals who were passengers in your vehicle at the time of the subject accident.

## EXHIBIT "E"

## REQUEST FOR PRODUCTION TO DEFENDANT BLOCKER

1.  Inspection and photographing of Defendant's vehicle.

2.  The Declaration Sheet and policy of insurance insuring Defendant in this claim.

3.  Any photographs, drawing, sketches, video recordings, motion pictures, tapes, recordings, graphic depiction or other tangible evidence concerning the scene of the accident, the vehicle involved in the collision or the parties or witnesses to this case.

4.  All statements made by Plaintiff.

5.  All damages, estimates, maintenance records, and pictures of Defendant's vehicle involved in the collision made the subject of this suit.

6.  All investigation reports, accident reports, statements by witnesses (oral or recorded) concerning the accident made the subject of this suit which were generated prior to your receipt of notice from Plaintiff's attorney that Plaintiff was making a claim.

7.  Copy of your driving and accident record.

8.  Any documents showing the names, addresses and phone number of all persons with knowledge of relevant facts regarding any matter in any way related to the issues involved in this lawsuit.

9.  Any and all reports, mental impressions, opinions, notes, resumes, physical models, compilations of data, statement or other written materials of any kind from any expert witness who will testify in this case or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert. If the discoverable factual observations, test, supporting data, calculations, photographs or opinions of any such expert witness who will be called as a witness have not been recorded or reduced to tangible form, those matters are hereby requested to be reduced to tangible form and produced.

10. Photographs and videotapes identified in your response to the Interrogatories.

11. Narrative summaries prepared by any person identified in your response to the Interrogatories.

12. Photographs and videotapes of any surveillance of Plaintiff.

13. All medical records of Plaintiff received by Defendant.

14. All incident reports for any injury suffered by Plaintiff.

15. All documents where Plaintiff's signature is contained on the document.

16. All documents obtained pursuant to any authorization signed by Plaintiff.

17. All documents concerning any alleged criminal violation committed by Plaintiff.

18. All photographs or videotapes taken by Defendant in response to Plaintiff's alleged injuries including, but not limited to, all videos or photographs taken by any private investigator for which Defendant has access to the photographs or videotapes.

19. All medical records of Plaintiff received from any source.

20. All documents concerning any of Plaintiff's previous or subsequent employers obtained by Defendant.

21. A copy of the accident report or any incident report prepared relating to this accident.

22. Pursuant to Texas Rules of Evidence 609, please produce all documents you have which suggests Plaintiff, Defendant, or any witness identified in this lawsuit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude. Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

**PURSUANT TO TEX. R. EVID. 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.**

23. Please produce a copy of your current driver's license, if any, both front and back.

24. Please produce a copy of your Social Security Card, if any, both front and back.

25. If you do not have a driver's license, please produce a copy of any current identification card or document, both front and back.

26. Please produce a true and correct copy of the registration, certificate of insurance and title certificate of the vehicle that you were driving at the time of the accident.

27. All documents pertaining to any other motor vehicle accidents in which you have been involved in during your lifetime.

28. Produce a copy of your cell phone statement showing incoming and outgoing calls for the month when the incident made the basis of this suit happened.

25

## EXHIBIT "F"

## REQUEST FOR PRODUCTION TO DEFENDANT ENRERGY

1. Complete personnel file of Defendant Nicholas James Blocker, including but not limited to the application for employment, disciplinary file, write ups, evaluation, incident reports, moving violations, MVR records, including employee evaluations and any worker's compensation, or worker's injury file, medical file, disciplinary and all other file subparts. For purposes of this request, "personnel file" is defined as any documents or information in your possession which relate to Plaintiff's employment with you, regardless of whether such information is maintained in different locations, files or folders.

2. Complete file of any relationship between Defendant and Defendant Nicholas James Blocker, i.e. employer/employee, leasor/leasee, or any other contractual relationship.

3. Any accident report form or incident report completed by Defendant Nicholas James Blocker in connection with the incident made the basis of this lawsuit.

4. Please provide any photos that depict the damages to the vehicle driven by Defendant Nicholas James Blocker on the day of the incident made subject of this suit.

5. Please provide any documents and/or tangible things that show the repairs and/or estimate of repairs, for the vehicle driven by Defendant Nicholas James Blocker on the day of the incident made subject of this suit.

6. Please produce all reprimands, write-ups involving Defendant Nicholas James Blocker in connection with the incident made the basis of this lawsuit.

7. Please produce any and all emails, letters, correspondence, investigation reports, statements, memos, notes, other than work product and/or attorney client communication involving the incident in question.

8. Please produce the entire medical records for the eye procedures, examination, prescription, treatment and entire medical file for the eye care/eye exams/procedures of eyes /glasses/contacts/disease/prescription for Defendant Nicholas James Blocker.

9. Please produce any communications, memos, change of status involving Defendant Nicholas James Blocker, including but not limited to his:
   a) disqualification as a driver;
   b) notice of resignation.

10. Please produce any documents and/or tangible things that show depict Defendant Nicholas James Blocker's disqualification as a driver after the incident in question.

11. Please produce any documents and/or tangible things that show depict all the assessments/evaluations of Defendant Nicholas James Blocker before the incident in question.

26

12. Please produce any documents and/or tangible things that show depict all the assessments/evaluations of Defendant Nicholas James Blocker after the incident in question.

13. Describe this Defendant. Please include information address of Defendant and net worth of Defendant.

14. Describe with particularity the relationships and agreements between the named Defendant and any other person, firm or entity with regard to the ownership, maintenance, inspection and repair of the vehicle made the subject of this suit.

15. Provide any and all documentation including videos, manuals, notebooks, pamphlets and posters, provided to or shown to Defendant Nicholas James Blocker at the time of hiring or during the course of his employment or other relationship with you relating to driver training, safety or driving while intoxicated.

16. Provide copies of any and all Employee Training Manuals or Employee Policy Manuals and all documents including internal company memoranda and e-mails evidencing the policies that apply to all individuals operating vehicles owned by your company, including but not limited to information on driving while intoxicated and overall drive safety.

17. Provide copies of any and all policies and procedures relating to any actions taken or to be taken by you when one of your vehicles is involved in an accident, including your policies or procedures for investigating such accidents.

18. Provide all documentation including videos, manuals, notebooks, pamphlets, posters and "company" or internal memoranda and e-mails given to or shown to your employees, contractors and/or drivers regarding driver safety, including but not limited to driving while intoxicated.

19. If your employees, contractors and/or drivers have received any training via courses or classes regarding safe driving practices, including but not limited to driving while intoxicated, provide all documentation showing attendance in such courses or classes by Defendant Blocker and all class or course material including videos, manuals, notebooks, pamphlets and posters received during such training.

19. Produce all working papers, notes, calculations, diagrams, photographs, models, exhibits, and other documents, including reports and factual observations, prepared or reviewed by any expert who will testify at trial.

20. Produce all photographs, videotapes, depictions, and drawings that depict or pertain in any way to the subject matter of this suit.

21. Produce all statements made by any person or their representatives relating the subject matter of this suit.

22. Produce all documents that contain impeachment or rebuttal evidence.

23. Produce all investigations, reports, or other documentation, other than privileged communications, regarding your investigation of the accident made the basis of this lawsuit.

27

# EXHIBIT G

Law Enforcement and TxDOT Use ONLY

☐ FATAL ☐ CMV ☐ SCHOOL BUS ☐ RAILR☐ ☐ MAB ☐ SUPPLEMENT ☐ ACTIVE SCHOOL ZONE

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2010)**

Mail to: Texas Department of Transportation, Crash Records, P.O. Box 149349, Austin, TX 78714. Questions? Call (512) 486-5780
Refer to Attached Code Sheet for Numbered Fields
** These fields are required on all additional sheets submitted for this crash (ex: additional vehicles, occupants, injured etc.).

Page 1 of 4

* Crash Date (MM/DD/YYYY) 12 13 2013  * Crash Time (24HRMM) 1725  Case ID 13-347227  Local Use

* County Name EL PASO   * City Name EL PASO   ☐ Outside City Limit

In your opinion, did the crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No   Latitude (decimal degrees)   Longitude (decimal degrees)

**ROAD ON WHICH CRASH OCCURED**

* 1 Rdwy. Sys. SH   * Hwy. Num. 10   2 Rdwy. Part 1   Block Num.   3 Street Prefix E   * Street Name MM30 I-10 EAST   4 Street Suffix HWY

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot   ☐ Toll Road/Toll Lane   Speed Limit 60   Const. ☐ Yes Zone ☒ No   Workers ☐ Yes Present ☒ No   Street Desc ONE WAY, THREE LANE

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

At Int ☐ Yes ☐ No   1 Rdwy. Sys. LR   Hwy. Num.   2 Rdwy. Part 1   Block Num. 1200   3 Street Prefix   Street Name LOMALAND   4 Street Suffix DR

Distance from Int. or Ref. Marker 0.50   ☐ FT ☒ MI   3 Dir. from Int. or Ref. Marker W   Reference Marker   Street Desc. TWO WAY, FIVE LANE,   RRX Num.

Unit Num. 1   5 Unit Desc. 1   ☐ Parked Vehicle   ☐ Hit and Run   LP State WY   LP Num. A1976   VIN 1GCHK23667F55838  
Veh. Year 2007   6 Veh. Color WHI   Veh. Make CHEVROLET   Veh. Model C/K 2500   7 Body Style TR   ☐ Pol., Fire, EMS on Emergency (Explain in) Narrative if checked)  
8 DL/ID Type 1   DL/ID State WY   DL/ID Num. 105885195   9 DL Class 98   10 CDL End.   11 DL Rest. 98   DOB (MM/DD/YYYY) 04/23/1979  
Address (Street, City, State, ZIP) 720 W. MAIN, SARATOGA, WY 82531

| Person Num | 12 Pers. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver Or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | BLOCKER, NICHOLAS JAMES | N | 34 | W | 1 | 1 | 2 | 97 | 1 | 1 | 0.140 | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each unit.

☒ Owner ☐ Lessee   Owner/Lessee name & Address BLOCKER, NICHOLAS JAMES 720 W. MAIN, SARATOGA, WY 82531

Proof of Fin. Resp ☒ Yes ☐ No   ☐ Expired ☐ Exempt   26 Fin. Resp. Type 2   Fin. Resp. Name ALLIED PROPERTY & CASUALTY   Fin. Resp. Num. ACP-BAPC 7553360434

Fin. Resp. Phone Num. 866-322-3114   27 Vehicle Damage Rating 1 12 F D 5   27 Vehicle Damage Rating 2   Vehicle Inventoried ☐ Yes

Towed By SUN CITY TOWING   Towed To MUNICIPAL VEHICLE STORAGE FACILITY

Unit Num.   5 Unit Desc. 1   ☐ Parked Vehicle   ☐ Hit and Run   LP State TX   LP Num. BWV1536   VIN 1FTEX1EV6AFA14656  
Veh. Year 2010   6 Veh. Color RED   Veh. Make FORD   Veh. Model F-150   7 Body Style PK   ☐ Pol., Fire, EMS on Emergency (Explain in) Narrative if checked)  
8 DL/ID Type 1   DL/ID State TX   DL/ID Num. 00592155   9 DL Class C   10 CDL End.   11 DL Rest. 98   DOB (MM/DD/YYYY) 04/23/1962  
Address (Street, City, State, ZIP) 9133 SWEET ACACIA, EL PASO, TX 79907

| Person Num | 12 Pers. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver Or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Height | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | ROSAS, MARIA LUZ | C | 51 | H | 2 | 1 | 1 | 1 | 97 | N | 06 | | 96 | 97 | 97 |
| 2 | 2 | 3 | ROSAS, IRVIN | C | 22 | H | 1 | 1 | 1 | 1 | 97 | N | 06 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each unit.

☒ Owner ☐ Lessee   Owner/Lessee name & Address ROSAS, MARIA LUZ 9133 SWEET ACACIA, EL PASO, TX 79907

Proof of Fin. Resp ☒ Yes ☐ No   ☐ Expired ☐ Exempt   26 Fin. Resp. Type 2   Fin. Resp. Name FARMERS   Fin. Resp. Num. 4416503

Fin. Resp. Phone Num. 915-771-6151   27 Vehicle Damage Rating 1 6 B D 5   27 Vehicle Damage

Towed By SUN CITY TOWING   Towed To TOWED TO OWNER/DRIVER'S REQUEST

Law Enforcement and TxDOT Use ONLY.
Form CR3 010 1/2010

| Case ID | .7227 | TxDOT Crash ID | | Page 2 of 4 |

**DISPOSITION OF INJURED/KILLED**

| Unit Num. | Pran. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR/AM) |
|---|---|---|---|---|---|
| 2 | 1 | SIERRA PROVIDENCE EAST | FIRE MEDICAL SERVICE | / / | |
| 2 | 2 | SIERRA PROVIDENCE EAST | FIRE MEDICAL SERVICE | / / | |
| 3 | 1 | SIERRA PROVIDENCE EAST | FIRE MEDICAL SERVICE | / / | |

**CHARGES**

| Unit Num. | Pran. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| 1 | 1 | DRIVING WHILE INTOXICATED BAC >= 0.15 | DIMS 0306 |

**DAMAGE**

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|

**Investigator's Narrative Opinion of What Happened**

I-10 East MM-29 is a three lane, one way roadway running east. Unit # 1 was traveling on the inside lane when it struck Unit #2 from behind who was stopped for traffic. Unit #2 then struck # 3 from Unit # 1's impact. Driver from Unit #2 claimed injuries to her head, neck and back and the passenger claimed injury to his head. Driver from Unit # 3 also claimed injuries to his head, neck and back. All injured parties were taken to Sierra Medical East to receive further medical treatment. There were no witnesses located at the scene. An incident report was also created utilizing the same case number (13-347227).

I-10 MM-30

EL PASO POLICE DEPARTMENT

Law Enforcement and TxDOT Use ONLY

☐ FATAL ☐•CMV ☐ SCHOOL BUS ☐ RAILR... ☐ MAB ☐ SUPPLEMENT ☐ ACTIVE SCHOOL ZONE

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2010)**

Mail to: Texas Department of Transportation, Crash Records, P.O. Box 149348, Austin, TX 78714. Questions? Call (512) 486-5780
Refer to Attached Code Sheet for Numbered Fields
≈ These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured etc.).

Page S of 4

| ∗ Crash Date (MM/DD/YYYY) | 1 2 / 3 0 / 2 0 1 3 | ∗ Crash Time (24HRMM) | 1 7 2 5 | Case ID | 13-347227 | Local Use |
|---|---|---|---|---|---|---|

| ∗ County Name | EL PASO | ∗ City Name | EL PASO | | ☐ Outside City Limit |
|---|---|---|---|---|---|

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☐ Yes ☐ No

Latitude (decimal degrees) / Longitude (decimal degrees)

**ROAD ON WHICH CRASH OCCURED**

| ∗ 1 Rdwy. Sys. | IH | ∗ Hwy. Num. | 10 | 2 Rdwy. Part | 1 | Block Num. | 3 Street Prefix | E | cStreet Name | MM30 I-10 EAST | 4 Street Suffix | HWY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

Crash Occurred on a Private Drive or Road/Private Property/Parking Lot ☐
Toll Road/Toll Lane ☐
Speed Limit 50
Const. ☐ Yes ☒ No  Workers ☐ Yes Present ☒ No  Street Desc. ONE WAY, THREE LANE

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

At Int. ☐ Yes ☒ No | 1 Rdwy. Sys. | LR | Hwy. Num. | | 2 Rdwy. Part | 1 | Block Num. | 1300 | 3 Street Prefix | Street Name LOMALAND | 4 Street Suffix DR

Distance from Int. or Ref. Marker 0.50 ☐ FT ☐ MI | 3 Dir. from Int. or Ref. Marker W | Reference Marker | Street Desc. TWO WAY, FIVE LANE, | RRX Num.

| Unit Num. | 3 | 5 Unit Desc. | 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State | TX | LP Num. | BZWCND | VIN | 1 F T P W 1 4 V 9 F K C 1 9 0 5 6 |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Veh. Year | 3 0 0 7 | 6 Veh. Color | BLU | Veh. Make | FORD | Veh. Model | F-150 | 7 Body Style | PK | ☐ Pol., Fire, EMS on Emergency (Exp. in in) Narrative if checked) |
|---|---|---|---|---|---|---|---|---|---|

| 8 DL/ID Type | 1 | DL/ID State | TX | DL/ID Num. | 05540513 | 9 DL Class | C | 10 CDL End. | 95 | 11 DL Rest. | 96 | DOB (MM/DD/YYYY) | 0 2 1 9 6 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP) 2129 SHREVA, EL PASO, TX 79936

| Person Num. | 12 Pers. Type | 8 Seat Position | Name: Last, First, Middle Enter Driver Or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Rest. | 19 Airbag | 21 Tel. | 22 Ho. Alco. Spec. | 23 Alco. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 2 | PAZ, FRANCISCO | 5 | 53 | H | 1 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each unit

☒ Owner ☐ Lessee  Owner/Lessee name & Address PAZ, FRANCISCO 2129 SHREVA, EL PASO, TX 79936

Proof of Fin. Resp. ☒ Yes ☐ No ☐ Expired ☐ Exempt | 26 Fin. Resp. Type 2 | Fin. Resp. Name GEICO | Fin. Resp. Num. 8279753328

Fin. Resp. Phone Num. 915-888-7637 | 27 Vehicle Damage Rating 1 5 - 6 D 1 | 27 Vehicle Damage Rating 2 | Vehicle Inventoried ☐ Yes ☒ No

Towed By / Towed To

| Unit Num. | 5 Unit Desc. | ☐ Parked Vehicle | ☐ Hit and Run | LP State | LP Num. | VIN |
|---|---|---|---|---|---|---|

| Veh. Year | 6 Veh. Color | Veh. Make | Veh. Model | 7 Body Style | ☐ Pol., Fire, EMS on Emergency (Explain in) Narrative if checked) |
|---|---|---|---|---|---|

| 8 DL/ID Type | DL/ID State | DL/ID Num. | 9 DL Class | 10 CDL End. | 11 DL Rest. | DOB (MM/DD/YYYY) |
|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP)

| Person Num. | 12 Pers. Type | 8 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on 2nd line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Rest. | 19 Airbag | 21 Tel. | 22 Ho. Alco. Result | 23 Alco. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each unit

☐ Owner ☐ Lessee  Owner/Lessee name & Address

Proof of Fin. Resp. ☐ Yes ☐ No ☐ Expired ☐ Exempt | 26 Fin. Resp. Type | Fin. Resp. Name

Fin. Resp. Phone Num. | 27 Vehicle Damage Rating 1 | 27 Vehicle Damage Rating 2 | Vehicle Inventoried ☐ Yes ☐ No

Towed By / Towed To

Law Enforcement and TxDOT Use ONLY.
Form CR-3 01/01/2010

| Case ID | .7227 | | TxDOT Crash ID | | Page 4 of 4 |

**DISPOSITION OF INJURED/KILLED**

| Unit Num. | Prsn. Num. | Taken To | | Taken By | | Date of Death (MM/DD/YYYY) | Time of Death (24HR/10) |
|---|---|---|---|---|---|---|---|

**CHARGES**

| Unit Num. | Prsn. Num. | | Charge | C.A.D.R.S. Num. |
|---|---|---|---|---|

**DAMAGE**

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|

**CMV**

| Unit Num. | ☐ 10,001+ LBS. | ☐ TRANSPORTING HAZARDOUS MATERIAL | ☐ 9+ CAPACITY | 28 Veh. Oper. | 29 Carrier ID Type | Carrier ID Num. |
|---|---|---|---|---|---|---|

| Carrier's Corp. Name | | Carrier's Primary Addr. | | | |

| 30 Rdwy. Access | 31 Veh. Type | ☐ RGVW ☐ GVWR | HazMat Released ☐ Yes ☐ No | 32 HazMat Class Num. | 32 HazMat ID Num. | 32 HazMat Class Num. | 32 HazMat ID Num. |

| 33 Cargo Body Style | Trailer 1 | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | Trailer 2 | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type |

| Sequence Of Events | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Ttrs. Num. Axles | Total Num. Tires |

**FACTORS & CONDITIONS**

| | 36 Contributing Factors (Investigator's Opinion) | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit Num. | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 3 | | | | | 1 | 3 | 97 | | | 1 | 17 |

**NARRATIVE AND DIAGRAM**

| Investigator's Narrative Opinion of What Happened (Attach Additional Sheets if Necessary) | Indicate North | Field Diagram - Not to Scale |
|---|---|---|



I-10 MM-30

Unit 2    Unit 3

**INVESTIGATOR**

| Time Notified (24HR/10) | 1 7 3 0 | How Notified | DISPATCHED | Time Arrived (24HR/10) | 1 7 3 5 | Report Date | |
|---|---|---|---|---|---|---|---|
| Invest. Comp. | ☑ Yes ☐ No | Investigator Name (Printed) | NEWKIRK, WILLARD | | | | |
| ORI Num. | 1 5 0 7 1 0 2 0 5 | Agency | EL PASO POLICE DEPARTMENT | | | Area | 1 0 5 1 |

# Texas Peace Officer's Crash Report – Code Sheet

Numbered Fields on the CR-3 Refer to the Numbered Lists on this Code Sheet. Each list includes the codes that may be entered on the form and the description of each code.

## 1. Roadway System
- IH = Interstate
- US = US Highway
- SH = State Highway
- FM = Farm to Market
- RR = Ranch Road
- RM = Ranch to Market
- BI = Business Interstate
- BU = Business US
- BS = Business State
- BF = Business FM
- SL = State Loop
- TL = Toll Road
- AL = Alternate
- SP = Spur
- CR = County Road
- PR = Park Road
- PV = Private Road
- RC = Recreational Road
- LR = Local Road/Street (Street, Road, Ave., Blvd., Pl., Trl., Beach, Alley, Boat Ramp, etc.)

## 2. Roadway Part
- 1 = Main/Proper Lane
- 2 = Service/Frontage Road
- 3 = Entrance/On Ramp
- 4 = Exit/Off Ramp
- 5 = Connector/Flyover
- 98 = Other (Explain in Narrative)

## 3. Street Prefix Direction from Int. or Ref. Marker
- N = North
- NE = Northeast
- E = East
- SE = Southeast
- S = South
- SW = Southwest
- W = West
- NW = Northwest

## 4. Street Suffix
- RD = Road
- ST = Street
- DR = Drive
- AVE = Avenue
- BLVD = Boulevard
- PKWY = Parkway
- LN = Lane
- FWY = Freeway
- HWY = Highway
- WAY = Way
- TRL = Trail
- LOOP = Loop
- EXPY = Expressway
- CT = Court
- CIR = Circle
- PL = Place
- PARK = Park
- CV = Cove

## 5. Unit Description
- 1 = Motor Vehicle
- 2 = Train
- 3 = Pedalcyclist
- 4 = Pedestrian
- 5 = Motorized Conveyance
- 6 = Towed/Trailer
- 7 = Non-Contact
- 98 = Other (Explain in Narrative)

## 6. Vehicle Color
- BGE = Beige
- BLK = Black
- BLU = Blue
- BRZ = Bronze
- BRO = Brown
- CAM = Camouflage
- CPR = Copper
- GLD = Gold
- GRY = Gray
- GRN = Green
- MAR = Maroon
- MUL = Multicolored
- ONG = Orange
- PNK = Pink
- PLE = Purple
- RED = Red
- SIL = Silver
- TAN = Tan
- TEA = Teal (green)
- TRQ = Turquoise (blue)
- WHI = White
- YEL = Yellow
- 98 = Other (Explain in Narrative)
- 99 = Unknown

## 7. Body Style
- P2 = Passenger Car, 2-Door
- P4 = Passenger Car, 4-Door
- PK = Pickup
- AM = Ambulance
- BU = Bus
- SB = Yellow School Bus
- FE = Farm Equipment
- FT = Fire Truck
- MC = Motorcycle
- SV = Sport Utility Vehicle
- PC = Police Car/Truck
- PM = Police Motorcycle
- TL = Trailer, Semi-Trailer, or Pole Trailer
- TR = Truck
- TT = Truck Tractor
- VN = Van
- 98 = Other (Explain in Narrative)
- 99 = Unknown

## 8. Driver License/ID Type
- 1 = Driver License
- 2 = Commercial Driver Lic.
- 3 = Occupational
- 4 = ID Card
- 5 = Unlicensed
- 6 = Other
- 99 = Unknown

## 9. Driver License Class
- A = Class A
- AM = Class A and M
- B = Class B
- BM = Class B and M
- C = Class C
- CM = Class C and M
- M = Class M
- 5 = Unlicensed
- 98 = Other/Out of State
- 99 = Unknown

## 10. Commercial Driver License Endorsements
- H = Hazardous Materials
- N = Tank Vehicles
- P = Passengers
- S = School Bus
- T = Double/Triple Trailer
- X = Tank Vehicle with Hazmat
- 5 = Unlicensed
- 98 = None
- 99 = Other/Out of State
- 99 = Unknown

## 11. Driver License Restrictions
- A = With Corrective Lenses
- B = LOFS Age 21 or Over
- C = Daytime Only
- D = Not to Exceed 45 MPH
- E = No Expressway Driving
- F = Must Hold Valid Learner Lic. to M/M/DD/YY
- G = TRC 545.424 Applies until M/M/DD/YY
- H = Vehicle Not to Exceed 26,000 lbs GVWR
- I = Motorcycle Not to Exceed 250 CC
- J = Licensed Motorcycle Operator Age 21
  or Over in Sight
- K = Moped
- L = Vehicle w/o Air Brakes – Applies to
  Vehicle Requiring CDL
- M = CDL Intrastate Commerce Only
- N = Ignition Interlock Required
- O = No CDL - Class B Exempt. Need DL-No CMV-
  See Court Order
- P = Stated on License
- Q = LOFS 21 or Over Vehicle Above
  Class B
- R = LOFS 21 or Over Vehicle Above
  Class C
- S = Outside Rear View Mirror or
  Hearing Aid
- T = Automatic Transmission
- U = Applicable Prosthetic Devices
- V = Applicable Vehicle Devices
- W = Power Steering
- X = Vehicle Not to Exceed Class C
- Y = Valid TX Vision or Limb Waiver
  Req'd.
- Z = Valid Fed. Vision or Limb Waiver
  Req'd
- 5 = Unlicensed
- 98 = None
- 99 = Other/Out of State

## 12. Person Type
- 1 = Driver
- 2 = Passenger/Occupant
- 3 = Pedalcyclist
- 4 = Pedestrian
- 5 = Driver of Motorcycle Type Vehicle
- 6 = Passenger/Occupant on Motorcycle Type Vehicle
- 98 = Other (Explain in Narrative)
- 99 = Unknown

## 13. Seat Position
- 1 = Front Left
- 2 = Front Center
- 3 = Front Right
- 4 = Second Seat Left
- 5 = Second Seat Center
- 6 = Second Seat Right
- 7 = Third Seat Left
- 8 = Third Seat Center
- 9 = Third Seat Right
- 10 = Cargo Area
- 11 = Outside Vehicle
- 12 = Other in Vehicle
- 13 = Passenger in Bus
- 14 = Pedestrian, Pedalcyclist, or Motorized Conveyance
- 98 = Other (Explain in Narrative)
- 99 = Unknown

## 14. Injury Severity
- A = Incapacitating Injury
- B = Non-Incapacitating Injury
- C = Possible Injury
- K = Killed
- N = Not Injured
- 99 = Unknown

## 15. Ethnicity
- W = White
- B = Black
- H = Hispanic
- A = Asian
- I = Amer. Ind. /Alaskan Native
- 98 = Other
- 99 = Unknown

## 16. Sex
- 1 = Male
- 2 = Female
- 99 = Unknown

## 17. Ejected
- 1 = No
- 2 = Yes
- 3 = Yes, Partial
- 97 = Not Applicable
- 99 = Unknown

## 18. Restraint Used
- 1 = Shoulder and Lap Belt
- 2 = Shoulder Belt Only
- 3 = Lap Belt Only
- 4 = Child Seat, Facing Forward
- 5 = Child Seat, Facing Rear
- 6 = Child Seat, Unknown
- 7 = Child Booster Seat
- 96 = None
- 97 = Not Applicable
- 98 = Other (Explain in Narrative)
- 99 = Unknown

## 19. Airbag
- 1 = Not Deployed
- 2 = Deployed, Front
- 3 = Deployed, Side
- 4 = Deployed, Rear
- 5 = Deployed, Multiple
- 97 = Not Applicable
- 99 = Unknown

## 20. Helmet Use
- 1 = Not Worn
- 2 = Worn, Damaged
- 3 = Worn, Not Damaged
- 4 = Worn, Unk. Damage
- 97 = Not Applicable
- 99 = Unknown If Worn

## 21. Solicitation
- Y = Solicit
- N = No Solicit

## 22. Alcohol Specimen Type
- 1 = Breath
- 2 = Blood
- 3 = Urine
- 4 = Refused
- 96 = None
- 98 = Other (Explain in Narrative)

## 23. Drug Specimen Type
- 2 = Blood
- 3 = Urine
- 4 = Refused
- 96 = None
- 98 = Other (Explain in Narrative)

## 24. Drug Test Result
- 1 = Positive
- 2 = Negative
- 97 = Not Applicable
- 99 = Unknown

## 25. Drug Category
- 1 = CNS Depressants
- 2 = CNS Depressants
- 3 = CNS Stimulants
- 4 = Hallucinogens
- 5 = Narcotic Analgesics
- 6 = Inhalants
- 7 = Cannabis
- 10 = Dissociative Anesthetics
- 11 = Multiple Drugs (Explain in Narrative)
- 97 = Not Applicable
- 98 = Other Drugs (Explain in Narrative)
- 99 = Unknown

## 26. Financial Responsibility Type
- 1 = Liability Insurance Policy
- 2 = Proof of Liability Insurance
- 3 = Insurance Binder
- 4 = Surety Bond
- 5 = Certificate of Deposit with Comptroller
- 6 = Certificate of Deposit with County Judge
- 7 = Certificate of Self-Insurance

## 27. Vehicle Damage Rating
In most cases, enter in the format XX-ABC-Y, where XX is the Direction of Force (1-12), ABC is the Damage Description (2- or 3-letter code), and Y is the Damage Severity (0-7).

In special cases, use:
- VB-1 = vehicle burned, NOT due to collision
- VB-7 = vehicle catches fire due to the collision
- TP-0 = top damage only
- VX-0 = undercarriage damage only
- MC-1 = motorcycle, moped, scooter, etc.
- NA = Not Applicable (Farm Tractor, etc.)



PUBLIC RECORD
ALL CASE ELEMENTS SUBJECT TO PROTECTIVE ORDER
HAVE BEEN REMOVED IN ACCORDANCE WITH THE
TEXAS OPEN RECORDS ACT (ARTICLE 6252-17a V.C.S.)

Texas Peace Officer's Crash Report – Code Sheet
Numbered Fields on the CR-3 Refer to the Numbered Lists on this Code Sheet. Each List includes the codes that may be entered on the form and the description of each code.

| 28. Vehicle Operation | 29. Carrier ID Type | 30. Roadway Access | 31. Vehicle Type | 32. Hazardous Material Class Number |
|---|---|---|---|---|
| 1 = Interstate Commerce<br>2 = Intrastate Commerce<br>3 = Not In Commerce<br>4 = Government<br>5 = Personal | 1 = US DOT<br>2 = TxDOT<br>3 = ICC/MC<br>98 = None<br>99 = Other (Explain in Narrative) | 1 = Full Access Control<br>2 = Partial Access Control<br>3 = No Access Control | 1 = Passenger Car<br>2 = Light Truck<br>3 = Bus (9-15)<br>4 = Bus (>15)<br>5 = Single Unit Truck 2 Axles 6 Tires<br>6 = Single Unit Truck 3 or More Axles<br>7 = Truck Trailer<br>8 = Truck Tractor (Bobtail)<br>9 = Tractor/Semi-Trailer<br>10 = Tractor/Double Trailer<br>11 = Tractor/Triple Trailer<br>98 = Other (Explain in Narrative)<br>99 = Unknown Heavy Truck | 1 = Explosives<br>2 = Gases<br>3 = Flammable Liquids<br>4 = Flammable Solids<br>5 = Oxidizers and Organic Peroxides<br>6 = Toxic Materials and Infectious Substances<br>7 = Radioactive Materials<br>8 = Corrosive Materials<br>9 = Miscellaneous Dangerous Goods |

| 33. Cargo Body Style | | 34. Trailer Type |
|---|---|---|
| 1 = Bus (9-15)<br>2 = Bus (>15)<br>3 = Van/Enclosed Box<br>4 = Cargo Tank<br>5 = Flatbed<br>6 = Dump<br>7 = Concrete Mixer | 8 = Auto Transporter<br>9 = Garbage Refuse<br>10 = Grain Chips Gravel<br>11 = Pole<br>12 = Intermodal<br>13 = Intermodal<br>14 = Logging | 15 = Vehicle Towing Another Vehicle<br>16 = Not Applicable<br>98 = Other (Explain in Narrative) |

| 1 = Full Trailer |
| 2 = Semi-Trailer |
| 3 = Pole Trailer |

### 35. Sequence of Events

| | | |
|---|---|---|
| 1 = Non-Collision: Ran Off Road<br>2 = Non-Collision: Jackknife<br>3 = Non-Collision: Overturn Rollover<br>4 = Non-Collision: Downhill Runaway<br>5 = Non-Collision: Cargo Loss Or Shift<br>6 = Non-Collision: Explosion Or Fire<br>7 = Non-Collision: Separation of Units<br>8 = Non-Collision: Cross Median/Centerline | 9 = Non-Collision: Equipment Failure<br>10 = Non-Collision: Other<br>11 = Non-Collision: Unknown<br>12 = Collision Involving Pedestrian<br>13 = Collision Involving Motor Vehicle in Transport<br>14 = Collision Involving Parked Motor Vehicle<br>15 = Collision Involving Train<br>16 = Collision Involving Pedalcycle | 17 = Collision Involving Animal<br>18 = Collision Involving Fixed Object<br>19 = Collision With Work Zone Maintenance Equipment<br>20 = Collision With Other Moveable Object<br>21 = Collision With Unknown Moveable Object<br>98 = Other (Explain in Narrative) |

### 36. Factors and Conditions

| | | |
|---|---|---|
| 1 = Animal on Road - Domestic<br>2 = Animal on Road - Wild<br>3 = Backed without Safety<br>4 = Changed Lane when Unsafe<br>5 = Disabled in Traffic Lane<br>6 = Disregard Stop and Go Signal<br>7 = Disregard Stop Sign or Light<br>8 = Disregard Turn Marks at Intersection<br>9 = Disregard Warning Sign at Construction<br>10 = Distraction in Vehicle<br>11 = Driver Inattention<br>12 = Drove Without Headlights<br>13 = Failed to Control Speed<br>14 = Failed to Drive in Single Lane<br>15 = Failed to Give Half of Roadway<br>16 = Failed to Heed Warning Sign<br>17 = Failed to Pass to Left Safely<br>18 = Failed to Pass to Right Safely<br>19 = Failed to Signal or Gave Wrong Signal<br>20 = Failed to Stop at Proper Place<br>21 = Failed to Stop for School Bus<br>22 = Failed to Stop for Train<br>23 = Failed to Yield ROW - Emergency Vehicle | 33 = Failed to Yield ROW - Open Intersection<br>34 = Failed to Yield ROW - Private Drive<br>35 = Failed to Yield ROW - Stop Sign<br>36 = Failed to Yield ROW - To Pedestrian<br>37 = Failed to Yield ROW - Turning Left<br>38 = Failed to Yield ROW - Turn on Red<br>39 = Failed to Yield ROW - Yield Sign<br>40 = Fatigued or Asleep<br>41 = Faulty Evasive Action<br>42 = Fire in Vehicle<br>43 = Fleeing or Evading Police<br>44 = Followed Too Closely<br>45 = Had Been Drinking<br>46 = Handicapped Driver (Explain in Narrative)<br>47 = Ill (Explain in Narrative)<br>48 = Impaired Visibility (Explain in Narrative)<br>49 = Improper Start from Parked Position<br>50 = Load Not Secured<br>51 = Opened Door into Traffic Lane<br>52 = Overtook Vehicle or Load<br>53 = Overtake and Pass Insufficient Clearance<br>54 = Parked and Failed to Set Brakes<br>55 = Parked in Traffic Lane | 56 = Parked without Lights<br>57 = Passed in No Passing Lane<br>58 = Passed on Right Shoulder<br>59 = Pedestrian FTYROW to Vehicle<br>60 = Unsafe Speed<br>61 = Speeding - (Over Limit)<br>62 = Taking Medication (Explain in Narrative)<br>63 = Turned Improperly - Cut Corner on Left<br>64 = Turned Improperly - Wide Right<br>65 = Turned Improperly - Wrong Lane<br>66 = Turned when Unsafe<br>67 = Under Influence - Alcohol<br>68 = Under Influence - Drug<br>69 = Wrong Side - Approach or Intersection<br>70 = Wrong Side - Not Passing<br>71 = Wrong Way - One Way Road<br>72 = Cell/Mobile Phone Use<br>73 = Road Rage<br>98 = Other (Explain in Narrative) |

| 37. Vehicle Defects | 38. Weather Condition | 39. Light Condition | 40. Entering Roads |
|---|---|---|---|
| 1 = Defective or No Headlamps<br>2 = Defective or No Stop Lamps<br>3 = Defective or No Tail Lamps<br>4 = Defective or No Turn Signal Lamps<br>5 = Defective or No Vehicle Brakes<br>6 = Defective Steering Mechanism<br>7 = Defective or Slick Tires<br>8 = Defective Trailer Hitch<br>98 = Other (Explain in Narrative) | 1 = Clear<br>2 = Cloudy<br>3 = Rain<br>4 = Sleet/Hail<br>5 = Snow<br>6 = Fog<br>7 = Blowing Sand/Snow<br>8 = Severe Crosswinds<br>98 = Other (Explain in Narrative) | 1 = Daylight<br>2 = Dark, Not Lighted<br>3 = Dark, Lighted<br>4 = Dark, Unknown Lighting<br>5 = Dawn<br>6 = Dusk<br>98 = Other (Explain in Narrative)<br>99 = Unknown | 1 = One Entering Road<br>2 = Three Entering Roads - T<br>3 = Three Entering Roads - Y<br>4 = Four Entering Roads<br>5 = Five Entering Roads<br>6 = Six Entering Roads<br>7 = Traffic Circle<br>8 = Cloverleaf<br>97 = Not Applicable<br>98 = Other (Explain in Narrative) |

| 41. Roadway Type | 42. Roadway Alignment | 43. Surface Condition | 44. Traffic Control |
|---|---|---|---|
| 1 = Two-Way, Not Divided<br>2 = Two-Way, Divided, Unprotected Median<br>3 = Two-Way, Divided, Protected Median<br>4 = One-Way<br>98 = Other (Explain in Narrative) | 1 = Straight, Level<br>2 = Straight, Grade<br>3 = Straight, Hillcrest<br>4 = Curve, Level<br>5 = Curve, Grade<br>6 = Curve, Hillcrest<br>98 = Other (Explain in Narrative)<br>99 = Unknown | 1 = Dry<br>2 = Wet<br>3 = Standing Water<br>4 = Snow<br>5 = Slush<br>6 = Ice<br>7 = Sand, Mud, Dirt<br>98 = Other (Explain in Narrative)<br>99 = Unknown | 1 = Inoperative (Explain in Narrative)<br>2 = Officer<br>3 = Flagman<br>4 = Signal Light<br>5 = Flashing Red Light<br>6 = Flashing Yellow Light<br>7 = Stop Sign<br>8 = Yield Sign<br>9 = Warning Sign | 11 = Center Stripe/Divider<br>12 = No Passing Zone<br>13 = RR Gate/Signal<br>14 = RR Crossing<br>15 = Crosswalk<br>16 = Bike Lane<br>17 = Marked Lanes<br>18 = Signal Light With Red Light Running Camera<br>98 = None<br>99 = Other (Explain in Narrative) |

[illegible stamp text]
ALL THESE DOCUMENTS/ELEMENTS HAVE BEEN REMOVED ...
TEXAS OPEN RECORDS ACT ...
DATE:

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS

171st JUDICIAL DISTRICT

| | | |
|---|---|---|
| MARIA LUZ ROSAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2015- DCV3988 |
| | ) | |
| NICHOLAS JAMES BLOCKER and | ) | |
| ENERGY TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS NICHOLAS JAMES BLOCKER AND ENERGY TRANSPORTATION, INC. NOTICE OF REMOVAL TO FEDERAL COURT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW NICHOLAS JAMES BLOCKER (hereinafter referred to as "Defendant Blocker") AND ENERGY TRANSPORTATION, INC. (hereinafter referred to as "Defendant Energy Transportation"), Defendants in the above-referenced matter, and submit their notice of Removal to Federal Court and show:

I.

Defendants have removed the above-entitled and captioned clause to the United States District Court, Western District of Texas, El Paso Division.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that the Court, and all parties and all attorneys take notice of the above and foregoing removal, and that no further action be taken in this matter, absent remand.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P.O. Box 1977
El Paso, Texas 79999-1977
(915) 532-2000
(915) 541-1597 (fax)

By: _____

**Kurt G. Paxson**
paxson@mgmsg.com
State Bar No. 15648300

Attorneys for Defendants Nicholas James
Blocker and Energy Transportation, Inc.

## CERTIFICATE OF SERVICE

I certify on this the _____8_____ day of January, 2016, the foregoing pleading was electronically filed with the Clerk of the Court using the Texas Electronic Filing Rules, which will send notification of such filing to the following:

Daniela Labinoti
Law Firm of Daniela Labinoti, P.C.
501 N. Kansas, Suite 102
El Paso, TX 79901
daniela@labinotilaw.com

_____
**Kurt G. Paxson**